**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **BRENDON TAYLOR, et al.** | : | Case No. 1:24-cv-00204 |
| Plaintiffs | : | Judge Susan J. Dlott |
| vs. | : | **ANSWER OF DEFENDANTS HAMILTON COUNTY BOARD OF COUNTY COMMISSIONERS AND HAMILTON COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES** |
| **JESSE LEE ANTHONY HOOVEN, et al.** | : | |
| Defendants | : | |
| | : | **Jury Demand Endorsed Herein** |
| | : | |
| | : | |

Now come Defendants, Hamilton County Board of County Commissioners (BOCC) and Hamilton County Department of Job and Family Services (HCJFS), hereinafter "County Defendants," and for their answer to Plaintiffs' Complaint state as follows:

**FIRST DEFENSE**

1. County Defendants deny for lack of knowledge the allegations in Paragraph 1 of the Complaint.

2. County Defendants deny for lack of knowledge the allegations in Paragraph 1 of the Complaint.

3. Defendants deny the allegations in Paragraph 3 of the Complaint.

4. County Defendants deny for lack of knowledge the allegations in Paragraph 1 of the Complaint.

5. Defendants deny the allegations in Paragraph 3 of the Complaint.

1

6. Paragraph 6 does not call for a response.

7. County Defendants deny for lack of knowledge the allegations in Paragraph 7 of the Complaint.

8. County Defendants deny for lack of knowledge the allegations in Paragraph 8 of the Complaint.

9. County Defendants deny for lack of knowledge the allegations in Paragraph 9 of the Complaint.

10. County Defendants deny for lack of knowledge the allegations in Paragraph 10 of the Complaint.

11. County Defendants deny for lack of knowledge the allegations in Paragraph 11 of the Complaint.

12. County Defendants admit the allegations in Paragraph 12 of the Complaint.

13. County Defendants deny the allegations in Paragraph 13 of the Complaint.

14. County Defendants deny for lack of knowledge the allegations in Paragraph 14 of the Complaint.

15. County Defendants deny for lack of knowledge the allegations in Paragraph 15 of the Complaint.

16. Paragraph 6 does not call for a response.

17. County Defendants deny for lack of knowledge the allegations in Paragraph 17 of the Complaint.

18. County Defendants deny for lack of knowledge the allegations in Paragraph 18 of the Complaint.

19. County Defendants deny for lack of knowledge the allegations in Paragraph 19 of the Complaint.

20. County Defendants deny for lack of knowledge the allegations in Paragraph 20 of the Complaint.

21. County Defendants deny for lack of knowledge the allegations in Paragraph 21 of the Complaint.

22. County Defendants deny for lack of knowledge the allegations in Paragraph 22 of the Complaint.

23. County Defendants deny for lack of knowledge the allegations in Paragraph 23 of the Complaint.

24. County Defendants deny for lack of knowledge the allegations in Paragraph 24 of the Complaint.

25. County Defendants deny for lack of knowledge the allegations in Paragraph 25 of the Complaint.

26. County Defendants admit Madison Paul was employed by HCJFS from October 17, 2019 through October 18, 2023 as an Assessment and Intake Caseworker. County Defendants deny for lack of knowledge any remaining allegations in Paragraph 26 of the Complaint.

27. County Defendants deny for lack of knowledge the allegations in Paragraph 27 of the Complaint.

28. County Defendants admit that the Hamilton County Board of County Commissioners is comprised of three independently elected Commissioners and that the Hamilton County Board of County Commissioners is vested with certain powers and authority

pursuant to the Ohio Revised Code. County Defendants deny any remaining allegations in Paragraph 28 of the Complaint to the extent that the allegations offer a characterization of the authority of the Hamilton County Board of County Commissioners that is inconsistent with the Ohio Revised Code.

29. County Defendants admit that HCJFS administers a wide variety of programs and services that are funded using federal, state and local funds, but the County Defendants deny any allegations in Paragraph 29 of the Complaint to the extent those allegations imply the use of funds or the administration of services that are inconsistent with state or federal law.

30. County Defendants admit that HCJFS has approximately 850 employees and is the largest department under control of the BOCC. County Defendants deny any remaining allegations in Paragraph 30 of the Complaint.

31. County Defendants admit that HCJFS is a department of the BOCC. County Defendants deny any remaining allegations in Paragraph 31 of the Complaint.

32. County Defendants deny for lack of knowledge the allegations in Paragraph 32 of the Complaint.

33. County Defendants deny for lack of knowledge the allegations in Paragraph 33 of the Complaint.

34. County Defendants deny for lack of knowledge the allegations in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint does not call for a response.

36. County Defendants deny for lack of knowledge the allegations in Paragraph 36 of the Complaint.

37. County Defendants deny for lack of knowledge the allegations in Paragraph 37 of the Complaint.

38. County Defendants deny for lack of knowledge the allegations in Paragraph 38 of the Complaint.

39. County Defendants deny for lack of knowledge the allegations in Paragraph 39 of the Complaint.

40. County Defendants deny for lack of knowledge the allegations in Paragraph 40 of the Complaint.

41. County Defendants admit that SACWIS means Statewide Automated Child Welfare Information System. The Ohio SACWIS is administered by the Ohio Department of Job and Family Services (ODJFS), in partnership with Ohio's Counties (88) Public Children Services Agencies (PCSAs). County Defendants deny for lack of knowledge any remaining allegations in Paragraph 41 of the Complaint.

42. County Defendant's admit that Ms. Paul, as an employee of HCJFS, had access to SACWIS for use in her employment. County Defendants deny any remaining allegations in Paragraph 42 of the Complaint.

43. County Defendants deny for lack of knowledge the allegations in Paragraph 43 of the Complaint.

44. County Defendants deny for lack of knowledge the allegations in Paragraph 44 of the Complaint.

45. County Defendants deny for lack of knowledge the allegations in Paragraph 45 of the Complaint.

46. County Defendants deny for lack of knowledge the allegations in Paragraph 46 of the Complaint.

47. County Defendants deny for lack of knowledge the allegations in Paragraph 47 of the Complaint.

48. County Defendants deny for lack of knowledge the allegations in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint does not call for a response.

50. County Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Ohio Revised Code § 9.69(B)(1) and § 9.69(B)(2) speak for themselves. County Defendants deny any allegations in Paragraph 51 of the Complaint to the extent that they offer interpretations that are contrary to the explicit text of the Ohio Revised Code. County Defendants deny for lack of knowledge any remaining allegations in Paragraph 51 of the Complaint.

52. County Defendants deny for lack of knowledge the allegations in Paragraph 52 of the Complaint.

53. County Defendants deny for lack of knowledge the allegations in Paragraph 53 of the Complaint.

54. County Defendants deny for lack of knowledge the allegations in Paragraph 54 of the Complaint.

55. County Defendants deny for lack of knowledge the allegations in Paragraph 55 of the Complaint.

56. County Defendants deny for lack of knowledge the allegations in Paragraph 56 of the Complaint.

57. County Defendants deny for lack of knowledge the allegations in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint does not call for a response.

59. County Defendants admit that on April 11, 2023 Mr. Taylor filed a formal complaint with HCJFS reporting that someone accessed all his CPS records as an adult and a child. County Defendants deny any remaining allegations in Paragraph 59 of the Complaint.

60. County Defendants deny for lack of knowledge the allegations in Paragraph 60 of the Complaint.

61. County Defendants deny for lack of knowledge the allegations in Paragraph 61 of the Complaint.

62. County Defendants deny for lack of knowledge the allegations in Paragraph 62 of the Complaint.

63. County Defendants admit that on or about June 6, 2023, HCJFS suspended Ms. Paul for eight hours without pay to be served on June 9, 2023, based on a finding that her actions constituted gross misconduct, neglect of duty, nonfeasance, and failure of good behavior. County Defendants deny any remaining allegations in Paragraph 63 of the Complaint.

64. County Defendants deny for lack of knowledge the allegations in Paragraph 64 of the Complaint.

65. County Defendants deny for lack of knowledge the allegations in Paragraph 65 of the Complaint.

66. County Defendants deny for lack of knowledge the allegations in Paragraph 66 of the Complaint.

67. County Defendants deny for lack of knowledge the allegations in Paragraph 67 of the Complaint.

68. County Defendants deny for lack of knowledge the allegations in Paragraph 68 of the Complaint.

69. County Defendants deny for lack of knowledge the allegations in Paragraph 69 of the Complaint.

70. County Defendants admit that October 18, 2023 was Ms. Paul's final day of employment with HCJFS. County Defendants deny any remaining allegations in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint does not call for a response.

72. County Defendants deny for lack of knowledge the allegations in Paragraph 72 of the Complaint.

73. County Defendants deny for lack of knowledge the allegations in Paragraph 73 of the Complaint.

74. County Defendants deny for lack of knowledge the allegations in Paragraph 74 of the Complaint.

75. County Defendants deny for lack of knowledge the allegations in Paragraph 75 of the Complaint.

76. County Defendants deny for lack of knowledge the allegations in Paragraph 76 of the Complaint.

77. County Defendants deny for lack of knowledge the allegations in Paragraph 77 of the Complaint.

78. County Defendants deny for lack of knowledge the allegations in Paragraph 78 of the Complaint.

79. County Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint does not call for a response.

81. Paragraph 81 of the Complaint contains a legal conclusion and does not call for a response. County Defendants deny any remaining allegations in Paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint contains a legal conclusion and does not call for a response. County Defendants deny any remaining allegations in Paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint contains a legal conclusion and does not call for a response. County Defendants deny any remaining allegations in Paragraph 83 of the Complaint.

84. County Defendants deny for lack of knowledge the allegations in Paragraph 84 of the Complaint.

85. County Defendants deny for lack of knowledge the allegations in Paragraph 85 of the Complaint.

86. County Defendants deny for lack of knowledge the allegations in Paragraph 86 of the Complaint.

87. County Defendants deny for lack of knowledge the allegations in Paragraph 87 of the Complaint.

88. County Defendants deny for lack of knowledge the allegations in Paragraph 88 of the Complaint.

89. County Defendants deny for lack of knowledge the allegations in Paragraph 89 of the Complaint.

90. County Defendants deny for lack of knowledge the allegations in Paragraph 90 of the Complaint.

91. Paragraph 91 of the Complaint does not call for a response.

92. County Defendants deny the allegations in Paragraph 92 of the Complaint.

93. County Defendants deny the allegations in Paragraph 93 of the Complaint.

94. County Defendants deny the allegations in Paragraph 94 of the Complaint.

95. County Defendants deny the allegations in Paragraph 95 of the Complaint.

96. County Defendants deny the allegations in Paragraph 96 of the Complaint.

97. County Defendants deny the allegations in Paragraph 97 of the Complaint.

98. County Defendants deny the allegations in Paragraph 98 of the Complaint.

99. County Defendants deny the allegations in Paragraph 99 of the Complaint.

100. County Defendants deny the allegations in Paragraph 100 of the Complaint.

101. County Defendants deny the allegations in Paragraph 101 of the Complaint.

102. County Defendants deny the allegations in Paragraph 102 of the Complaint.

103. Paragraph 103 of the Complaint does not call for a response.

104. County Defendants deny for lack of knowledge the allegations in Paragraph 104 of the Complaint.

105. County Defendants deny for lack of knowledge the allegations in Paragraph 105 of the Complaint.

106. Paragraph 103 of the Complaint does not call for a response.

107. County Defendants deny the allegations in Paragraph 107 of the Complaint.

108. County Defendants deny the allegations in Paragraph 108 of the Complaint.

109. County Defendants admit that after an investigation, HCJFS found Ms. Paul's actions to constitute gross misconduct, neglect of duty, nonfeasance, and failure of good behavior. As a result of this finding, HCJFS suspended Ms. Paul in compliance with the collective bargaining agreement. County Defendants deny the remaining allegations of Paragraph 109 of the Complaint.

110. County Defendants deny the allegations in Paragraph 110 of the Complaint.

111. County Defendants deny the allegations in Paragraph 111 of the Complaint.

112. County Defendants deny the allegations in Paragraph 112 of the Complaint.

113. County Defendants deny the allegations in Paragraph 113 of the Complaint.

114. Paragraph 114 of the Complaint does not call for a response.

115. County Defendants deny for lack of knowledge the allegations in Paragraph 115 of the Complaint.

116. County Defendants deny for lack of knowledge the allegations in Paragraph 116 of the Complaint.

117. County Defendants deny for lack of knowledge the allegations in Paragraph 117 of the Complaint.

118. Paragraph 118 of the Complaint does not call for a response.

119. County Defendants deny for lack of knowledge the allegations in Paragraph 119 of the Complaint.

120. County Defendants deny for lack of knowledge the allegations in Paragraph 120 of the Complaint.

121. County Defendants deny for lack of knowledge the allegations in Paragraph 121 of the Complaint.

122. Paragraph 122 of the Complaint does not call for a response.

123. County Defendants deny for lack of knowledge the allegations in Paragraph 123 of the Complaint.

124. County Defendants deny for lack of knowledge the allegations in Paragraph 124 of the Complaint.

125. County Defendants deny for lack of knowledge the allegations in Paragraph 125 of the Complaint.

126. Paragraph 126 of the Complaint does not call for a response.

127. County Defendants deny for lack of knowledge the allegations in Paragraph 127 of the Complaint.

128. County Defendants deny for lack of knowledge the allegations in Paragraph 128 of the Complaint.

129. County Defendants deny for lack of knowledge the allegations in Paragraph 129 of the Complaint.

130. County Defendants deny for lack of knowledge the allegations in Paragraph 130 of the Complaint.

131. County Defendants deny for lack of knowledge the allegations in Paragraph 131 of the Complaint.

## SECOND DEFENSE

132. County Defendants are not responsible for the tortious conduct of unrelated third persons.

## THIRD DEFENSE

133. County Defendants are not responsible for the illegal conduct of any county employees, or any conduct of county employees that is outside the scope of their employment.

**FOURTH DEFENSE**

134. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**FIFTH DEFENSE**

135. This Court has no jurisdiction over the subject matter of the Plaintiffs' claims.

**SIXTH DEFENSE**

136. County Defendants state that all of the County Defendants' activities were proper, valid, legal and conducted in good faith.

**SEVENTH DEFENSE**

137. County Defendants hereby assert all of the affirmative defenses contained in Federal Civil Rule 12(B) including but not limited to the following:

(1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19 and Rule 19(A).

**EIGHTH DEFENSE**

138. County Defendants have not adopted or followed any governmental custom, practice, usage or official policy that would give rise to any of the allegations of wrongdoing or liabilities set forth in Plaintiffs' Complaint.

**NINTH DEFENSE**

139. Plaintiffs' Complaint is barred by the doctrines of collateral estoppel, res judicata, accord and satisfaction, waiver, laches, failure to exhaust administrative remedies and by all applicable statutes of limitations.

**TENTH DEFENSE**

140. County Defendants hereby provide notice they intend to assert and rely upon all defenses, avoidances, immunities, counter-claims, cross-claims, and third-party claims that become apparent during the course of discovery and trial and hereby reserve the right to amend this Answer to assert such defenses.

## ELEVENTH DEFENSE

141. Plaintiffs' damages, if any, were the result of independent, superseding acts committed by individuals for which County Defendants were not responsible.

## TWELFTH DEFENSE

142. Plaintiffs' damages, if any, resulted entirely from the negligent, reckless, intentional, or wrongful conduct of a third party.

## THIRTEENTH DEFENSE

143. County Defendants have no liability for the actions of their employees or agents under 42 USC §1983.

## FOURTEENTH DEFENSE

144. County Defendants are entitled to qualified immunity as to all claims against them under 42 USC § 1983.

## FIFTEENTH DEFENSE

145. County Defendants' conduct does not violate any clearly established law.

## SIXTEENTH DEFENSE

146. Plaintiffs' damages, if any, were caused by parties who were not acting under the color of state law.

## SEVENTEENTH DEFENSE

147. Plaintiffs' damages, if any, were the result of independent, superseding acts committed by individuals who were acting outside the scope of their employment, for which County Defendants were not responsible.

**EIGHTEENTH DEFENSE**

148. Plaintiffs' damages, if any, were the result of acts committed by individuals who were acting outside the scope of their employment, and were reckless, for which County Defendants were not responsible.

**NINETEENTH DEFENSE**

149. County Defendants are not liable under the theory of *respondeat superior* for monetary damages.

**TWENTIETH DEFENSE**

150. Plaintiffs have named parties that are not sui juris.

**TWENTY-FIRST DEFENSE**

151. Punitive damages may not be imposed on Defendants under state or federal law.

**TWENTY-SECOND DEFENSE**

152. The Eleventh Amendment bars Plaintiffs' claims as Defendants are entitled to sovereign immunity.

**TWENTY-THIRD DEFENSE**

153. County Defendants' actions and omissions which may have affected Plaintiff were undertaken in good faith.

**TWENTY-FOURTH DEFENSE**

154. The County Defendants' conduct does not rise to the level of a constitutional violation.

**TWENTY-FIFTH DEFENSE**

155. Plaintiffs' claims are barred by state common law and statutory law including doctrines of absolute and qualified immunity and County Defendants hereby asserts all applicable credits, set-offs, defenses and immunities available.

### TWENTY-SIXTH DEFENSE

156. Plaintiffs' Complaint fails to state a cognizable cause of action pursuant to 42 U.S.C. § 1983.

### TWENTY-SEVENTH DEFENSE

157. At all times mentioned, County Defendants acted in accordance with the laws and Constitutions of the United States and the State of Ohio, relative thereto.

### TWENTY-EIGHTH DEFENSE

158. Decisions by County Defendants were not arbitrary and capricious, and this Court is urged not to substitute its judgment for that of the County Defendants.

### TWENTY-NINTH DEFENSE

159. To the extent that any claim or cause of action may be inferred or implied from any portion of the County Defendants not answered heretofore, any and all such allegations are denied.

**WHEREFORE**, County Defendants respectfully request that the Court dismiss the Plaintiffs' Complaint and order that County Defendants should recover their court costs and attorney fees and such other relief to which it may be entitled.

### JURY DEMAND

Defendants hereby demand a trial by jury.

Respectfully submitted,

**MELISSA A. POWERS**

**PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO**

*/s/ Michael J. Friedmann*
Michael J. Friedmann (0090999)
Kathleen C. Fischer (0087937)
Assistant Prosecuting Attorneys
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
(513) 946-3197 Friedmann
(513) 946-3108 Fischer
Michael.friedmann@hcpros.org
Kathleen.fischer@hcpros.org
(513) 946-3018 fax

*Trial Attorneys for County Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed electronically on the 13th day of May, 2024 via the CM/ECF electronic filing system which constitutes service.

*/s/ Michael J. Friedmann*
Michael J. Friedmann, 0090999
Assistant Prosecuting Attorney