# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **Brendon Taylor, et al.,** | : | Case No. 1:24cv204 |
| Plaintiffs, | : | Judge Susan J. Dlott |
| v. | : | **DEFENDANT CITY OF CINCINNATI'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** |
| **Jesse Lee Anthony Hooven, et al.,** | : | |
| Defendants. | : | |

Defendant City of Cincinnati ("City") tenders this Reply Memorandum in further support of the motion to dismiss it filed on May 17, 2024. (Doc. 21). All claims against the City should be dismissed as a matter of law.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

*/s Shuva J. Paul*
Shuva J. Paul (0088484)
Katherine C. Baron (0092447)
Assistant City Solicitors
801 Plum Street, Suite 214
Cincinnati, Ohio 45202
(513) 352-4551
shuva.paul@cincinnati-oh.gov
katherine.baron@cincinnati-oh.gov
*Trial Attorneys for Defendant City of Cincinnati*

**REPLY MEMORANDUM**

Plaintiffs Brendon Taylor and Holly Hooven filed a memorandum in opposition (Doc. 25) to the City's motion to dismiss (Doc. 21). Rather than argue against the merits of the City's motion, Plaintiffs invite the Court to engage in a hollow pretense to spare Plaintiffs from having to fight dismissal of their claims against the City at this juncture. Plaintiffs did not have to be as detailed as they were in their drafting of their complaint, but they chose to be exceedingly detailed in describing key occurrences. They perhaps regret their approach because it has revealed their claims against the City to be meritless *at the pleadings stage*. The pretense that Plaintiffs invite the Court to engage in would have the Court view the allegations in Plaintiffs' complaint—allegations that the City has accepted as true for purposes of deciding this motion to dismiss—as a material factual dispute between the parties. Were the Court to engage in such a pretense, it would be compelled to deny the City's otherwise meritorious motion to dismiss and order the City to expend time and resources on needless discovery. That is not how Rule 12(b)(6) operates, and the Court should reject the Plaintiffs' invitation to ignore accepted procedure.

**There Is No Factual Dispute Here**

To be clear, in their memorandum in opposition, Plaintiffs speak of "genuinely disputed material facts" without ever actually stating what, factually, the City is disputing. (Doc. 25, PageID 153). The City disputes no facts here. It is clear from the City's motion that the City is referring directly to Plaintiffs' complaint for its factual summary and adopting Plaintiffs' allegations as true—as it should on a motion to dismiss. The City then points out how Plaintiffs' allegations on their face are fatal to their claims against the City. Plaintiffs' attempt to turn a matter-of-law analysis into a genuine factual dispute is disingenuous and baseless.

**The Nature of Plaintiffs' Allegations Compel Dismissal of Their Claims Against the City**

Plaintiffs elsewhere falsely state that the City argues that Plaintiffs' complaint "lacks sufficient factual detail to withstand a motion to dismiss." (Doc. 25, PageID 153). While Plaintiffs do engage in conclusory allegations, the City's argument is much more than that. The City clearly states in its motion that Plaintiffs "do the exact opposite of what they needed to do: they plead facts showing that Officer Hooven acted purely in service of his own private pursuits with no City interest at stake." (Doc. 21, PageID 139). The City goes on to point out throughout its motion how Plaintiffs freely aver facts fatal to their claims, e.g., facts alleging Officer Hooven stated to others that he was *not* working in furtherance of any City interest or law enforcement objective. Plaintiffs have no answer to this except to try to call this a genuine factual dispute—which of course it is not. The color-of-law analysis is a legal question, not a factual one. *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002).

Plaintiffs complain that the City relies on cases that featured discovery among the parties and summary judgment rulings, and thus seek to have the Court convert the motion to dismiss to one for summary judgment. That is not the legal standard for conversion, and the Court need look no further than the actual words contained in the City's motion to dismiss to determine that the City has accepted Plaintiffs' allegations as true. The Court need not even consider Plaintiffs' attachments to their complaint in order to grant the City's motion to dismiss, as everything the City points to as being fatal to Plaintiffs' claims against the City is contained in the body of Plaintiffs' complaint. Plaintiffs were exceedingly detailed in their allegations and because they were so specific in alleging how Officer Hooven acted in his own personal interest without furthering any City purpose, their allegations compel dismissal of their municipal liability claims pursuant to Rule 12(b)(6) for the reasons set forth in the City's initial memorandum.

### **Plaintiffs Fail to Distinguish Any of the Cases the City Cited**

Tellingly, Plaintiffs do not question the legal conclusions of any of the cases cited by the City. Take the *Morris* case, for instance, in which the City points out how the Sixth Circuit Court of Appeals agreed with the lower court that the Detroit police officer in that case was *not* acting under color of law, as plaintiffs are required to show in order to prevail on federal civil rights claims. (Doc. 21, PageID 141-42). In *Morris*, the officer went to the plaintiff's home with her police badge and department-issued firearm to try to collect a personal debt, and the Court concluded that there was no requisite showing of state-granted authority to act under color of law. (Id.) The City properly relies on that case because attempting to obtain unfavorable facts about an ex-wife's fiancé to gain an advantage in one's child custody dispute (which Plaintiffs allege Officer Hooven to have done) is akin to trying to collect on a personal debt (which the officer in *Morris* was found to have done)—in the sense that both acts fall within the ambit of one's private pursuits and thus outside of 42 U.S.C. § 1983.

Plaintiffs make no attempt to distinguish the officer's personal conduct in *Morris* from the personal conduct they allege on Officer Hooven's part in this case. Plaintiffs also make no attempt to distinguish the analysis the Court arrived at in *Morris* in concluding that the Detroit officer there did not act under color of law. Plaintiffs take a similarly deferential approach to all the cases cited by the City and instead simply ask the Court to open the doors of discovery to them without providing the Court with a legally permissible basis for doing so. Their invitation, if accepted, would only forestall the inevitable dismissal of claims against the City, unduly consume resources of the Court and the City, and makes a mockery of Rule 12(b)(6).

### **Plaintiffs' Claims Fall Outside 42 U.S.C. § 1983**

Elsewhere in its memorandum, Plaintiffs falsely state that the City "doesn't challenge that Officer Hooven violated [Plaintiffs' constitutional rights]," and that somehow this means that the City acknowledges that Plaintiffs have sufficiently stated a constitutional claim. (Doc. 25, PageID 158). That is not true. The City does not represent Officer Hooven in this action. Furthermore, the analysis for disposing of Plaintiffs' *Monell* claims against the City would apply equally to dispose of constitutional claims against any individual police officer alleged to have done what Plaintiffs allege. In accepting Plaintiffs' factual allegations as true for purposes of this motion, the City does not concede that a *constitutional* violation occurred. Its motion makes clear that whatever grievances Plaintiffs may or may not have against Officer Hooven are not cognizable under 42 U.S.C. § 1983 because of the clearly alleged lack of any act fairly attributable to the City of Cincinnati.

### **The Court May Address Color-of-Law Questions at This Stage**

While the question may sometimes be a fact-intensive one, whether a police officer acts under color of law is a legal issue, not a question of fact. *See Neuens* at 670. In their memorandum in opposition, Plaintiffs falsely contend that the question of whether Officer Hooven was acting under color of law is not a question that may be resolved on a Rule 12(b)(6) motion to dismiss. (Doc. 25, PageID 156). To support their erroneous proposition, they cite to this Court's decision in *Linthicum v. Johnson*, 1:02cv480, 2006 U.S. Dist. LEXIS 33896, *69-70 (S.D.Ohio May 26, 2006), a case involving heavily disputed facts concerning an alleged sexual assault by two on-duty Cincinnati police officers who drove an intoxicated woman home from a bar. Plaintiffs, citing *Linthicum*, state that "[q]uestions of material fact, like whether Officer

5

Hooven was acting under color of State law, 'cannot be resolved in a Rule 12(b)(6) posture.'" (Doc. 25, PageID 156).

Plaintiffs misquote this Court. Here is the full passage from this Court's decision in which it found that certain questions "cannot be resolved in a Rule 12(b)(6) posture":

> On November 25, 2003, the City moved to dismiss Linthicum's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Linthicum consented to intercourse with Officers Johnson and Kidd and therefore suffered no constitutional injury. The City further reasoned that it could not be liable for the officers' allegedly unlawful conduct because the Officers did not act pursuant to official City policy or custom at the time of the alleged assault and Linthicum had not otherwise linked her alleged injuries to any City policy. The Court denied the City's motion, finding that the question of consent turned on material factual issues that could not be resolved in a Rule 12(b)(6) posture, and also that Linthicum had sufficiently alleged both ratification and a causal link between the City's disciplinary policy and her injury to survive a motion to dismiss.

*Linthicum* at *69.

The Court in *Linthicum* did not state that the question of whether an officer acts under color of law cannot be resolved in a Rule 12(b)(6) posture. *Linthicum* is, however, instructive for other reasons, and lends additional support to granting the City's motion to dismiss. The passage in *Linthicum* that illuminates why the City's motion should be granted reads as follows:

> It is true that a state actor's private conduct, outside the course or scope of his duties, and unaided by any actual indicia of actual or ostensible state authority, does not arise under color of state law. Nonetheless, it is firmly established that a defendant in a § 1983 suit acts under color of state law when he *abuses* the position given to him by the State. It follows that a defendant may act under color of state law either while acting in his official capacity or while exercising his responsibilities pursuant to state law. All that is required, for § 1983 purposes, is that the official have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. In other words, § 1983 is implicated not only where a state actor performs an actual or apparent duty of his office, but also where the actor could not have behaved as he did without the authority of his office.

*Linthicum*, *85-86 (internal quotations and citations omitted).

6

The evidence in *Linthicum* included testimony that providing drunken bar patrons with courtesy rides back to their homes was not unprecedented, as well as testimony that the sexual assault victim had relied upon her named attackers' authority as Cincinnati Police Officers in accepting their assistance. *Id*. at *7-15. Thus, a material fact arose as to whether the officers in *Linthicum* had *abused* their authority versus conducted themselves *privately*, i.e., outside the course or scope of their duties, unaided by any actual indicia of actual or ostensible state authority.

The facts in *Linthicum* are wholly different from those alleged here. Accepting as true Plaintiffs' highly detailed allegations here, Officer Hooven in no uncertain terms stated to his romantic/sexual partner at the County office that he was not engaged in any law enforcement inquiry on behalf of the City but rather, was seeking leverage to aid his own personal child custody dispute. *Linthicum* supports the City, not Plaintiffs, in the analysis of whether Officer Hooven acted under color of law. As a matter of law, he did not. The Court should grant the City's motion to dismiss pursuant to Rule 12(b)(6).

## Conclusion

In conclusion, the City relies on its initial memorandum and asks the Court to uphold the basic principle that courts should dismiss municipal liability claims brought pursuant to 42 U.S.C. § 1983 when a plaintiff's allegations show, as they do here, a city employee acting purely in service of his private interests rather than under color of state law. *See Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir. 1975) ("Acts of police officers in the ambit of their personal, private pursuits fall outside of 42 U.S.C. § 1983.").

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

*/s Shuva J. Paul*
Shuva J. Paul (0088484)
Katherine C. Baron (0092447)
Assistant City Solicitors
801 Plum Street, Suite 214
Cincinnati, Ohio 45202
(513) 352-4551
shuva.paul@cincinnati-oh.gov
katherine.baron@cincinnati-oh.gov
*Trial Attorneys for Defendant City of Cincinnati*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed on June **21**, 2024 with the Clerk of Courts via the CM/ECF system. Notice of this filing was sent to all parties by operation of the Court's electronic filing system, and copies were caused to be mailed to all parties not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s Shuva J. Paul*
Shuva J. Paul (0088484)
