**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **BRENDON TAYLOR, ET AL.,** | : | **CASE NO. 1:24-CV-00204-SJD** |
| | : | **JUDGE SARAH D. MORRISON** |
| **PLAINTIFFS,** | : | |
| | : | |
| **V.** | : | |
| | : | |
| **JESSE LEE ANTHONY HOOVEN, ET** | : | **ANSWER AND CROSSCLAIMS OF** |
| **AL.,** | : | **DEFENDANT MADISON M. PAUL** |
| | : | |
| **DEFENDANTS.** | : | |
| | : | |

NOW COMES Defendant Madison M. Paul ("Defendant" or "Paul") and Answers the Complaint ("Complaint") of Plaintiffs Brendon Taylor and Holly Hooven (collectively "Plaintiffs") as follows:

**NATURE OF THE CASE**

1. Defendant admits that Plaintiffs seek to bring this action pursuant to 42 U.S.C. §1983 and denies that Plaintiffs are entitled to any relief against her pursuant to such statute and deny the remaining allegations in paragraph 1 of the Complaint.

2. Defendant admits that Plaintiffs seek to bring this action pursuant to 42 U.S.C. §1985(3) and deny that Plaintiffs are entitled to any relief against her pursuant to such statute and denies the remaining allegations in paragraph 2 of the Complaint.

3. Defendant admits that Plaintiffs seek to bring this action pursuant to 28 U.S.C. §1983 and denies the remaining allegations in paragraph 3 of the Complaint.

4. Defendant admits that Plaintiffs seek to bring a claim against her and Officer Hooven for wrongful intrusion and seek to bring claims against Officer Hooven for Intentional

Infliction of Emotional Distress and Abuse of Process, and denies the remaining allegations in paragraph 4 of the Complaint.

5. Defendant admits that Plaintiffs seek alleged damages and relief, deny that they are entitled to any of the damages or relief sought from Defendant, and deny the remaining allegations in paragraph 5 of the Complaint.

## PARTIES, JURISDICTION, AND VENUE

6. In response to paragraph 6 of the Complaint, Defendant hereby incorporates each of her foregoing responses as though fully restated herein.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore denies them.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies them.

9. Upon information and belief, Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies them.

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant admits the allegations in paragraph 12 of the Complaint.

13. Defendant admits that the Hamilton County Department of Job and Family Services ("JFS") is a political subdivision of the State of Ohio and/or Hamilton County, Ohio and has an office located in Cincinnati, Ohio and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint.

2

14. To the extent that the allegations in paragraph 14 of the Complaint call for a legal conclusion, Defendant denies, and denies all remaining allegations in paragraph 14 of the Complaint.

15. To the extent that the allegations in paragraph 15 of the Complaint call for a legal conclusion, Defendant denies, and denies all remaining allegations in paragraph 15 of the Complaint.

## FACTS

16. In response to paragraph 16 of the Complaint, Defendant hereby incorporates each of her foregoing responses as though fully restated herein.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies them.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies them.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies them.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and therefore denies them.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and therefore denies them.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and therefore denies them.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and therefore denies them.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and therefore denies them.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore denies them.

26. Ms. Paul admits she was employed by JFS as a Children's Services Worker between October 2019 and October 2023, and denies the remaining allegations in paragraph 26 of the Complaint.

27. Ms. Paul admits she was employed by ProKids in Cincinnati, Ohio from November 2023 to April 2024, and denies the remaining allegations in paragraph 27 of the Complaint.

28. Defendant admits the allegations in paragraph 28 of the Complaint.

29. Defendant admits the allegations in paragraph 29 of the Complaint.

30. Defendant admits the allegations in paragraph 30 of the Complaint.

31. Defendant admits the allegations in paragraph 31 of the Complaint.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore denies them.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore denies them.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore denies them.

35. In response to paragraph 35 of the Complaint, Defendant hereby incorporates each of her foregoing responses as though fully restated herein.

36. Defendant admits the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and therefore denies them.

40. Defendant admits that officer Hooven asked her to access information regarding Mr. Taylor on the Ohio Statewide Automated Child Welfare Information System ("SACWIS") and denies the remaining allegations in paragraph 40 of the Complaint.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and therefore denies them.

42. Defendant admits that in connection with her employment at JFS, she had access to SACWIS, and denies the remaining allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and therefore denies them.

49. In response to paragraph 49 of the Complaint, Defendant hereby incorporates each of her foregoing responses as though fully restated herein.

50. Defendant admits that in connection with her employment at JFS, she had access to SACWIS, and denies the remaining allegations in paragraph 50 of the Complaint.

51. To the extent that the allegations in paragraph 51 of the Complaint call for a legal conclusion, Defendant denies, and denies all remaining allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and therefore denies them.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and therefore denies them.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of any allegations regarding Mr. Taylor's knowledge and therefore denies them, and denies the remaining allegations in paragraph 57 of the Complaint.

58. In response to paragraph 58 of the Complaint, Defendant hereby incorporates each of her foregoing responses as though fully restated herein.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint and therefore denies them.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint and therefore denies them.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint and therefore denies them.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint and therefore denies them.

63. Defendant denies the allegations in paragraph 63 of the Complaint.

64. Defendant states that paragraph 64 of the Complaint appears to be an excerpt from Exhibit 1 attached to the Complaint, and states that that document speaks for itself, and denies the remaining allegations in paragraph 64 of the Complaint.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint and therefore denies them.

66. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint and therefore denies them.

67. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint and therefore denies them.

68. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint and therefore denies them.

69. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint and therefore denies them.

70. Defendant admits the allegations in paragraph 70 of the Complaint.

**COUNT I**

71. In response to paragraph 71 of the Complaint, Defendant hereby incorporates each of her foregoing responses as though fully restated herein.

72. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint and therefore denies them.

73. Paragraph 73 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

74. Paragraph 74 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

75. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint and therefore denies them.

76. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint and therefore denies them.

77. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint and therefore denies them.

78. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint and therefore denies them.

79. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint and therefore denies them.

**COUNT II**

80. In response to paragraph 80 of the Complaint, Defendant hereby incorporates each of her foregoing responses as though fully restated herein.

81. Paragraph 81 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

82. Paragraph 82 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

83. Paragraph 83 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

84. Paragraph 84 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

85. Paragraph 85 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

86. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint and therefore denies them.

87. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint and therefore denies them.

88. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint and therefore denies them.

89. Paragraph 89 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

90. Paragraph 90 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

## COUNT III

91. In response to paragraph 91 of the Complaint, Defendant hereby incorporates each of her foregoing responses as though fully restated herein.

92. Defendant admits that in connection with her employment at JFS, she had access to SACWIS, and denies the remaining allegations in paragraph 92 of the Complaint.

93. Paragraph 93 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

94. Paragraph 94 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

95. Paragraph 95 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

96. Paragraph 96 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

97. Defendant denies the allegations in paragraph 97 of the Complaint.

98. Defendant denies the allegations in paragraph 98 of the Complaint.

99. Defendant denies the allegations in paragraph 99 of the Complaint.

100. Defendant denies the allegations in paragraph 100 of the Complaint.

101. Defendant denies the allegations in paragraph 101 of the Complaint.

102. Defendant denies the allegations in paragraph 102 of the Complaint.

**COUNT IV**

103. In response to paragraph 103 of the Complaint, Defendant hereby incorporates each of her foregoing responses as though fully restated herein.

104. Paragraph 104 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

105. Paragraph 105 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

**COUNT V**

106. In response to paragraph 106 of the Complaint, Defendant hereby incorporates each of her foregoing responses as though fully restated herein.

107. Defendant denies the allegations in paragraph 107 of the Complaint.

108. Defendant denies the allegations in paragraph 108 of the Complaint.

109. Defendant admits that she was given eight hours of unpaid leave on June 9, 2023 and denies the remaining allegations in paragraph 109 of the Complaint.

110. Defendant denies the allegations in paragraph 110 of the Complaint.

111. Defendant denies the allegations in paragraph 111 of the Complaint.

112. Defendant denies the allegations in paragraph 112 of the Complaint.

113. Defendant denies the allegations in paragraph 113 of the Complaint.

**COUNT VI**

114. In response to paragraph 114 of the Complaint, Defendant hereby incorporates each of her foregoing responses as though fully restated herein.

115. Defendant denies the allegations in paragraph 115 of the Complaint.

116. Defendant denies the allegations in paragraph 116 of the Complaint.

117. Defendant denies the allegations in paragraph 117 of the Complaint.

**COUNT VII**

118. In response to paragraph 118 of the Complaint, Defendant hereby incorporates each of her foregoing responses as though fully restated herein.

119. Paragraph 119 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

120. Paragraph 120 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

121. Paragraph 121 of the Complaint contains no factual allegations against Defendant, and therefore no response is required. To the extent a response is necessary, Defendant denies the allegations for lack of information.

**COUNT VIII**

122. In response to paragraph 122 of the Complaint, Defendant hereby incorporates each of her foregoing responses as though fully restated herein.

123. Defendant denies the allegations in paragraph 123 of the Complaint.

124. Defendant denies the allegations in paragraph 124 of the Complaint.

125. Defendant denies the allegations in paragraph 125 of the Complaint.

**COUNT IX**

126. In response to paragraph 126 of the Complaint, Defendant hereby incorporates each of her foregoing responses as though fully restated herein.

127. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the Complaint and therefore denies them.

128. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Complaint and therefore denies them.

129. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the Complaint and therefore denies them.

130. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the Complaint and therefore denies them.

131. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 of the Complaint and therefore denies them.

**PLAINTIFFS' PRAYER FOR RELIEF**

To the extent a response is required, Plaintiffs' prayer for relief is denied.

**<u>AFFIRMATIVE DEFENSES</u>**

1. To the extent not specifically admitted herein, all allegations in the Complaint are denied.

2. Plaintiffs' Complaint fails to state any claim against Defendant for which relief can be granted.

3. Pursuant to Ohio Revised Code ("ORC") § 2744.03(A)(6) and/or other relevant provisions of ORC Chapter 2744 or law, Defendant is immune from liability to Plaintiffs.

4. Defendant's actions were within the scope of her employment or official responsibilities with Defendant Hamilton County Department of Jobs and Family Services ("JFS").

5. Defendant's actions were not done with malicious purpose, in bad faith, or in a wanton or reckless manner.

6. Defendant's actions were at all times in good faith and in accordance with the Ohio Revised Code and/or other applicable laws and regulations.

7. Pursuant to ORC § 2744.07(B)(1) and/or other relevant provisions of ORC Chapter 2744 or common law, Defendant Hamilton County Board of County Commissioners (the "County") and/or Defendant JFS must indemnify and hold Plaintiff harmless in the amount of any judgment against Defendant on the Complaint.

8. If Defendant is found liable for any amount – which Defendant denies – Defendant is entitled to a setoff for any such amount, based on the duty of the County and/or JFS to indemnify Defendant pursuant to ORC § 2744.07(B)(1), and/or pursuant to other relevant provisions of ORC Chapter 2744 or the common law.

9. Defendant is entitled to qualified immunity from Plaintiffs' claims.

10. Plaintiffs have failed to mitigate their claimed damages, the existence of which Defendant denies.

11. Plaintiffs' damages, if any, the existence of which Defendant denies, were caused in whole or in part by Plaintiffs' own actions and/or by the actions of third parties over which Defendant has no control and/or by unforeseeable, independent, intervening, or superseding events beyond the control of and unrelated to the conduct of Defendant.

12. No monies are due from Defendant to either Plaintiff.

13. Plaintiffs' claims are barred by the doctrine of unclean hands.

14. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estopped, latches, and/or acquiescence.

15. Defendant reserves the right to add additional affirmative defenses if warranted by information learned during the course of discovery.

## **DEFENDANT MADISON M. PAUL'S CROSSCLAIMS**

**For her Crossclaims against Defendant Jesse Lee Anthony Hooven, Defendant Hamilton County Board of County Commissioners and Defendant Hamilton County Department of Job and Family Services, Defendant Madison M. Paul alleges as follows:**

1. Defendant Hamilton County Department of Job and Family Services ("JFS") has an office located in Cincinnati, Ohio, is the largest department within Hamilton County government, and reports to the Hamilton County Board of County Commissioners.

2. Pursuant to O.R.C. Section 2744.01(F) JFS is a "political subdivision."

3. Defendant Hamilton County Board of County Commissioners (the "County") is the elected administrative body for Hamilton County government, with a central office located in Cincinnati, Ohio.

4. Pursuant to O.R.C. Section 2744.01(F) the County is a "political subdivision."

5. Upon information and belief, Defendant Jesse Lee Anthony Hooven ("Officer Hooven") is a resident of Hamilton County Ohio.

6. Upon information and belief Officer Hooven served as a Cincinnati Police Officer at all times relevant to this crossclaim.

7. Defendant Madison M. Paul ("Paul") was employed by JFS as a Children's Services Worker from October of 2019 to October of 2023.

8. Ms. Paul was trained by JFS to consider Cincinnati Police Officers partners with JFS and that it was part of her job duties to treat the officers as partners and to work to help assist them as such.

9. As a Children's Services Worker with JFS, Ms. Paul had access to the Ohio Statewide Automated Child Welfare Information System ("SACWIS"), and in the normal course of her job with JFS she accessed SACWIS to obtain information needed to perform her job duties.

10. JFS informed Ms. Paul that under the terms of a Memorandum of Understanding with the Cincinnati Police Department, when an employee of JFS gives any Cincinnati Police Officer information obtained through SACWIS, the Cincinnati Police Officer is required to keep that information confidential.

11. Accordingly, it is understood among JFS employees that they can share information from SACWIS with Cincinnati Police Officers and it will remain confidential, and it is common for JFS employees, in the normal course of their employment with JFS, to assist Cincinnati Police Officers by sharing such information.

12. Ms. Paul met Officer Hooven in March of 2023 while Officer Hooven was assisting Ms. Paul in a call for services, with Officer Hooven in his capacity as a Cincinnati Police Officer, and Ms. Paul in her capacity as a JFS employee.

13. In April of 2023 Officer Hooven contacted Ms. Paul in her capacity as an employee of JFS and asked if there were any substantiated claims that Plaintiff Brendan Taylor ("Taylor") had abused any child.

14. Ms. Paul confirmed to Officer Hooven that there were no substantiated claims that Taylor had abused any child.

15. In providing Officer Hooven with information regarding Mr. Taylor, Ms. Paul acted within the scope of her employment and/or official responsibilities with JFS, and she

acted in good faith and absent any malicious purpose or bad faith, and her actions were not done in any wanton or reckless manner.

16. Officer Hooven and Ms. Paul had a personal sexual relationship that lasted for approximately two weeks, beginning on or about March 25, 2023 and ending on or about April 8, 2023.

17. Ms. Paul ended her personal relationship with Officer Hooven when she learned that he had a girlfriend.

18. On or about April 8, 2023, Ms. Paul called Officer Hooven's girlfriend to inform her that Ms. Paul had been having a sexual relationship with Officer Hooven, and that when she learned he had a girlfriend, she ended that relationship.

19. On that call, the girlfriend accused Ms. Paul of telling Officer Hooven that Ms. Paul saw in SACWIS that Mr. Taylor had been sexually abused as a child.

20. Ms. Paul never told Officer Hooven that SACWIS showed that Mr. Taylor had been sexually abused as a child. Ms. Paul never told Offer Hooven that she had any information or belief that Mr. Taylor had been sexually abused as a child.  Whether or not Mr. Taylor had been sexually abused as a child was never discussed between Ms. Paul and Officer Hooven.  Ms. Paul never told Officer Hooven or anyone else that Mr. Taylor had ever been sexually abused or that he had been sexually abused as a child.

21. Officer Hooven falsely told his girlfriend at the time, Plaintiff Holly Hooven, the Cincinnati Police Department's Internal Investigation Section, and others that Ms. Paul volunteered to look Mr. Taylor up on SACWIS and then told Officer Hooven that SACWIS shows that Mr. Taylor had been sexually abused, and that such abuse was when he was a child (the "False Statements").

22. Officer Hooven's False Statements about Ms. Paul were made for personal reasons related to ongoing disputes he had with Plaintiff Holly Hooven, in retaliation for Ms. Paul revealing to Officer Hooven's then girlfriend that he had cheated on her with Ms. Paul, and in an attempt to make Ms. Paul the scapegoat for his own wrongful conduct.

23. Officer Hooven's making and publishing of these False Statements was manifestly outside the scope of his employment as a Cincinnati Police Officer, and he made them with malicious purpose, in bad faith, or in a wanton or reckless manner.

24. This type of information is something that Ms. Paul would never share, and this false accusation against her has been spread throughout Cincinnati as a direct and proximate result of Officer Hooven's False Statements. In fact, it has been reported in at least three news stories:

   a. https://www.cincinnati.com/story/news/2024/04/16/lawsuit-officer-sought-juvenile-records-about-ex-wifes-new-boyfriend/73339845007/

   b. https://www.fox19.com/2024/04/16/cincinnati-officer-former-county-employee-accused-misusing-juvenile-records-database-court-docs-say/

   c. https://www.wcpo.com/news/local-news/lawsuit-cincinnati-police-officer-former-jfs-employee-misused-states-child-welfare-database

25. As a direct and proximate result of Officer Hooven's False Statements, Ms. Paul has been subjected to public and private ridicule and to this lawsuit for allegedly illegally accessing and distributing information that Mr. Taylor had been sexually abused as a child.

26. As a direct and proximate result of Officer Hooven's False Statements, Ms. Paul's employment with ProKids was terminated on or about April of 2024 and she has been

18

unable to secure employment since that time, and she has incurred and continues to incur significant attorney's fees and other expenses in defending herself from the consequences of the False Statements.

**COUNT I – DEFAMATION**
**(As to Officer Hooven)**

27. Ms. Paul incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

28. Officer Hooven intentionally and knowingly made false and defamatory statements – including the False Statements outlined above – about Ms. Paul.

29. Officer Hooven published these statements to various persons, including but not limited to, his then girlfriend, Plaintiff Holly Hooven, the Cincinnati Police Department's Internal Investigation Section, and others, including upon information and belief the news media and/or the public.

30. Officer Hooven did not have any permission from Ms. Paul or any privilege to make or publish these false and defamatory statements about Ms. Paul.

31. These published false statements have injured Ms. Paul's reputation and exposed her to public contempt, ridicule, shame and disgrace, and have adversely affected her in her profession.

32. Officer Hooven's false and defamatory statements about Ms. Paul constitute defamation per se.

33. Officer Hooven's false and defamatory statements about Ms. Paul directly and proximately caused special harm to Ms. Paul, including without limitation the termination of her employment with ProKids, the fact that other potential employers in

her field and outside of her filed have refused to hire her, and the attorney's fees and expenses she is incurring and will continue to incur to defend this lawsuit.

34. Officer Hooven published these false and defamatory statements with malicious purpose, in bad faith, and in a wanton or reckless manner.

35. Officer Hooven's publication of these false and defamatory statements about Ms. Paul were manifestly outside the scope of Officer Hooven's employment or official responsibilities as a Cincinnati Police Officer.

36. Ms. Paul has suffered injury as a proximate result of Officer Hooven's false and defamatory statements, including but not limited to injuries to her reputation and livelihood, emotional distress, loss of employment, loss of gainful employment opportunities, and the ongoing expense of attorney's fees and other costs and expenses in defending against this lawsuit.

## COUNT II – PROVISION OF DEFENSE
### (As to JFS and the County)

37. Ms. Paul incorporates by reference the allegations in the preceding paragraphs as if fully restated herein

38. Pursuant to ORC § 2744.07(A)(1) and/or other relevant provisions of ORC Chapter 2744 or law, JFS and the County must tender to Ms. Paul a defense against Plaintiffs' claims.

39. Accordingly, JFS and the County are jointly and severally liable to Plaintiff for the cost of defending against Plaintiffs' claims against Ms. Paul including, without limitation, any costs or attorney's fees she incurs.

## COUNT III – INDEMNIFICATION
### (As to JFS and the County)

40. Ms. Paul incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

41. Plaintiffs' claims are without merit and must fail.  If, however, either or both of Plaintiffs were to prevail on any of their claims against Ms. Paul, then, pursuant to ORC § 2744.07(B)(1) and/or other relevant provisions of ORC Chapter 2744 or the common law, JFS and the County must indemnify and hold Ms. Paul harmless in the amount of any judgment obtained against Ms. Paul in this matter, including any damages, costs, attorneys' fees, or any other sums assessed against Plaintiff.

## COUNT IV – IN THE ALTERNATIVE, FOR CONTRIBUTION
### (As to JFS, the County, and Officer Hooven)

42. Ms. Paul incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

43. If either of Plaintiffs is awarded any sums against Ms. Paul, including any damages, costs, or attorneys' fees, and if the Court denies Ms. Paul's claims for indemnification against JFS and the County for such sums, then Ms. Paul shall be entitled to contribution from JFS, the County, and Officer Hooven for such sums, in accordance with Ohio Revised Code Section 2307.25.

**WHEREFORE**, having fully answered, Defendant Madison M. Paul respectfully requests the Court dismiss all of Plaintiffs' claims against her, tax the costs of this matter to Plaintiffs, and grant Ms. Paul such other and further relief to which she may be legally and equitably entitled.  And, Defendant Madison M. Paul prays that that judgment be entered in her favor on her Crossclaims against JFS, the County, and Officer Hooven as follows:

a.  An order directing JFS and the County, jointly and severally, to provide Ms. Paul with a defense against Plaintiffs' claims against Ms. Paul, and to pay all costs and attorney's fees associated with the defense of same; and

b.  An order directing JFS and the County, jointly and severally, to indemnify Ms. Paul for any amounts for which Ms. Paul may be liable to either or both Plaintiffs, including any damages, costs, attorneys' fees, or any other sums assessed against Ms. Paul – or in the alternative, for an order of contribution from JFS, the County and Officer Hooven, to Ms. Paul for any such amounts; and

c.  An order awarding Ms. Paul compensatory, special, and punitive damages in amounts to be determined at trial; and

d.  An order granting Ms. Paul her reasonable attorney's fees and costs; and

e.  Any and all other relief to which Ms. Paul may be entitled in law or in equity.

/s/ Stephen E. Imm
Stephen E. Imm (0040068)
Rebecca L. Simpson (0064004)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245
(513) 943-5678
(513) 943-6669-fax
stephen@finneylawfirm.com
rsh@finneylawfirm.com
*Attorneys for Defendant Madison M.  Paul*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and accurate copy of the foregoing has been electronically filed on the 26th day of June 2024, and electronically served upon all counsel of record on the same date through the CM/ECF of the USDC for the Southern District of Ohio.

*/s/ Stephen E. Imm*

Stephen E. Imm (0040068)