IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **BRENDON TAYLOR, et al.** | : | Case No. 1:24-cv-00204 |
| Plaintiffs | : | Judge Susan J. Dlott |
| vs. | : | **ANSWER OF DEFENDANTS HAMILTON COUNTY BOARD OF COUNTY COMMISSIONERS AND HAMILTON COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES TO CROSSCLAIM OF DEFENDANT MADISON PAUL** |
| **JESSE LEE ANTHONY HOOVEN, et al.** | : | |
| Defendants | : | |
| | : | **Jury Demand Endorsed Herein** |

Now come Defendants, Hamilton County Board of County Commissioners (BOCC) and Hamilton County Department of Job and Family Services (HCJFS), hereinafter "County Defendants," and for their answer to Defendant Madison Paul's Crossclaim state as follows:

**FIRST DEFENSE**

1. County Defendants admit that HCJFS has approximately 850 employees, has an office located in Cincinnati, Ohio, and is the largest department under control of the BOCC. County Defendants deny any remaining allegations in Paragraph 1 of the Crossclaim.

2. County Defendants deny the allegations in Paragraph 2 of the Crossclaim.

3. County Defendants admit the allegations in Paragraph 3 of the Crossclaim.

4. County Defendants admit the allegations in Paragraph 4 of the Crossclaim.

5. County Defendants deny for lack of knowledge the allegations in Paragraph 5 of the Crossclaim.

1

6. County Defendants deny for lack of knowledge the allegations in Paragraph 6 of the Crossclaim.

7. County Defendants admit the allegations in Paragraph 7 of the Crossclaim.

8. County Defendants admit that certain HCJFS employees are trained on how to properly cooperate with law enforcement agencies as part of their job duties, County Defendants deny any characterization of that training that would be inconsistent with the training materials and protocols, and County Defendants deny any remaining allegations in Paragraph 8 of the Crossclaim.

9. County Defendant's admit that Defendant Paul, as an employee of HCJFS, had access to SACWIS for authorized use in her employment. County Defendants deny any remaining allegations in Paragraph 9 of the Crossclaim.

10. County Defendants admit that certain HCJFS employees are trained on how to properly cooperate with law enforcement agencies as part of their job duties. County Defendants admit that authorized dissemination of information obtained through SACWIS to law enforcement officers who are investigating a report of child abuse and neglect is to remain confidential. County Defendants deny any remaining allegations in Paragraph 10 of the Crossclaim.

11. County Defendants admit that certain HCJFS employees are trained on how to properly cooperate with law enforcement agencies as part of their job duties. County Defendants admit that authorized dissemination of information obtained through SACWIS to law enforcement officers who are investigating a report of child abuse and neglect is to remain confidential. County Defendants deny any remaining allegations in Paragraph 11 of the Crossclaim.

12. County Defendants deny for lack of knowledge the allegations in Paragraph 12 of the Crossclaim.

13. County Defendants deny for lack of knowledge the allegations in Paragraph 13 of the Crossclaim.

14. County Defendants deny for lack of knowledge the allegations in Paragraph 14 of the Crossclaim.

15. County Defendants deny the allegations in Paragraph 15 of the Crossclaim.

16. County Defendants deny for lack of knowledge the allegations in Paragraph 16 of the Crossclaim.

17. County Defendants deny for lack of knowledge the allegations in Paragraph 17 of the Crossclaim.

18. County Defendants deny for lack of knowledge the allegations in Paragraph 18 of the Crossclaim.

19. County Defendants deny for lack of knowledge the allegations in Paragraph 19 of the Crossclaim.

20. County Defendants deny for lack of knowledge the allegations in Paragraph 20 of the Crossclaim.

21. County Defendants deny for lack of knowledge the allegations in Paragraph 21 of the Crossclaim.

22. County Defendants deny for lack of knowledge the allegations in Paragraph 22 of the Crossclaim.

23. County Defendants deny for lack of knowledge the allegations in Paragraph 23 of the Crossclaim.

24. County Defendants deny for lack of knowledge the allegations in Paragraph 24 of the Crossclaim.

25. County Defendants deny for lack of knowledge the allegations in Paragraph 25 of the Crossclaim.

26. County Defendants deny for lack of knowledge the allegations in Paragraph 26 of the Crossclaim.

27. Paragraph 27 of the Crossclaim does not call for a response.

28. County Defendants deny for lack of knowledge the allegations in Paragraph 28 of the Crossclaim.

29. County Defendants deny for lack of knowledge the allegations in Paragraph 29 of the Crossclaim.

30. County Defendants deny for lack of knowledge the allegations in Paragraph 30 of the Crossclaim.

31. County Defendants deny for lack of knowledge the allegations in Paragraph 31 of the Crossclaim.

32. County Defendants deny for lack of knowledge the allegations in Paragraph 32 of the Crossclaim.

33. County Defendants deny for lack of knowledge the allegations in Paragraph 33 of the Crossclaim.

34. County Defendants deny for lack of knowledge the allegations in Paragraph 34 of the Crossclaim.

35. County Defendants deny for lack of knowledge the allegations in Paragraph 35 of the Crossclaim.

36. County Defendants deny for lack of knowledge the allegations in Paragraph 36 of the Crossclaim.

37. Paragraph 37 of the Crossclaim does not call for a response.

38. County Defendants deny the allegations in Paragraph 38 of the Crossclaim.

39. Paragraph 39 of the Crossclaim contains a legal conclusion and does not call for a response. County Defendants deny any remaining allegations in Paragraph 39 of the Crossclaim.

40. Paragraph 40 of the Crossclaim does not call for a response.

41. County Defendants admit Plaintiffs' claims are without merit and must fail. County Defendants deny any remaining allegations in Paragraph 41 of the Crossclaim.

42. Paragraph 42 of the Crossclaim does not call for a response.

43. County Defendants deny Paul is entitled to any contribution from County Defendants. County Defendants deny for lack of knowledge any remaining allegations in Paragraph 43 of the Crossclaim.

### SECOND DEFENSE

44. County Defendants are not responsible for the tortious conduct of unrelated third persons.

### THIRD DEFENSE

45. County Defendants are not responsible for the illegal conduct of any county employees, or any conduct of county employees that is outside the scope of their employment.

### FOURTH DEFENSE

46. Defendant Paul's Crossclaim fails to state a claim upon which relief can be granted.

### FIFTH DEFENSE

47. This Court has no jurisdiction over the subject matter of the Defendant Paul's claims.

## SIXTH DEFENSE

48. County Defendants state that all of the County Defendants' activities were proper, valid, legal and conducted in good faith.

## SEVENTH DEFENSE

49. County Defendants hereby assert all of the affirmative defenses contained in Federal Civil Rule 12(B) including but not limited to the following:

(1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19 and Rule 19(A).

## EIGHTH DEFENSE

50. County Defendants have not adopted or followed any governmental custom, practice, usage or official policy that would give rise to any of the allegations of wrongdoing or liabilities set forth in Defendant Paul's Crossclaim.

## NINTH DEFENSE

51. Defendant Paul's Crossclaim is barred by the doctrines of collateral estoppel, res judicata, accord and satisfaction, waiver, laches, failure to exhaust administrative remedies and by all applicable statutes of limitations.

## TENTH DEFENSE

52. County Defendants hereby provide notice they intend to assert and rely upon all defenses, avoidances, immunities, counter-claims, cross-claims, and third-party claims that become apparent during the course of discovery and trial and hereby reserve the right to amend this Answer to assert such defenses.

**ELEVENTH DEFENSE**

53. Defendant Paul's damages, if any, were the result of independent, superseding acts committed by individuals for which County Defendants were not responsible.

**TWELFTH DEFENSE**

54. Defendant Paul's damages, if any, resulted entirely from the negligent, reckless, intentional, or wrongful conduct of herself or a third party.

**THIRTEENTH DEFENSE**

55. County Defendants have no liability for the actions of their employees or agents under 42 USC §1983.

**FOURTEENTH DEFENSE**

56. County Defendants are entitled to qualified immunity as to all claims against them under 42 USC § 1983.

**FIFTEENTH DEFENSE**

57. County Defendants' conduct does not violate any clearly established law.

**SIXTEENTH DEFENSE**

58. Defendant Paul's damages, if any, were caused by parties who were not acting under the color of state law.

**SEVENTEENTH DEFENSE**

59. Defendant Paul's damages, if any, were the result of independent, superseding acts committed by individuals who were acting outside the scope of their employment, for which County Defendants were not responsible.

**EIGHTEENTH DEFENSE**

60. Defendant Paul's damages, if any, were the result of acts committed by individuals who were acting outside the scope of their employment, and were reckless, for which County Defendants were not responsible.

### NINETEENTH DEFENSE

61. County Defendants are not liable under the theory of *respondeat superior* for monetary damages.

### TWENTIETH DEFENSE

62. Defendant Paul has named parties that are not sui juris.

### TWENTY-FIRST DEFENSE

63. Punitive damages may not be imposed on County Defendants under state or federal law.

### TWENTY-SECOND DEFENSE

64. The Eleventh Amendment bars Defendant Paul's claims as Defendants are entitled to sovereign immunity.

### TWENTY-THIRD DEFENSE

65. County Defendants' actions and omissions which may have affected Defendant Paul were undertaken in good faith.

### TWENTY-FOURTH DEFENSE

66. The County Defendants' conduct does not rise to the level of a constitutional violation.

### TWENTY-FIFTH DEFENSE

67. Defendant Paul's claims are barred by state common law and statutory law including doctrines of absolute and qualified immunity and County Defendants hereby asserts all applicable credits, set-offs, defenses and immunities available.

### TWENTY-SIXTH DEFENSE

68. Defendant Paul's Crossclaim fails to state a cognizable cause of action pursuant to 42 U.S.C. § 1983.

### TWENTY-SEVENTH DEFENSE

69. At all times mentioned, County Defendants acted in accordance with the laws and Constitutions of the United States and the State of Ohio, relative thereto.

### TWENTY-EIGHTH DEFENSE

70. Decisions by County Defendants were not arbitrary and capricious, and this Court is urged not to substitute its judgment for that of the County Defendants.

### TWENTY-NINTH DEFENSE

71. To the extent that any claim or cause of action may be inferred or implied from any portion of the County Defendants not answered heretofore, any and all such allegations are denied.

### THIRTIETH DEFENSE

72. Pursuant Ohio law, County Defendants do not have a duty to provide for the defense of an employee who was not acting in good faith or whose acts were manifestly outside the scope of the employee's employment or official responsibilities.

### THIRTY-FIRST DEFENSE

73. Pursuant to Ohio law, County Defendants do not have a duty to indemnify and hold harmless an employee who was not acting in good faith or whose acts were outside the scope of the employee's employment or official responsibilities.

### THIRTY-FIRST DEFENSE

74. Pursuant to Ohio law, County Defendants do not have a duty to contribute to any sums Plaintiffs might be awarded against Defendant Paul.

**WHEREFORE**, County Defendants respectfully request that the Court dismiss the Defendant Paul's Crossclaim and order that County Defendants should recover their court costs and attorney fees and such other relief to which it may be entitled.

### JURY DEMAND

Defendants hereby demand a trial by jury.

Respectfully submitted,

**MELISSA A. POWERS**
**PROSECUTING ATTORNEY**
**HAMILTON COUNTY, OHIO**

*/s/ Michael J. Friedmann*
Michael J. Friedmann (0090999)
Kathleen C. Fischer (0087937)
Assistant Prosecuting Attorneys
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
(513) 946-3197 Friedmann
(513) 946-3108 Fischer
Michael.friedmann@hcpros.org
Kathleen.fischer@hcpros.org
(513) 946-3018 fax

*Trial Attorneys for County Defendants*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of this document was filed electronically on the 16th day of July, 2024 via the CM/ECF electronic filing system which constitutes service.

*/s/ Michael J. Friedmann*
Michael J. Friedmann, 0090999
Assistant Prosecuting Attorney
