# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Brendon Taylor, et al., | : | Case No. 1:24cv204 |
| Plaintiffs, | : | Judge Susan J. Dlott |
| v. | : | DEFENDANT CITY OF CINCINNATI'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY |
| Jesse Lee Anthony Hooven, et al., | : | |
| Defendants. | : | |

Pending before the Court are two motions. One is Defendant City of Cincinnati's ("City") motion to dismiss. (ECF No. 21). The other is Plaintiffs' motion for leave (ECF No. 28) to file "a brief Supplemental Memorandum in Opposition," i.e., a sur-reply, to Defendant City of Cincinnati's ("City") reply memorandum (ECF No. 26) in support of its motion to dismiss. Plaintiffs previously filed a memorandum contra (ECF No. 25) to the City's motion to dismiss. For the reasons set forth herein, the Court should deny Plaintiffs' motion for leave to file a sur-reply.

As a threshold matter, Plaintiffs' motion should be denied for their failure to follow the requirement for consultation with counsel set forth in S.D. Ohio Civ. R. 7.3(b). *See Power Mktg. Direct, Inc. v. Moy*, No. 2:08cv826, 2008 U.S. Dist. LEXIS 94997, at *3 (S.D. Ohio Nov. 20, 2008) ("Defendants do not indicate in their motion for leave to file a sur-reply that any consultation with opposing counsel occurred."). Plaintiffs' motion for leave to file a sur-reply failed to address this requirement.

Turning to the merits, Plaintiffs fail to show good cause as required for any party seeking to file additional memoranda beyond what is permitted under the Court's Local Civil Rules. See S.D. Ohio Civ. R. 7.2(a)(2); *Streeter v. Adaptasoft, Inc.*, No. 2:17cv1125, 2018 U.S. Dist. LEXIS

143247, at *7 (S.D. Ohio Aug. 23, 2018). While the Court's Local Civil Rules do not define "good cause," the prerequisite condition for finding that good cause exists is abundantly clear:

> [T]his Court has consistently held that in order for a party to be given permission to file a sur-reply, *the reply brief must raise new grounds that were not presented as part of the movant's initial motion*.

*Streeter* at *7 (citations omitted) (emphasis added).

Although Plaintiffs, in their motion, pay lip service to the accepted standard for granting or denying leave to file sur-replies, they do not correctly apply that standard. The question they should have addressed is whether *the City* raised new grounds *in the reply* (ECF No. 26) it filed, that is, grounds not contained in the City's initial memorandum (ECF No. 21). The answer is obvious—the City did not raise new grounds. Plaintiffs do not state otherwise. Nor can they. Throughout its reply, the City pointed out Plaintiffs' failure, in their memorandum contra, to acknowledge the correct legal standard for evaluating Officer Hooven's complained-of conduct.

Instead of conducting a proper analysis of what constitutes "new grounds," Plaintiffs turn to Defendant Madison Paul's Answer and Crossclaims (ECF No. 27) against other defendants (not against the City) to argue that "new grounds" exist there. The wording of the Court's legal standard for granting or denying a motion to file a sur-reply matters. Plaintiffs should not be excused from having to satisfy that standard. *See Power Mktg* at *4-5 (denying motion to leave to file a sur-reply where the movant failed to show that new grounds had been raised for the first time in the reply memorandum so as to necessitate a sur-reply). There are other acceptable avenues for a plaintiff to choose from early in an action when that plaintiff becomes aware of weaknesses in their pleadings with regard to one or more of the named defendants. Seeking to rewrite the customary rules of motion practice is not one of them.

A closer look at Plaintiffs' erroneous application of the "new grounds" standard lends even greater support to denying leave for a sur-reply. Plaintiffs make reference to a "Memorandum of Understanding" ("MOU") between the Cincinnati Police Department and Hamilton County concerning the sharing of information contained in a State database utilized by Ohio's county public child service agencies. (ECF No. 28, PageID 199). Plaintiffs are referring to averments in Defendant Paul's Answer and Crossclaims concerning Cincinnati Police Officers' obligation to keep any information obtained through that database "confidential." (ECF No. 27, PageID 191). Defendant Paul also alleges that her county employer "trained" her "to treat [Cincinnati Police] officers as partners and to work to help assist them as such." (ECF No. 27, PageID 190).

These are the "new grounds" that Plaintiffs put forth before the Court. Not only are they not "new grounds" within the meaning of the standard for granting a sur-reply, but they are not relevant to the Court's determination of the City's motion to dismiss given the highly detailed allegations that Plaintiffs set forth concerning Officer Hooven. In her filing, Defendant Paul alleges facts identical to what Plaintiffs allege—and identical to the facts that the City accepted as true for the purposes of its motion to dismiss: namely, that Officer Hooven's actions were taken in pursuit of his personal interest in gaining leverage in his private child custody dispute with Plaintiff Holly Hooven. Defendant Paul alleges that Officer Hooven, "for personal reasons related to ongoing disputes he had with Plaintiff Holly Hooven," acted "manifestly outside the scope of his employment as a Cincinnati Police Officer," made false and defamatory statements concerning Defendant Paul's use of the State database and that she (Defendant Paul) "ended her personal relationship with Officer Hooven when she learned that he had a girlfriend." (ECF No. 27, PageID 191-94). The City covered this ground already in its initial memorandum and set

forth arguments as to why Officer Hooven's mere status as a Cincinnati Police Officer—as reflected in his badge or his uniform—was insufficient to satisfy the color-of-law requirement. (ECF No. 21, PageID 140-44). Plaintiffs had their opportunity to address the City's arguments in their memorandum contra. Under the established rules that apply equally to all parties, Plaintiffs should not be allowed "the proverbial second bite of the apple" on this issue. *See Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, No. 2:07-cv-1190, 2010 U.S. Dist. LEXIS 114665, at * 12-13.

      To be clear, Plaintiffs' argument about the MOU is irrelevant because, in their complaint, they continue to allege in no uncertain terms that Officer Hooven wanted Defendant Paul to help him obtain "dirt" on Plaintiff Brendon Taylor for "leverage" in Officer Hooven's personal child custody dispute—and that Defendant Paul *knew* that Officer Hooven's motives were purely personal, i.e., that there was "no legitimate law enforcement purpose" "or City purpose" associated with the actions that she and Officer Hooven undertook. (ECF No. 1, ¶¶ 24-25, 38, 40, 43, 44, PageID 6, 8, 9). Plaintiffs appear to be trying to spin a new variation on their argument that Cincinnati Police Officers are always acting under of color of law because they are "always on duty"—a meritless argument that the City responded to in its initial memorandum. (ECF No. 21, PageID 141). In that memorandum, the City pointed out how the Sixth Circuit time and again, going back to *Stengel v. Belcher*, 522 F.2d 438 (6th Cir. 1975), and again more recently in *Morris v. City of Detroit*, 789 Fed. Appx. 516 (6th Cir. 2019), has instructed that it is not the fact of being a police officer—of being on duty, off duty, in uniform, out of uniform—that is controlling, but rather, it is the "nature of the act performed." (ECF No. 21, PageID 140-42). Plaintiffs' motion for leave to file a sur-reply demonstrates that they do not accept this fundamental principle.

Because Plaintiffs appear still wedded to their erroneous view that a police officer is always acting under color of law simply by virtue of being a police officer, granting leave to file a sur-reply is not justified here, not on the complaint's allegations that are before the Court. *See Comtide Holdings* at \*11 (reasoning there was no need for a sur-reply when the movant indicated a desire for the Court to engage in an irrelevant inquiry). Good cause simply does not exist here.

Ultimately, Plaintiffs' motion ignores the *Twombly* standard. "A complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Leta v. Hamilton County Dep't of Job & Family Servs.*, 668 F. Supp. 3d 724, 733 (S.D. Ohio 2023). Plaintiffs did not plead facts sufficient to establish liability against the City. Then, instead of addressing the applicable legal standards for deciding whether they have made a prima facie *Monell* claim, they grasp at averments in Defendant Paul's crossclaims, which are against a group of defendants that does not even include the City.

In their motion for leave to file a sur-reply, Plaintiffs state they "should be forgiven for not discovering the [MOU] before filing suit and responding to the Motion to Dismiss because neither of them is a police officer, JFS employee, City official, CPD official, County official, or JFS official." (ECF No. 28, PageID 200). As pointed out above, the mere existence of an MOU is not relevant to the inquiry given the private-pursuit-oriented nature of Officer Hooven's acts that Plaintiffs clearly allege in their complaint. But Plaintiffs' request for forgiveness is misguided for another reason. As this Court has pointed out elsewhere, "a plaintiff must allege facts sufficient to state a plausible claim even when he alleges the necessary facts are 'within the head or hands of the defendants.'" *Leta* at 732, n. 5 (quoting *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011)); *see also New Albany Tractor* at 1050-51 (summarizing how, after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and

5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009), plaintiffs may not defeat a motion to dismiss using the argument that discovery is needed to obtain the facts needed to turn conclusory allegations into plausible factual ones). Plaintiffs simply have not pleaded the facts necessary to defeat the City's motion to dismiss. Their motion for leave to file a sur-reply unnecessarily and unfairly delays a ruling on the City's motion.

In conclusion, Plaintiffs crafted a complaint alleging a personal and sexual relationship between a city police officer and a county worker where Plaintiffs also allege that the county worker was fully aware that the city police officer disavowed any official investigatory purpose behind his requests for confidential information, and also that the county worker was fully aware that the officer was driven by his personal desire for an advantage in his private child custody dispute. In its motion to dismiss, the City made it clear that Plaintiffs, in order to defeat the City's motion, would have to distinguish this officer's actions from those of other officers in other cases where those courts found that those officers acted within the ambit of their personal, private pursuits and thus outside of 42 U.S.C. § 1983. The *Morris* case is a perfect example. (Doc. 21, PageID 141-42). Not only did the City juxtapose the facts of this case next to the facts of that case in its initial memorandum, but it pointed out Plaintiffs' failure, in their memorandum contra, to distinguish *Morris* or even address the analysis the Sixth Circuit Court of Appeals undertook in that case. (Doc. 26, PageID 171). Now, under the guise of discovering "new grounds" where none exist, Plaintiffs invite the Court to speculate that it might yet, at some future date, find a basis for holding the City liable under a viable legal theory. The Court should reject the invitation and deny Plaintiffs' motion for leave to file a sur-reply.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

*/s Shuva J. Paul*
Shuva J. Paul (0088484)
Katherine C. Baron (0092447)
Assistant City Solicitors
801 Plum Street, Suite 214
Cincinnati, Ohio 45202
(513) 352-4551
shuva.paul@cincinnati-oh.gov
katherine.baron@cincinnati-oh.gov
*Trial Attorneys for Defendant City of Cincinnati*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed on July **16,** 2024 with the Clerk of Courts via the CM/ECF system. Notice of this filing was sent to all parties by operation of the Court's electronic filing system, and copies were caused to be mailed to all parties not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s Shuva J. Paul*
Shuva J. Paul (0088484)