# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **BRENDON TAYLOR, et al.,** | Case No. 1:24-cv-0204 |
| Plaintiffs, | Judge: Hon. Susan J. Dlott |
| v. | |
| **JESSE LEE ANTHONY HOOVEN,** *et al.*, | |
| Defendants. | |

## PLAINTIFFS' JOINT AND CONSOLIDATED ANSWER TO THE CROSSCLAIM OF MADISON PAUL

**COME NOW,** Plaintiffs, Brendon Taylor and Holly Hooven, by and through counsel, and for their Joint and Consolidated Answer to the Crossclaim of Defendant and Cross Claimant Madison Paul [Doc.27], state as follows:

### PRELIMINARY STATEMENT

Plaintiffs deny each and every allegation of the Crossclaim not expressly or otherwise admitted below. Plaintiffs also specifically reserve the right to assert any additional defenses and matters in avoidance as may be disclosed during the course of additional investigation and discovery.

### ANSWER

1. The allegations in paragraph 1 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, upon their information and belief, the allegations in paragraph 1 of the Crossclaim are true and accurate, and Plaintiffs admit the same.

2. The allegations in paragraph 2 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them on this independent basis. The allegations

in paragraph 2 of the Crossclaim also call for a legal conclusion, and therefore no response is required of Plaintiffs on this second independent basis. To the extent the Court deems a response is required, upon their information and belief, the allegations in paragraph 2 of the Crossclaim are true and accurate, and Plaintiffs admit the same.

      3.      The allegations in paragraph 3 of the Crossclaim aren't directed at either Plaintiff and no response is required of them. To the extent the Court deems a response is required, upon their information and belief, the allegations in paragraph 3 of the Crossclaim are true and accurate, and Plaintiffs admit the same.

      4.      The allegations in paragraph 4 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them on this independent basis. The allegations in paragraph 4 of the Crossclaim also call for a legal conclusion, and therefore no response is required of Plaintiffs on that second independent basis. To the extent the Court deems a response is required, upon their information and belief, the allegations in paragraph 4 of the Crossclaim are true and accurate, and Plaintiffs admit the same.

      5.      The allegations in paragraph 5 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, upon their information and belief, the allegations in paragraph 5 of the Crossclaim are true and accurate, and Plaintiffs admit the same.

      6.      The allegations in paragraph 6 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, upon their information and belief, the allegations in paragraph 6 of the Crossclaim are true and accurate, and Plaintiffs admit the same.

7. The allegations in paragraph 7 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, upon their information and belief, the allegations in paragraph 7 of the Crossclaim are true and accurate, and Plaintiffs admit the same.

8. The allegations in paragraph 8 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs are unaware of any factual basis to deny the allegations in paragraph 8 of the Crossclaim, and therefore preliminarily admit the same.

9. The allegations in paragraph 9 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, upon their information and belief, the allegations in paragraph 9 of the Crossclaim are true and accurate, and Plaintiffs admit the same.

10. The allegations in paragraph 10 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs are currently unaware of any factual basis to deny the allegations in paragraph 10 of the Crossclaim, and therefore preliminarily admit the same.

11. The allegations in paragraph 11 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs are currently unaware of any factual basis to deny the allegations in paragraph 11 of the Crossclaim, and therefore preliminarily admit the same.

12. The allegations in paragraph 12 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response

is required, upon their information and belief, the allegations in paragraph 12 of the Crossclaim are true and accurate, and Plaintiffs admit the same.

13. The allegations in paragraph 13 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, upon their information and belief, the allegations in paragraph 13 of the Crossclaim are true and accurate, and Plaintiffs admit the same.

14. The allegations in paragraph 14 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, upon their information and belief, the allegations in paragraph 14 of the Crossclaim are true and accurate, and therefore Plaintiffs admit the same. Mr. Taylor also affirmatively denies abusing any child.

15. The allegations in paragraph 15 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs admit that Ms. Paul acted within the scope of her employment with JFS and under color of State law at all times relevant to the Complaint and Crossclaim but deny the remaining allegations in paragraph 15 of the Crossclaim.

16. The allegations in paragraph 16 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs admit that Ms. Paul and Officer Hooven engaged in a personal sexual relationship for at least two weeks in 2023 but lack information sufficient to admit or deny the remaining allegations in paragraph 16 of the Crossclaim and therefore deny the same.

17. The allegations in paragraph 17 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs lack information sufficient to admit or deny the allegations in paragraph 17 of the Crossclaim and therefore deny the same.

18. The allegations in paragraph 18 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs lack information sufficient to admit or deny the allegations in paragraph 18 of the Crossclaim and therefore deny the same.

19. The allegations in paragraph 19 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs lack information sufficient to admit or deny the allegations in paragraph 19 of the Crossclaim and therefore deny the same.

20. The allegations in paragraph 20 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs lack information sufficient to admit or deny the allegations in paragraph 20 of the Crossclaim and therefore deny the same.

21. The allegations in paragraph 21 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs deny that Ms. Hooven was Officer Hooven's girlfriend. Plaintiffs admit, however, that Officer Hooven lied to the Cincinnati Police Department's Internal Investigation Section and others as alleged in the Complaint. Plaintiffs lack sufficient information to admit or deny the remaining allegations in paragraph 21 of the Crossclaim and therefore deny the same.

22. The allegations in paragraph 22 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs admit that Officer Hooven was acting in his capacity as a public official and under color of State law at all times relevant to the Complaint and the Crossclaim and that his false statements were retaliation against them for exercising their First Amendment rights as alleged in the Complaint. Plaintiffs lack information sufficient to admit or deny the remaining allegations in paragraph 22 of the Crossclaim and therefore deny the same.

23. The allegations in paragraph 23 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs deny that Officer Hooven's actions were manifestly outside the scope of his employment as a Cincinnati Police Officer, but admit that he acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

24. The allegations in paragraph 24 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them on this independent basis. The allegations

in paragraph 24 of the Crossclaim also require the interpretation of documents of independent legal significance, and therefore no response is required of Plaintiffs on that second independent basis. To the extent the Court deems a response is required, Plaintiffs admit that the documents referenced in paragraph 24 of the Crossclaim speak for themselves. Plaintiffs lack information sufficient to admit or deny the remaining allegations in paragraph 24 of the Crossclaim, and therefore deny the same.

25. The allegations in paragraph 25 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs lack information sufficient to admit or deny the allegations in paragraph 25 of the Crossclaim, and therefore deny the same.

26. The allegations in paragraph 26 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs lack information sufficient to admit or deny the allegations in paragraph 26 of the Crossclaim, and therefore deny the same.

**COUNT I – DEFAMATION**
**(As to Officer Hooven)**

27. Plaintiffs incorporate and reallege the preceding paragraphs of their Answer as if fully rewritten.

28. The allegations in paragraph 28 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs lack information sufficient to admit or deny the allegations in paragraph 28 of the Crossclaim, and therefore deny the same.

7

29. The allegations in paragraph 29 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs deny that Ms. Hooven was Officer Hooven's girlfriend. Plaintiffs lack information sufficient to admit or deny the remaining allegations in paragraph 29 of the Crossclaim, and therefore deny the same.

30. The allegations in paragraph 30 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs lack information sufficient to admit or deny the allegations in paragraph 30 of the Crossclaim, and therefore deny the same.

31. The allegations in paragraph 31 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them. To the extent the Court deems a response is required, Plaintiffs lack information sufficient to admit or deny the allegations in paragraph 31 of the Crossclaim, and therefore deny the same.

32. The allegations in paragraph 32 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them on this independent basis. The allegations in paragraph 32 also call for a legal conclusion and no response is required of Plaintiffs on this second independent basis. To the extent the Court deems a response is required, Plaintiffs lack information sufficient to admit or deny the allegations in paragraph 32 of the Crossclaim, and therefore deny the same.

33. The allegations in paragraph 33 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them on this independent basis. The allegations in paragraph 33 also call for a legal conclusion and no response is required of Plaintiffs

8

on this second independent basis. To the extent the Court deems a response is required, Plaintiffs lack information sufficient to admit or deny the allegations in paragraph 33 of the Crossclaim, and therefore deny the same.

34. The allegations in paragraph 34 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them on this independent basis. The allegations in paragraph 34 also call for a legal conclusion and no response is required of Plaintiffs on this second independent basis. To the extent the Court deems a response is required, Plaintiffs lack information sufficient to admit or deny the allegations in paragraph 34 of the Crossclaim, and therefore deny the same.

35. The allegations in paragraph 35 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them on this independent basis. The allegations in paragraph 35 also call for a legal conclusion and no response is required of Plaintiffs on this second independent basis. To the extent the Court deems a response is required, Plaintiffs deny Officer Hooven acted manifestly outside the scope of his employment or official responsibilities as a Cincinnati Police Officer at any time relevant to the Complaint and Crossclaim. Plaintiffs lack information sufficient to admit or deny the remaining allegations in paragraph 35 of the Crossclaim, and therefore deny the same.

36. The allegations in paragraph 36 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them on this independent basis. The allegations in paragraph 36 also call for a legal conclusion and no response is required of Plaintiffs on this second independent basis. To the extent the Court deems a response is required, Plaintiffs lack information sufficient to admit or deny the allegations in paragraph 36 of the Crossclaim, and therefore deny the same.

## COUNT II – PROVISION OF DEFENSE
### (As to JFS and the County)

37. Plaintiffs incorporate and reallege the preceding paragraphs of their Answer as if fully rewritten.

38. The allegations in paragraph 38 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them on this independent basis. The allegations in paragraph 38 also call for a legal conclusion and no response is required of Plaintiffs on this second independent basis. To the extent the Court deems a response is required, Plaintiffs lack information sufficient to admit or deny the allegations in paragraph 38 of the Crossclaim, and therefore deny the same.

39. The allegations in paragraph 39 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them on this independent basis. The allegations in paragraph 39 also call for a legal conclusion and no response is required of Plaintiffs on this second independent basis. To the extent the Court deems a response is required, Plaintiffs lack information sufficient to admit or deny the allegations in paragraph 39 of the Crossclaim, and therefore deny the same.

**COUNT III – INDEMNIFICATION**
**(As to JFS and the County)**

40. Plaintiffs incorporate and reallege the preceding paragraphs of their Answer as if fully rewritten.

41. Denied.

**COUNT IV – IN THE ALTERNATIVE FOR CONTRIBUTION**
**(As to JFS, the County, and Officer Hooven)**

42. Plaintiffs incorporate and reallege the preceding paragraphs of their Answer as if fully rewritten.

43. The allegations in paragraph 43 of the Crossclaim aren't directed at either Plaintiff, and no response is required of them on this independent basis. The allegations in paragraph 43 also call for a legal conclusion and no response is required of Plaintiffs on this second independent basis. To the extent the Court deems a response is required, Plaintiffs lack information sufficient to admit or deny the allegations in paragraph 43 of the Crossclaim, and therefore deny the same.

**SECOND DEFENSE**

44. The Crossclaim fails to state a claim for which relief can be granted.

**THIRD DEFENSE**

45. The Crossclaim is barred in whole or in part by equitable doctrines, including without limitation, the doctrines of laches, waiver, estoppel, accord and satisfaction, and unclean hands.

**FOURTH DEFENSE**

46. The Crossclaim fails to allege any damages as to the Plaintiffs.

**FIFTH DEFENSE**

47. The Crossclaim is barred by the applicable statutes of limitation.

11

## SIXTH DEFENSE

48. The Crossclaim is barred, in whole or in part, by the doctrine of bad faith.

## SEVENTH DEFENSE

49. The Crossclaim is barred in whole or in part by the municipal actions of JFS, the County, and the City pursuant to their policies, customs, procedures, and practices.

## EIGHTH DEFENSE

50. Ms. Paul's conduct violates Plaintiffs' clearly established rights arising under the Constitution and federal law.

## NINTH DEFENSE

51. The Crossclaim is barred by 42 U.S.C. §1983.

## TENTH DEFENSE

52. The Crossclaim is barred by 42 U.S.C. §1985.

## ELEVENTH DEFENSE

53. Plaintiffs serve notice that they intend to rely on and assert all additional affirmative defenses that become apparent during discovery in this action and reserve the right to amend their Answers to the Crossclaim to assert any and all such additional affirmative defenses.

**WHEREFORE,** having fully Answered, Plaintiffs jointly request (a) that the Crossclaim be dismissed with prejudice, (b) that judgment be entered in Plaintiffs' favor, (c) that Ms. Paul be ordered to pay all costs and attorney fees incurred by Plaintiffs, and (d) that Plaintiffs be granted all such other relief as is fair, equitable, just, and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

**DATED: July 16, 2024.**

12

Respectfully submitted,

*/s/ Justin Whittaker*
Justin Whittaker, Esq. (0093212)
WHITTAKER LAW, LLC
2055 Reading Road, Suite 260
Cincinnati, Ohio 45202
(513) 457-5545
(513) 457-5544 (fax)
Justin@WhittakerLawFirm.com

**Counsel for Plaintiffs**
**Brendon Taylor and Holly Hooven**

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was electronically filed on **July 16, 2024**, with the Clerk of this Court via the CM/ECF system and served on counsel for the parties via the Court's electronic filing system. A hard copy was served via regular mail to all parties not served by the Court's electronic filing system.

*/s/ Justin Whittaker*
Justin Whittaker, Esq. (0093212)

13