IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Brendon Taylor, *et al.*, | : | |
| | : | Case No. 1:24-cv-204 |
| Plaintiffs, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying as Moot Defendant Jesse |
| Jesse Lee Anthony Hooven, *et al.*, | : | Hooven's Motion to Dismiss for |
| | : | Insufficient Service |
| Defendants. | : | |

This matter is before the Court on Defendant Jesse Hooven's Motion to Dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Doc. 48.) Plaintiffs filed a Memorandum in Opposition, to which Defendant Hooven filed a Reply. (Docs. 59, 66.) For the reasons below, the Motion to Dismiss will be **DENIED AS MOOT**.

**I.**

Plaintiffs filed their Complaint on April 15, 2024. Plaintiffs' initial attempts to serve Defendant Hooven failed. (Docs. 2, 11, 29, 38.) On August 16, 2024, Plaintiffs' attorney filed a Proof of Service asserting Defendant Hooven had been served by certified mail on August 1, 2024 at his place of employment, District 1 of the Cincinnati Police Department ("CPD"). (Doc. 47.)

Defendant Hooven responded on August 19, 2024 by filing the pending Motion to Dismiss for insufficient service. (Doc. 48.) He also filed a sworn Declaration denying that he had been served a copy of the Complaint or Summons and denying that he had attempted to evade service. (Doc. 49.) One week later, during a hearing on a separate motion, the Court

1

ordered Defendant City of Cincinnati, Defendant Hooven's employer, to help Plaintiffs secure personal service upon Defendant Hooven. Because more than ninety days had passed since the Complaint had been filed, the Court's order at the hearing constituted a grant of additional time for Plaintiffs to perfect service on Defendant Hooven under Federal Rule of Civil Procedure 4(m). A process server personally served Defendant Hooven at Cincinnati City Hall on August 28, 2024. (Doc. 53.)

Then, on September 10, 2024, Plaintiffs filed their Memorandum in Opposition to the Motion to Dismiss. (Doc. 59.) Plaintiffs argued that the attempted certified mail service at CPD District 1 had been sufficient, but even if it was not, that the personal service on Defendant Hooven on August 28, 2024 rendered the Motion to Dismiss moot. (*Id.*) In his Reply, Defendant Hooven disputed that certified mail service at CPD District 1 had been sufficient, but he conceded that the August 28, 2024 personal service mooted the pending Motion to Dismiss. (Doc. 66.)[1]

## II.

Because the parties agree that Plaintiffs perfected service on Defendant Hooven on August 28, 2024, Defendant Hooven's Motion to Dismiss (Doc. 48) for insufficient service is **DENIED AS MOOT**. The Court need not resolve whether Plaintiffs' previous attempts to serve Defendant Hooven were sufficient.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

---

[1] Defendant Hooven also argued that the perfected service did not moot "Plaintiffs['] request for fees," but Plaintiffs have not formally moved the Court to collect fees from him arising from their service attempts. (Doc. 66 at PageID 610.) The Court urges the parties to move past this procedural dispute and focus on the merits of the case.