# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **Brendon Taylor, et al.,** | : | Case No. 1:24cv204 |
| Plaintiffs, | : | Judge Susan J. Dlott |
| v. | : | **THIRD-PARTY CITY OF CINCINNATI DEFENDANTS' MOTION TO DISMISS DEFENDANT JESSE HOOVEN'S CROSSCLAIM AND THIRD-PARTY COMPLAINT** |
| **Jesse Lee Anthony Hooven, et al.,** | : | |
| Defendants. | : | |

Upon the attached memorandum and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Third-Party Defendant City of Cincinnati ("City") and Third-Party Defendant Sheryl M. Long ("Long") (collectively, "City Third-Party Defendants") move to dismiss Defendant Jesse Hooven's ("Officer Hooven") Crossclaim and Third-Party Complaint (ECF No. 79) for failure to state a claim upon which relief can be granted. The Court should dismiss Officer Hooven's claims against the City Third-Party Defendants as a matter of law.

               Respectfully submitted,

               **EMILY SMART WOERNER (0089349)**
               CITY SOLICITOR

               */s Shuva J. Paul*
               Shuva J. Paul (0088484)
               Katherine C. Baron (0092447)
               Assistant City Solicitors
               801 Plum Street, Suite 214
               Cincinnati, Ohio 45202
               (513) 352-4551
               shuva.paul@cincinnati-oh.gov
               katherine.baron@cincinnati-oh.gov
               *Trial Attorneys for City Third-Party Defendants*

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

The Court should dismiss Officer Hooven's meritless and frivolous "Crossclaim and Third-Party Complaint" filed on January 17, 2025. (ECF No. 79, PageID 713-718). Officer Hooven asserts four causes of action, all of which seek declaratory and/or injunctive relief directing the City to defend and indemnify him in this proceeding pursuant to Ohio law. But this Court has already issued an Order concluding that Officer Hooven's alleged conduct was not related "to his status as a police officer or to the performance of his duties" and not undertaken "under the color of state law," such that the law might impose a duty on the City to defend and indemnify him. (Order, Doc. 75, PageID 688, 691). Putting aside this Court's determination, Officer Hooven has already conceded that "the City cannot be held liable for [his] conduct as that conduct was private in nature and not under color of law." (Hooven's Motion to Dismiss, Doc. 65, PageID 586). Accordingly, there is no doubt that Officer Hooven's Crossclaim and Third-Party Complaint should be dismissed for failure to state a claim.

II. **STATEMENT OF FACTS**

City Third-Party Defendants respectfully refer to the Court's January 3, 2025 Order for a rendering of the pertinent facts as Officer Hooven's Crossclaim and Third-Party Complaint alleges no new or additional facts beyond the City's nonprovision of a defense.

III. **STANDARD OF REVIEW**

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "complaint must contain either direct or inferential allegations respecting all

2

material elements to sustain a recovery under some viable legal theory." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citation omitted). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id.*

## IV. ARGUMENT

Under R.C. 2744.07, the City has no duty to defend an employee for actions "manifestly outside the scope of the employee's employment or official responsibilities." R.C. 2744.07(A)(2)(b). The docket makes plain that Officer Hooven was not acting within the scope of his employment or under color of law and thus the City has no duty to defend him here.

### A. The Court's Previous Findings and Officer Hooven's Own Admissions Leave Officer Hooven Unable to Rely Upon Ohio's Indemnification Statute

Officer Hooven's Crossclaim and Third-Party Complaint retreads ground this Court has already addressed in finding he acted outside the scope of his employment and not under color of law when engaging the activities concerned in this matter. (*See generally* January 3, 2025 Order,[1] ECF No. 75). Indeed, in granting the City's Motion to Dismiss, the Court concluded that Officer Hooven's alleged conduct was not related "to his status as a police officer or to the performance of his duties," and that it could not accept that Hooven was acting "under the color of state law when the facts establish otherwise." (Id., PageID 688, 691).

Moreover, the Court contemporaneously granted Officer Hooven's Motion to Dismiss (ECF No. 65) with respect to the federal claims against him. In that motion, he "incorporate[d], by reference and in full, the arguments by the City in its motion to dismiss as respects [sic] Jesse Hooven's alleged state action." (Id., PageID 587). Removing any doubt as to what Officer Hooven was incorporating, Officer Hooven, in that same filing, asserted that "the City cannot be

---

[1] The City was terminated from the docket following the Court's January 3, 2025 Order. Third-Party Defendant Sheryl M. Long, the City's City Manager, was not named by Plaintiffs in this action and so was not in a position to be terminated from the docket at that time. Officer Hooven names her for the first time in his January 17, 2025 filing (ECF No. 79).

3

held liable for Officer Hooven's conduct as that conduct was private in nature and not under color of law." (Id., PageID 586).

Now, in direct contradiction to the Court's ruling and his prior representations to this Court, Officer Hooven asserts the City is required to defend or indemnify him pursuant to R.C. 2744.07 because the Amended Complaint (Doc. 55) *alleges* that he was acting in his "nondiscretionary capacity as a police officer and public official under the color of State law." (Crossclaim Compl., Doc. 79, PageID 713-14). This is not so.

The legislative history of R.C. 2744.07 confirms that Officer Hooven's contention is totally unsupported. Prior to 2003, R.C. 2744.07 required a political subdivision to provide a defense "if the act or omission occurred or is alleged to have occurred while the employee was acting in good faith and not manifestly outside the scope of his employment or official responsibilities." However, when R.C. 2744.07 was amended, the General Assembly eliminated the allegations contained in pleadings as a standalone basis giving rise to a city's obligation to defend and indemnify its employees. It instead simplified the standard, only requiring a political subdivision to provide an employee with a defense "if the act or omission occurred while the employee was acting both in good faith and not manifestly outside the scope of employment or official responsibilities." *See* Am. Sub. S.B. 106 Final Bill Analysis Legislative Service Commission; *see also Cantwell v. Franklin Cnty. Bd. of Comm'rs*, 2011 Ohio Misc. LEXIS 17837 (Sep. 9, 2011) (reviewing the amendments and ruling that the employee's conduct was manifestly outside the scope of his employment despite the inmates' allegation to the contrary). And it plainly provided that "[t]he pleadings shall not be determinative of whether the employee acted in good faith or was manifestly outside the scope of employment or official responsibilities." *Id.*; *see also McCormack v. Jefferson Area Local Sch. Dist.*, 2018-Ohio-3744,

*19 (11th Dist.) ("The pleadings themselves no longer provide an alternative basis on which to require a subdivision to provide its employee with a defense.")

Further, in 2018, the legislature drove home the fact that mere reliance on the pleadings is not sufficient to trigger a duty to defend and indemnify by amending R.C. 2744.07 to clarify that a political subdivision "does not have the duty to provide for the defense" when the act or omission, "occurred while the employee was acting manifestly outside the scope of the employee's employment or official responsibilities." 2017 Ohio SB 239.

As Officer Hooven's Crossclaim and Third-Party Complaint merely point to the Plaintiff's conclusory pleadings as a basis upon which to require the City to provide Officer Hooven with a defense, Officer Hooven's cross claim is insufficient and invites this Court to misapply R.C. 2744.07. Therefore, Officer Hooven's Crossclaim and Third-Party Complaints fail to state a claim upon which relief may be granted and should be dismissed.

### B. There Is No Need for a Duty to Defend Hearing

Officer Hooven also claims that because the City has refused to provide him with a defense, he is entitled to a hearing on the City's duty to defend and indemnify under R.C. 2744.07(D). But this argument is also misplaced. In addition to the changes previously discussed, the 2003 amendments to R.C. 2744.07 eliminated an employee's private right of action seeking defense and indemnity–something Officer Hooven's Crossclaim and Third-Party Complaint ignores.

The only person authorized to seek a judicial determination on the City's duty to defend and indemnify is the City. R.C. 2744.07(D) states in part that "[i]f a political subdivision refuses to provide an employee with a defense…upon the motion of the political subdivision, the court shall conduct a hearing…". Unlike the version that existing prior to 2003, the current version of

R.C. 2744.07 no such right to a hearing on the City's decision not to defend and indemnify him. *Wallace v. Mongomery Cty.,* 2018 U.S. Dist. LEXIS 23858, * 14 (S.D. Ohio Feb. 14, 2018) (declining to hold that an employee has a private right of action to enforce a statutory right to legal defense).

Moreover, Officer Hooven erroneously contends that the City is "required to defend [him] in this case until such time as the federal court rules" in accordance with the hearing provisions set forth in R.C. 2744.07(D). Yet the plain language of R.C. 2744.07 clarifies, as a matter of law, there is no duty to defend an employee under division (A)(1) when the employee "was acting manifestly outside the scope of the employee's employment or official responsibilities." R.C. 2744.07(A)(2)(b). Furthermore, it imposes no obligation on the City to request a hearing on its determination to defend and indemnify an employee or not. Finally, this Court has already found that Officer Hooven was not acting under color of law, a finding that, as a matter of law, encompasses the finding that Officer Hooven was not acting within the scope of his employment. *See Miller v. Leesburg*, Nos. 97APE10-1379, 97APE10-1380 1998 Ohio App. LEXIS 5645, *23-24 (10th Dist. Dec. 1, 1998).

Therefore, Officer Hooven's claims seeking a hearing on this matter must be dismissed.[2]

---

[2] Alternatively, if this Court finds that Officer Hooven is entitled to a declaration on whether the City is required to defend and indemnify him, the City requests that this Court consider this Motion to Dismiss as a Duty to Defend Motion pursuant to R.C. 2744.07(D).

V.  **CONCLUSION**

For the reasons set forth herein, the Court should grant this motion and dismiss Officer Hooven's claims against the City Third-Party Defendants as a matter of law.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

*/s Shuva J. Paul*
Shuva J. Paul (0088484)
Katherine C. Baron (0092447)
Assistant City Solicitors
801 Plum Street, Suite 214
Cincinnati, Ohio 45202
(513) 352-4551
shuva.paul@cincinnati-oh.gov
katherine.baron@cincinnati-oh.gov
*Trial Attorneys for Defendant City of Cincinnati*

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed on February 28, 2025 with the Clerk of Courts via the CM/ECF system. Notice of this filing was sent to all parties by operation of the Court's electronic filing system, and copies were caused to be mailed to all parties not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s Shuva J. Paul*
Shuva J. Paul (0088484)
