UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **Brendon Taylor, et al.,** | : | Case No. 1:24cv204 |
| Plaintiffs, | : | Judge Susan J. Dlott |
| v. | : | |
| **Jesse Lee Anthony Hooven, et al.,** | : | **DEFENDANT CITY OF CINCINNATI'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION AND FOR RULE 54(b) CERTIFICATION** |
| Defendants. | : | |

**I.  INTRODUCTION**

Plaintiffs' "Joint and Consolidated Motions for Reconsideration of the Court's January 3, 2025 Order, or, Alternatively, to Certify the Same as 'Final' Under Rule 54(b)" (ECF No. 84) are meritless and should be denied. The Court granted Defendant City of Cincinnati's ("City") motion to dismiss on January 3, 2025. ("January 3, 2025 Order," ECF No. 75.) The Court properly disregarded the conclusory allegations in Plaintiffs' First Amended Complaint and found that the factual allegations concerning Officer Hooven's interference in Plaintiffs' intimate relationship, "even if true, would not establish that Officer Hooven was acting under the color of state law." (ECF No. 75, PageID 687). The Court thus concluded that that Officer Hooven's "alleged conduct, however outrageous if true, falls outside the ambit of 42 U.S.C. § 1983 because it was not state action." (Id., PageID 688). Accordingly, the Court properly dismissed the City from this proceeding for failure to state a claim.

With respect to the City's dismissal, Plaintiffs request reconsideration of the January 3, 2025 Order on two grounds: (1) that the Court committed clear errors with respect to the governing legal standards; and (2) that there is new evidence that previously was not known to

Plaintiffs. As set forth below, Plaintiffs fail on both counts as their arguments show that they merely seek to reargue matters previously raised. Plaintiffs' motion for Rule 54(b) certification of the Court's January 3, 2025 Order is meritless as well. As explained below, they fail to show the required harsh circumstances justifying a departure from customary practice.

**II.    ARGUMENT**

While the Federal Rules of Civil Procedure do not expressly provide for the filing of a motion for reconsideration, "a district court has an inherent power to amend interlocutory orders." *Al–Sadoon v. FISA Madison Financial Corp.*, 188 F.Supp.2d 899, 902 (M.D. Tenn.2002). In addition, FRCP 54(b) permits courts to revise orders before entry of final judgment. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). However, to find justification for reconsidering interlocutory orders such as the one Plaintiffs seek to put at issue here, courts traditionally require there to be one of the following three conditions: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id*. Plaintiffs attempt to show that the second and third conditions are met but fail on both counts.

**A.  The January 3, 2025 Order presents no clear error or manifest injustice**

Plaintiffs first argue that the Court's January 3, 2025 Order presents clear errors of law resulting in a manifest injustice. (ECF No. 84, PageID 777). Specifically, they contend that Officer Hooven, the City, and the Court all "seized upon the more eye-catching allegations of Officer Hooven's conduct while in uniform" and "overlook[ed] the gravamen of the Complaint." (Id., PageID 779). As to the clear error, Plaintiffs merely recycle their former arguments and contend that the Court erred by not recognizing that the question of whether Officer Hooven

2

acted under color of law requires a "fact-intensive" inquiry of the type not readily achievable on a motion to dismiss. (Id.)

In so doing, Plaintiffs completely mischaracterize the Court's January 3, 2025 Order and minimize its analysis. The Court properly reviewed the factual allegations after setting aside the conclusory allegations in the pleadings. The Court took extensive note of what was *not* being alleged as well as what *was* being alleged. For example, the Court noted that Officer Hooven is *not* alleged to have told anyone that he was investigating a child abuse or neglect case and thus entitled to that information pursuant to an MOU between County and City. (ECF No. 75, PageID 688). In fact, the Court noted that the exact opposite was being alleged: not only did Plaintiffs allege that Officer Hooven's "motivation was to '(a) interfere[] with the private and consensual intimate relationship between Holly Hooven and Mr. Taylor,'" but it was also alleged that the County caseworker with access to information about Plaintiff Taylor "knew Officer Hooven had no legitimate law enforcement basis to investigate Mr. Taylor." (Id.).

"Generally, a manifest injustice or a clear error of law requires unique circumstances, such as injunctive relief scenarios or superseding factual scenarios." *See, e.g., Davis by Davis v. Jellico Comm. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir.1999). The "complete failure to address an issue or claim" can constitute "unique circumstances." *See McWhorter v. ELSEA, Inc.*, No. 2:00-cv-473, 2006 U.S. Dist. LEXIS 87113, at *2 (S.D. Ohio Nov. 30, 2006) (citing *Collison v. Int'l Chem. Workers Union*, Local 217, 34 F.3d 233, 236 (4th Cir. 1994)). Those circumstances simply do not exist here.

Plaintiffs' lack of engagement with controlling law makes the meritless nature of their reconsideration argument all the more obvious. They completely avoid addressing the Sixth Circuit case, *Morris v. City of Detroit, Mich.*, 789 F. App'x 516, 518 (6th Cir. 2019), that the

3

Court, in its January 3, 2025 Order, correctly noted provides "a useful comparison with the allegations here because in both cases police officers were pursuing private objectives while displaying trappings of their position." (ECF No. 75, PageID 686). Plaintiffs avoid even citing this Sixth Circuit case in their briefing or addressing it in any meaningful way anywhere. The Court's detailed review of *Morris* in its January 3, 2025 Order should have prompted Plaintiffs to address *Morris* in their motion for reconsideration. Plaintiffs cannot argue clear error with meaningfully engaging with the law the Court relied upon in its January 3, 2025 Order.

### B. The "new evidence" Plaintiffs speak of is neither "new" nor "evidence"

Plaintiffs fail to show new evidence as well. They merely point to the affirmative defenses in the Answer Officer Hooven filed on January 17, 2025, in which he includes the defenses of statutory and qualified immunity. (ECF No. 79, PageID 711-12). In Officer Hooven's January 17, 2025 Answer, Crossclaim, and Third-Party Complaint (ECF No. 79), Plaintiffs pick out the following defenses as the "new evidence" that compels reconsideration of the Court's January 3, 2025 Order:

- Pursuant to Ohio Revised Code ("ORC") § 2744.03(A)(6) and/or other relevant provisions of ORC Chapter 2744 or law, Defendant is immune from liability to all Plaintiffs. (ECF 79, PageID 711, ¶ 3).
- Defendant's actions were within the scope of his employment or official responsibilities with the City of Cincinnati. (Id., ¶ 4).
- Defendant is entitled to qualified immunity from Plaintiffs' claims. (Id., PageID 712, ¶ 9).

Plaintiffs essentially characterize these affirmative defenses as indicators that Officer Hooven plans to persuade the Court that he was acting under color of state law and within the scope of his official duties. (ECF No. 84, PageID 798). Regardless of what Officer Hooven plans to assert, his preservation of affirmative defenses is not "new evidence" compelling reconsideration of the Court's January 3, 2025 Order.

4

Plaintiffs acknowledge that the color-of-law determination is a *legal* question for the Court to determine. (ECF No. 84, PageID 779). The Court recognized this as well in its January 3, 2025 Order. (ECF No. 75, PageID 685-86). Neither Officer Hooven nor Plaintiffs set forth any *factual* allegations that would support the finding that Officer Hooven acted under color of law. In fact, his affirmative defenses notwithstanding, Officer Hooven has specifically asserted the very opposite throughout this action, including in his answer to Plaintiffs' amended complaint where he denies Plaintiffs' allegation that he "has been a City of Cincinnati police officer and public official acting under color of state law at all times relevant to this Complaint" (ECF No. 79, ¶ 4, PageID 704; ECF No. 55, ¶ 9, PageID 401). In any event, in pointing to Officer Hooven's affirmative defenses, Plaintiffs utterly fail to point to "new evidence" and therefore fail to support their motion for reconsideration.

Unable to identify any clear error or any new evidence, Plaintiffs are left rehashing their previous arguments, which is fatal to their motion for reconsideration. "Reconsideration is not an opportunity simply to reargue matters already raised." *Clover v. Viola*, No. 1:22-cv-559, 2022 U.S. Dist. LEXIS 121292, * (N.D.Ohio July 8, 2022). The Court should deny Plaintiffs' motion for reconsideration.

### C. Plaintiffs Fail to Make the Case for Rule 54(b) Certification

As to Plaintiffs moving in the alternative for Rule 54(b) certification of the Court's interlocutory January 3, 2025 Order, that motion should be denied as well. Plaintiffs have provided no basis upon which the Court should depart from customary practice and conclude that theirs is the "infrequent harsh case" warranting certification. *See Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) (cautioning courts to apply the rule sparingly).

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 432 (1956). Courts are to apply the rule sparingly. As the Sixth Circuit has instructed, "[t]he power which this Rule confers upon the trial judge should be used only in the infrequent harsh case as an instrument for the improved administration of justice . . . ." *Id*.

Plaintiffs fail to show, as they must, that there is "no just reason for delay" in permitting an immediate appeal. *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 596 (6th Cir. 2013). This factor requires the Court to consider the "judicial administrative interests as well as the equities involved." *Lowery v. Fed. Exp. Corp.*, 426 F.3d 817, 821 (6th Cir. 2005). The Court of Appeals for the Sixth Circuit has outlined a non-exhaustive list of factors for the Court to consider which includes:

> (1) the relationship between the adjudicated and non-adjudicated claims;
> (2) the possibility that the need for appellate review might become moot due to future developments in the district court;
> (3) the possibility that the appellate court may be required to hear the same issue twice;
> (4) the presence or absence of a claim or counterclaim that might result in a set-off against the final judgment; and
> (5) other miscellaneous factors including 'delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*U.S. Citizens Ass'n*, 705 F.3d at 596 (quoting *Corrosioneering, Inc.*, 807 F.2d at 1283).

6

The Sixth Circuit has cautioned against simply stating that a plaintiff's claims are separate and distinct from other issues in the case—as Plaintiffs here do—and has instead instructed courts to "determine whether 'the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirety." *Corrosioneering, Inc.*, 807 F.2d at 1284; *Lowery*, 426 F.3d at 822. The factors disfavor Plaintiffs' request for Rule 54(b) certification.

1. The relationship between the adjudicated and non-adjudicated claims

Plaintiffs argues that certification is appropriate because of the "entirely separate legal theories" underpinning their adjudicated and non-adjudicated claims. (ECF No. 84, PageID 802-03.) However, Plaintiffs fail to acknowledge that their claims are all premised on the same operative facts and there is thus a "substantial relationship" between them. *Be the Bush Recovery Ministries v. Coffee Cnty.*, No. 4:22-CV-16, 2024 U.S. Dist. LEXIS 80557, *13-14 (E.D.Tenn. May 2, 2024) (noting that "[e]ven though Plaintiff's Equal Protection Clause claim does raise a constitutional violation, the constitutional claim is premised on the same operative facts as the non-adjudicated statutory claim" and therefore that a "substantial relationship" existed between Plaintiff's non-adjudicated and adjudicated claims). This factor thus favors the City. *See Dunigan v. Thomas*, 2024 U.S. Dist. LEXIS 36552, *16 (6th Cir.) ("Such a commonality in operative facts underlying the claims militates against immediate appeal.").

2. The possibility that the need for appellate review might become moot due to future developments in the district court

This factor favors the City as well. Plaintiffs argue that "the need for review won't likely be mooted by the future goings on in this case." (ECF No. 84, PageID 803). However, Plaintiffs also insist that the record, once further developed, will vindicate their color-of-law contentions—which (if Plaintiffs are correct) would moot the need for appellate review. Future developments

7

concerning Plaintiffs' pending claims, in particular their wrongful intrusion claim, could moot the need for appellate review of the January 3, 2025 Order given the factual issues that Plaintiffs must turn their attention to.

The case of *Frank v. Good Samaritan Hosp. of Cincinnati*, No. 1:18-cv-00618, 2019 U.S. Dist. LEXIS 216189, *6-7 (S.D.Ohio Dec. 17, 2019), offers a useful illustration into why this factor favors the City. That medical malpractice case also included a claim for the negligent destruction of medical records. While the malpractice claim was pending, the court adjudicated the destruction-of-records claim in the hospital's favor on the ground that Ohio law did not recognize the tort of negligent destruction of medical records (as opposed to the tort of spoliation of evidence). *Id*. at *3. Plaintiff sought Rule 54(b) certification to seek appellate review of whether or not Ohio recognized such a tort. The Court found no just cause for delay in that instance, noting that the adjudicated destruction-of-records claim and the unadjudicated medical-malpractice claim "are independent of each other," and that therefore future developments concerning the pending malpractice claim would not moot the need for appellate review of the destruction-of-records claim.

By contrast, Plaintiffs' claims are hardly independent of each other in a manner favoring Rule 54(b) certification. All of Plaintiffs' claims, from his constitutional claims to his state law wrongful intrusion claim, are largely premised on the same operative facts concerning Officer Hooven's alleged interference with Plaintiffs' private relationship. Consequently, future developments in this case likely will moot the need for appellate review of the Court's January 3, 2025 Order.

> 3. <u>The possibility that the appellate court might be required to hear the same issue twice</u>

This factor favors the City. Plaintiffs contend that it is "unlikely that the Court of Appeals will be obliged to consider the dismissed claims a second time." (ECF No. 84, PageID 803). However, as pointed out above, Plaintiffs ignore the substantial relationship between their adjudicated and unadjudicated claims. *See Frank* at *7 (concluding that the independence of the claims from one another in that case meant there "is likewise no possibility that the reviewing court might be obliged to consider the same issue a second time").

> 4. <u>The presence or absence of a claim or counterclaim that might result in a set-off against the final judgment</u>

Plaintiffs argue "the remaining claims won't result in a set-off against the dismissed claims." (ECF No. 84, PageID 803). Plaintiffs ignore that Officer Hooven, in his January 17, 2025 Answer, Crossclaim, and Third-Party Complaint (ECF No. 79), asserts a putative crossclaim against the City seeking an Order directing the City to provide him with a defense. The City respectfully submits that piecemeal adjudication of a case whose constitutional claims fail to survive the pleadings stage, and where discovery awaits on the remaining claims, is not in the interest of efficient judicial administration. *See Lowery,* 426 F.3d at 823 (finding it an abuse of discretion to grant Rule 54(b) certification in a Title VII case where "[j]udicial economy . . . would not be served by our deciding [the] merits, because a trial on the breach-of-contract issue might render this appeal moot"). This factor favors the City.

> 5. <u>Other miscellaneous factors, including "delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like"</u>

This last factor favors the City as well. Plaintiffs contend that if the City is dismissed from this action, the City "presumably would have no obligation to preserve evidence or secure

9

the testimony of any witnesses with knowledge of the facts underlying the claims alleged against it. . . ." (ECF No. 84, PageID 803). This is pure speculation devoid of any support in the record. Plaintiffs' speculation also runs counter to the reality that political subdivisions are subject to Ohio's Public Records Act. Consequently, Plaintiffs have the customary recourse as set out in the Act.

Plaintiffs also cite "judicial economy" in seeking certification. (ECF No. 84, PageID 803). They ignore the requirement for "exceptional" circumstances to exist for a Rule 54(b) certification to occur, such as where a defendant is already seeking interlocutory appellate review on, say, the denial of qualified immunity. Under such a scenario, judicial economy might be further served by certifying additional issues for appeal. *See Dunigan*, 2024 U.S. Dist. LEXIS 36552, at *17. No such scenario exists here.

The City respectfully submits that the principle of judicial economy would be respected and preserved were the parties to proceed with their case without seeking to halt the proceedings with an immediate appeal from the January 3, 2025 Order that merely applied customary Rule 12(b)(6) principles of review to pleadings devoid of facts supporting Plaintiffs' conclusory color-of-law allegations. The Sixth Circuit has stated that the "power which [Rule 54(b)] confers upon the trial judge should be used only in the 'infrequent harsh case' as an instrument for the improved administration of justice." *Corrosioneering, Inc.*, 807 F.2d at 1282 (quotation omitted). The City respectfully submits that the Court's January 3, 2025 Order presents no such occasion. Plaintiffs simply do not show that "no just reason for delay" exists. The Court should find that the "judicial administrative interests as well as the equities involved" weigh in favor of denying Plaintiffs' motion for Rule 54(b) certification. *See Lowery*, 426 F.3d at 821.

### III. CONCLUSION

For the reasons set forth herein, the Court should deny Plaintiffs' motions for reconsideration and for Rule 54(b) certification.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

*/s/ Shuva J. Paul*
Shuva J. Paul (0088484)
Katherine C. Baron (0092447)
Assistant City Solicitors
801 Plum Street, Suite 214
Cincinnati, Ohio 45202
(513) 352-4551
shuva.paul@cincinnati-oh.gov
katherine.baron@cincinnati-oh.gov
*Trial Attorneys for Defendant City of Cincinnati*

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed on February 28, 2025 with the Clerk of Courts via the CM/ECF system. Notice of this filing was sent to all parties by operation of the Court's electronic filing system, and copies were caused to be mailed to all parties not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

*Shuva J. Paul*___
Shuva J. Paul (0088484)