# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| BRENDON TAYLOR, et al., | : | Case No. 1:24-cv-204 |
| | : | |
| Plaintiffs, | : | Judge Susan J. Dlott |
| | : | |
| -vs- | : | THIRD-PARTY CITY OF |
| | : | CINCINNATI'S MOTION FOR |
| JESSE LEE ANTHONY | : | SANCTIONS AND ATTORNEY'S |
| HOOVEN, et al., | : | FEES UNDER FED RULE CIV. |
| | : | PROC. R. 11 |
| Defendants. | : | |

Third-Party Defendant City of Cincinnati and Third-Party Defendant Sheryl M. Long ("Long") (collectively, "Movants") submit their Motion for Sanctions and Attorney's Fees against Defendant Jesse Lee Anthony Hooven and his attorneys, Zachary Gottesman, Esq. and Robb S. Stokar, Esq. (collectively "Respondents") pursuant to Fed. R. Civ. P. 11, for their objectively frivolous conduct in filing their Cross Claim and Third-Party Complaint for Injunctive Damages. (Crossclaim Compl., Doc. 79, PageID 712-718).

Respectfully submitted,
**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

*/s/ Katherine C. Baron*
Katherine C. Baron (0092447)
Shuva J. Paul (0088484)
Assistant City Solicitors
801 Plum Street, Suite 214
Cincinnati, Ohio 45202
(513) 352-4705
katherine.baron@cincinnati-oh.gov
shuva.paul@cincinnati-oh.gov
*Counsel for City of Cincinnati*

1

**MEMORANDUM**

I. **Introduction**

Respondents' meritless and frivolous decision to file a crossclaim against Movants alleging that "Officer Hooven acted in his nondiscretionary capacity as a police officer and public official under color of State law," clearly offends the very purpose of Fed. R. Civ. P. 11(b)(2). (*See* Crossclaim Compl., Doc 79, PageID 713, ¶ 6). This Court has already issued an Order concluding that Officer Hooven's alleged conduct was not related "to his status as a police officer or to the performance of his duties," and that the Court could not accept that Officer Hooven was acting "under the color of state law when the facts establish otherwise." (Order, Doc. 75, PageID 688, 691). Moreover, and even more notably, Officer Hooven has conceded that "the City cannot be held liable for Officer Hooven's conduct as that conduct was private in nature and not under color of law." (Hooven's Motion to Dismiss, Doc. 65, PageID 586).

As Respondents cannot seriously argue that their crossclaim puts forth any nonfrivolous arguments when the Court has already determined and they have already conceded that Officer Hooven was not acting under the color of state law, the Court should grant Respondents' motion for sanctions and attorney's fees pursuant to Civ. R. P. 11.

II. **Statement of Facts**

Movants respectfully refer to the Court's January 3, 2025 Order for a rendering of the pertinent facts alleged in this action. (Order, Doc, 75, PageID 677-681). Officer

Hooven's Crossclaim Complaint alleges no new or additional facts other than to allege that the City "has refused to defend and indemnify Officer Hooven" in this case and that he "doesn't have the financial resources to hire experienced and competent counsel to represent him." (Crossclaim Compl., Doc. 79, ¶¶ 9-10). The remainder of the allegations consist of legal conclusions.

### III. Standard of Review

According to Fed.R.Civ.P 11(b), by signing, filing, or otherwise presenting a pleading to the Court, the presenter "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the pleading is not presented for an improper purpose, the contentions are not frivolous, and the factual contentions have–or will likely have after reasonable discovery–evidentiary support. *TD Invests., LLC v. Natl City Bank*, S.D. Ohio No. 1:21-cv-337, 2022 U.S. Dist. LEXIS 58661, at *22 (Mar. 30, 2022). A legal contention is frivolous if it is "obviously without merit" under existing law and unsupported by a good-faith argument to change or extent the law. *King v. Whitmer*, 71 F.4th 511, 528 (6th Cir. 2023) (internal citations omitted) (citing Fed. R. Civ. P 11(b)(2).

If a district court determines that a party has violated Fed. R. Civ. P. 11(b), it may, "after notice and a reasonable opportunity to respond…impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Abe v. Michigan State Univ. Bd. of Trustees*, 2018 U.S. App. LEXIS 128, at *6 (Jan. 3, 2018) (quoting Fed. R. Civ. P 11(c)(1)). To impose sanctions, the

3

court must find "bad faith or conduct tantamount to bad faith." *Harmon v. Hamilton Cty.*, U.S. Dist. LEXIS 141341, at * 17 (Dec. 7, 2011) (quoting *BDT Prods., Inc. v. Lexmark Int'l Inc.*, 602 F.3d 742, 752 (6th Cir. 2010)). The court must find something more than that a party knowingly pursued a meritless claim or action at any stage of the proceedings. *Id.*

## IV. Argument

Here, Respondents engaged in frivolous conduct by initiating a crossclaim and third-party complaint for injunctive damages when the Court has already determined, and Officer Hooven has conceded, he is unable to rely upon Ohio's Indemnification statute.

On January 3, 2025, the Court issued an order granting the City of Cincinnati's motion to dismiss. (Order, Doc. 75). In that order, the Court concluded that Officer Hooven's alleged conduct was not related "to his status is a police officer or the performance of his duties," and that it could not accept that Hooven was acting "under the color of state law when the facts established otherwise." (*Id.*, PageID 688, 691).

In reaching that conclusion and granting the City's motion to dismiss, the Court also granted Officer Hooven's motion to dismiss (Hooven Motion to Dismiss, Doc. 65) with respect to the federal claims against him. In that motion, he "incorporate[d] by reference and in full, the arguments by the City in its motion to dismiss as respects [sic] Jesse Hooven's alleged state action." (*Id.*, PageID 587). Removing any doubt as to what Officer Hooven was incorporating, Officer Hooven, in that same filing asserted that "the City cannot be held liable for Officer Hooven's

4

conduct as that conduct was private in nature and not under color of law." (*Id.*, PageID 586).

Now, in direct contradiction to Officer Hooven's prior admissions, he asserts that because the Amended Complaint (Doc. 55) alleges that Officer Hooven was acting in his "nondiscretionary capacity as a police officer and public official under color of State law," the City is required to defendant or indemnify Officer Hooven pursuant to R.C. 2744.07. (Crossclaim Compl., Doc. 79, PageID 713-714). This is not so.

Under R.C. 2744.07(A)(1), "* * * a political subdivision shall provide for the defense of an employee, * * * in any civil action or proceeding which contains an allegation for damages for injury, death, or loss to person or property caused by an act or omission of the employee in connection with a governmental or proprietary function." Similarly, under R.C. 2744.07(B)(1), employees are afforded indemnification for any judgment that is obtained against the employee for acts in connection with a governmental function. However, a political subdivision does not have the duty to provide for the defense and indemnification of an employee if the act or omission occurred while the employee was acting manifestly outside the scope of the employee's employment or official responsibilities." R.C. 2744.07(A)(2)(b); R.C. 2744.02(B)(2)(b).

As this Court has already determined and, notably, Officer Hooven has already admitted that he was acting outside the scope of his employment and without color of State law, it is clear that the City does not have a duty to defend or indemnify him

5

under the exceptions outlined in R.C. 2744.07(A)(2)(b) and R.C. 2744.07(B)(2)(b). Therefore, Respondents' Crossclaim and Third-Party Complaint for Injunctive Damages is both frivolous and unreasonable.

Based on the foregoing, Respondents cannot genuinely believe that there is any merit to their claim that Officer Hooven was acting within the scope of his employment or under color of state law. As such, it was both unreasonable and frivolous for Respondents to file a crossclaim and third-party complaint for injunctive damages alleging that the City has a duty to defend and indemnify him for actions that clearly occurred outside the scope of his employment and without color of State law. Therefore, this Court should grant the Movant's motion for Rule 11 sanctions and attorney fees.

                    Respectfully submitted,
                    **EMILY SMART WOERNER (0089349)**
                    **CITY SOLICITOR**

                    */s/Katherine C. Baron*
                    Katherine C. Baron (0092447)
                    Shuva J. Paul (0088484)
                    Assistant City Solicitors
                    801 Plum Street, Suite 214
                    Cincinnati, Ohio 45202
                    (513) 352-4705
                    katherine.baron@cincinnati-oh.gov
                    shuva.paul@cincinnati-oh.gov
                    *Counsel for City of Cincinnati*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was filed on April **3**, 2025 with the Clerk of Courts via the CM/ECF system. Notice of this filing was sent to all parties by operation of the Court's electronic filing system, and copies were caused to be mailed to all parties not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

Pursuant to Rule 11(c)(2), prior to filing the foregoing Motion with the Court, I hereby also certify that a copy of this Motion was served by electronic mail upon Respondents on January 30, 2025, specifically upon the following counsel:

| | |
|---|---|
| Zachary Gottesman | Robb S. Stokar |
| Gottesman & Associates, LLC | Stokar Law, LLC |
| 9200 Montgomery Road, Bldg. E, # 18B | 9200 Montgomery Road |
| Cincinnati, Ohio 45202 | Building E-Suite 18B |
| (513) 651-2121 | Cincinnati, Ohio 45242 |
| zg@zgottesmanlaw.com | rss@stokarlaw.com |

                                                  */s/ Katherine C. Baron*
                                                  Katherine C. Baron (0092447)