IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Brendon Taylor, er al., | Case No. 1:24-CV-00204-SJD |
| Plaintiffs, | Judge Dlott |
| v. | MEMORANDUM IN OPPOSITION TO TO THIRD-PARTY DEFENDANT CITY OF CINCINNATI'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES |
| Jesse Hooven, et al., | |
| Defendants. | |

Defendant/Third-Party Plaintiff Jesse Lee Anthony Hooven ("Officer Hooven"), through counsel, submits this Memorandum in Opposition to the Motion for Sanctions and Attorney's Fees filed by Third-Party Defendants City of Cincinnati and Sheryl M. Long (collectively, "Movants") pursuant to Fed. R. Civ. P. 11 (Doc. 94). The Movants' motion is baseless and should be denied. Officer Hooven's crossclaim and third-party complaint (Doc. 79) are firmly grounded in the plain language of R.C.2744.07 and supported by controlling case law, including the Ohio Supreme Court's decision in *Rogers v. City of Youngstown*, 61 Ohio St. 3d 205, 574 N.E.2d 451 (1991). Furthermore, this Court's recent decision granting in part Plaintiffs' Motion for Reconsideration (Doc. 95) confirms that Officer Hooven's conduct, as alleged, could be considered "state action," thereby triggering the City's duty to defend under R.C. 2744.07(A)(1).[1] The crossclaim is neither frivolous nor filed in bad faith, and sanctions are unwarranted.

---

[1] Officer Hooven denies all wrongdoing, however, the issues raised in his crossclaim are based on the Plaintiffs' claims as alleged.

1

I. **Introduction**

The Movants seek sanctions against Officer Hooven and his counsel, Zachary Gottesman, Esq., and Robb S. Stokar, Esq., alleging that the crossclaim asserting the City's duty to defend and indemnify Officer Hooven is frivolous under F.R.C.P. 11(b)(2). The Movants' argument hinges on their assertion that Officer Hooven's conduct was not under color of state law and was outside the scope of his employment, relying on this Court's January 3, 2025, Dismissal Order (Doc. 75).

However, this Court's April 15, 2025, Order (Doc. 95) reversed in part the Dismissal Order, finding that Plaintiffs plausibly alleged that Officer Hooven acted under color of state law when he requested Madison Paul to access the Ohio Statewide Automated Child Welfare Information System ("SACWIS") and disseminated confidential information to Holly Hooven. This finding directly supports the crossclaim's contention that the City has a statutory duty to defend Officer Hooven under R.C. 2744.07(A)(1), as the Plaintiffs' allegations involve acts "in connection with a governmental function" and "under color of state law." The crossclaim is supported by the plain language of the statute, Ohio and federal case law, and the procedural posture of the case, rendering the Movants' motion meritless.

II. **Legal Standard**

Under Fed. R. Civ. P. 11(b), an attorney or party certifies that a pleading is not presented for an improper purpose, is warranted by existing law or a nonfrivolous argument for extending the law, and has evidentiary support or is likely to have support after discovery.

Sanctions may be imposed only if the court finds "bad faith or conduct tantamount to bad faith" and the pleading is "obviously without merit." *King v. Whitmer*, 71 F.4th 511, 528 (6th Cir. 2023); *Harmon v. Hamilton Cty.*, 2011 U.S. Dist. LEXIS 141341, at *17 (S.D. Ohio Dec. 7, 2011). The Sixth Circuit emphasizes that Rule 11 sanctions are an "extreme" remedy, reserved for cases where a claim is patently baseless. *Tropf v. Fid. Nat'l Title Ins*. Co., 289 F.3d 929, 937 (6th Cir. 2002). A claim is not frivolous merely because it is ultimately unsuccessful, as long as it is supported by a reasonable legal basis. See *id*. And Officer Hooven's request for the City to defend him, as is its statutory duty, is both reasonable and correct under the law.

### III. Argument

#### A. The Crossclaim Is Firmly Grounded in the Language of R.C. 2744.07 and Ohio Case Law

The crossclaim asserts that the City has a statutory duty to defend Officer Hooven under R.C. 2744.07(A)(1), which provides:

> "A political subdivision shall provide for the defense of an employee, in any civil action or proceeding **which contains an allegation for damages for injury, death, or loss to person or property caused by an act or omission of the employee in connection with a governmental or proprietary function** if the act or omission occurred or is alleged to have occurred while the employee was acting both in good faith and not manifestly outside the scope of the employee's employment or official responsibilities."

The statute's disjunctive language imposes a duty to defend if the employee's act either occurred or is alleged to have occurred in good faith and within the scope of employment. *Rogers v. City of Youngstown*, 61 Ohio St. 3d 205, 208, 574 N.E.2d 451 (1991). The Ohio Supreme Court in *Rogers* held that a political subdivision's duty to defend is triggered by the **allegations** in the complaint, regardless of the employee's actual conduct

3

or the ultimate merits of the claim. *Id*. at 209. (emphasis added.) In *Rogers*, the city was required to defend a police officer despite its belief that the officer's actions were outside the scope of employment, because the plaintiff's complaint alleged the officer acted "within the scope of his employment." *Id*. at 208-09.

Here, Plaintiffs' Amended Complaint (Doc. 55) explicitly alleges that Officer Hooven acted "in his nondiscretionary capacity as a police officer and public official under color of State law" when he requested Madison Paul to access SACWIS and disseminated confidential information (Doc. 55, ¶¶ 78-79). These allegations mirror those in *Rogers*, where the plaintiff alleged the officer was "acting within the scope of his employment" while in uniform and on duty. *Rogers*, 61 Ohio St. 3d at 208.

The Rogers court rejected the city's argument that the absence of an explicit "good faith" allegation negated its duty, noting that such a requirement would be "incongruous" with a plaintiff's incentives in suing an employee. *Id*. at 209. Similarly, the City's insistence that Officer Hooven's conduct was private ignores the statutory mandate to focus on the allegations in the complaint, not the City's *post hoc* assessment of the facts.

Moreover, the 2003 amendments to R.C. 2744.07, cited by the Movants, do not alter this analysis. While the amendments removed the "alleged to have occurred" prong for determining the actual duty to defend after a hearing under R.C. 2744.07(D), they preserved the duty to provide a defense based on the pleadings until such a hearing is held. See *Cantwell v. Franklin Cty. Bd. of Comm'rs*, 2011 Ohio Misc. LEXIS 17837, at *14-20 (Franklin Cty. C.P. Sep. 9, 2011). The City has not filed a motion for a hearing under R.C. 2744.07(D),

4

nor has discovery concluded to resolve factual disputes about Officer Hooven's conduct. Thus, the City's duty to defend remains intact based on the allegations in the Amended Complaint, as reinforced by *Rogers* and subsequent case law. See also *Gillispie* v. City of Miami Twp., 2023-Ohio-2943, ¶ 24 (2d Dist.) (affirming that the duty to defend is triggered by allegations of acts within the scope of employment).

**B. The Court's Finding of "State Action" Reinforces the Crossclaim's Legal Basis**

This Court's April 15, 2025, Order (Doc. 95) further validates the crossclaim by finding that Plaintiffs plausibly alleged Officer Hooven acted under color of state law when he requested SACWIS access and disseminated confidential information. The Court held:

> "Plaintiffs pleaded sufficient facts to state plausible claims that Officer Hooven acted under the color of state law when he requested Ms. Paul to query Mr. Taylor in SACWIS and then disseminated the confidential information to Ms. Hooven."
> (Doc. 95, PageID 876).

This finding is critical because "state action" under 42 U.S.C. § 1983 is closely aligned with the "governmental function" and "scope of employment" requirements of R.C. 2744.07(A)(1). The Sixth Circuit has articulated a two-part test for state action: whether the official "possessed state authority" and "purported to act under that authority." *Mackey v. Rising*, 106 F.4th 552, 559 (6th Cir. 2024). The Court's analysis in Doc. 95 directly applies this test, noting that Officer Hooven's request to Ms. Paul was made in his capacity as a police officer, leveraging the Memorandum of Understanding (MOU) between the City and Hamilton County, which authorizes police officers to receive SACWIS data for child abuse investigations (Doc. 55, PageID 408-10). The Court inferred that Ms. Paul would not have

shared the confidential information but for Officer Hooven's status as a police officer (Doc. 95, PageID 875).

This "state action" finding brings Officer Hooven's alleged conduct squarely within R.C. 2744.07(A)(1)'s scope. The statute requires a defense for acts "in connection with a governmental function," which includes police duties such as investigating potential child welfare issues, as outlined in the MOU (Doc. 55, PageID 405-09).

The Court's determination that Officer Hooven purported to act under his police authority aligns with the Sixth Circuit's holding that § 1983 liability attaches when an official's conduct is "traceable to the State's power or authority." *Lindke v. Freed*, 601 U.S. 187, 198 (2024). Thus, the crossclaim's assertion that the City must defend Officer Hooven is not only nonfrivolous, but directly supported by this Court's ruling, Ohio law, and federal law.

## C. The Crossclaim Is Procedurally Proper and Not Frivolous

The Movants' contention that the crossclaim is an improper vehicle for seeking a defense under R.C. 2744.07 is baseless. While R.C. 2744.07(D) contemplates a motion and hearing to resolve disputes over the duty to defend, Ohio courts have recognized that employees may seek declaratory relief to enforce the duty to defend when a political subdivision refuses to provide counsel. *Rogers*, 61 Ohio St. 3d at 209 (upholding a declaratory judgment action to enforce the city's duty to defend). The crossclaim seeks declaratory judgment and injunctive relief to compel the City to provide a defense (Doc. 79, PageID 713-16), consistent with *Rogers* and federal practice under 28 U.S.C. § 2201. The

6

Sixth Circuit has upheld the use of declaratory actions to resolve statutory duties, particularly where, as here, the employee faces significant financial hardship without a defense. See *Bloch v. Ribar*, 156 F.3d 673, 682 (6th Cir. 1998) (recognizing the need for judicial remedies to protect constitutional and statutory rights).

Moreover, the Movants' reliance on *Wallace v. Montgomery Cty.*, 2018 U.S. Dist. LEXIS 23858 (S.D. Ohio Feb. 14, 2018), is misplaced. Wallace addressed a private right of action under a different statutory scheme and did not involve R.C. 2744.07 or a declaratory judgment claim. In contrast, Officer Hooven's crossclaim is a proper procedural mechanism to challenge the City's refusal to defend, especially given the ongoing nature of the litigation and the City's failure to initiate a hearing under R.C. 2744.07(D).

Finally, while it may be determined that the City ultimately owes no duty to defendant Officer Hoover, the time to make that determination has not arisen. The plain language of the statute requires the "political subdivision shall file the motion within thirty days of the close of discovery in the action." R.C. 2744.07(D). In this matter, discovery has not yet begun in earnest and the Court has not yet set a closure date. Thus, the City's claims of its non-obligation to defend Officer Hooven are both factually legally premature. For that reason, Officer Hooven's request for defense at the outset of this matter is proper.

**D. The Crossclaim Was Filed in Good Faith and Is Not Frivolous**

The Movants' assertion that the crossclaim was filed in bad faith ignores the procedural history and legal basis for Officer Hooven's claim. Officer Hooven's counsel engaged in good-faith discussions with the City to resolve the dispute, as evidenced by the

7

May 31, 2024 and February 3, 2025, emails to and from the undersigned and counsel for the movants attached hereto as Ex. 1 and Ex. 2. Counsel cited R.C. 2744.07, *Rogers*, and *Gillispie* to support the City's duty to defend based on the Plaintiffs' allegations, and requested a dialogue to avoid further litigation (*Id*.). The City's refusal to engage constructively and its subsequent sanctions motion do not negate Officer Hooven's reasonable belief in the merits of his claim nor the City's statutory duty.

The Sixth Circuit has cautioned against imposing sanctions where a claim is supported by a plausible legal theory, even if it faces challenges. *Tropf*, 289 F.3d at 937. Here, the crossclaim is supported by the plain language of R.C. 2744.07, the Ohio Supreme Court's interpretation in *Rogers*, and this Court's finding of state action (Doc. 95). The Movants' reliance on Officer Hooven's prior motion to dismiss (Doc. 65), where he incorporated the City's arguments that his conduct was private, does not render the crossclaim frivolous.

That motion addressed the merits of Plaintiffs' § 1983 claims, not the City's statutory duty to defend under R.C. 2744.07, which is governed by the allegations in the complaint. See *Rogers*, 61 Ohio St. 3d at 208. The crossclaim's focus on the City's duty based on those allegations is legally distinct and well-founded.

**E. Sanctions Are Inappropriate Given the Policy Implications and Officer Hooven's Rights**

Imposing sanctions would undermine the policy underlying R.C. 2744.07, which is designed to protect public employees from financial ruin when sued for alleged acts in their official capacities. *Rogers*, 61 Ohio St. 3d at 209. Officer Hooven lacks the financial

8

resources to hire competent counsel (Doc. 79, PageID 714), and the City's refusal to defend him risks irreparable harm, including potential waiver of defenses or a substantial judgment. The Sixth Circuit has recognized the importance of ensuring public officials are not deterred from performing their duties due to fear of personal liability. See *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982) (emphasizing that qualified immunity balances public officials' duties with individual rights). Similarly, R.C. 2744.07 ensures that employees like Officer Hooven are defended when allegations implicate their official roles, as here.

The Movants' sanctions motion also risks chilling legitimate advocacy. The Sixth Circuit has warned that Rule 11 sanctions should not deter counsel from pursuing novel or challenging claims supported by existing law. *Tropf*, 289 F.3d at 937. Officer Hooven's crossclaim is neither novel nor baseless; it is a straightforward application of R.C. 2744.07 and *Rogers*, bolstered by this Court's state action finding. Granting sanctions would penalize counsel for representing their client and asserting a statutorily protected right, contrary to federal and Ohio policy.

### IV. CONCLUSION

The City's Motion for Sanctions and Attorney's Fees (Doc. 94) is baseless and should be denied. Officer Hooven's crossclaim is firmly grounded in the plain language of R.C. 2744.07, the Ohio Supreme Court's decision in *Rogers v. City of Youngstown*, and this Court's April 15, 2025, finding that Officer Hooven's alleged conduct constitutes state action (Doc. 95). The crossclaim is procedurally proper, filed in good faith, and supported by Sixth Circuit precedent emphasizing the need for plausible legal theories and robust

advocacy. Imposing sanctions would undermine the statutory protections of R.C. 2744.07 and chill legitimate claims. Officer Hooven respectfully requests that the Court deny the Movants' motion in its entirety and grant such other relief as the Court deems just.

>Respectfully submitted,
>
>*/s/Zachary Gottesman*
>Zachary Gottesman (0058675)
>Gottesman & Associates, LLC
>9200 Montgomery Road, Bldg. E, #18B
>Cincinnati, Ohio 45202
>513/651-2121
>zg@zgottesmanlaw.com
>
>
>*/s/Robb Stokar*
>Robb Stokar (0091330)
>Stokar Law, LLC
>9200 Montgomery Road, Bldg. E, #18B
>Cincinnati, Ohio 45202
>513/500-8511
>rss@stokarlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been electronically filed on the 21st day of April 2025, and electronically served upon all counsel of record on the same date through the CM/ECF of the USDC for the Southern District of Ohio.

>*/s/Zachary Gottesman*
>Zachary Gottesman (0058675)
>Gottesman & Associates, LLC

**From:** Paul, Shuva Shuva.Paul@cincinnati-oh.gov   Exhibit 1
**Subject:** RE: Re: [External Email] Hooven
**Date:** May 31, 2024 at 4:14 PM
**To:** Zachary Gottesman zg@zgottesmanlaw.com
**Cc:** Hicks, William William.Hicks@cincinnati-oh.gov



Zach, thanks for the communication. The City's intention is to wait for the ruling on its MTD (filed May 17) before any reconsideration of its position on not defending PO Hooven (a position that extends to not covering the costs of outside counsel). If the Court grants the City's MTD, that will confirm what the City has been saying since the outset about this case being a purely personal dispute between private parties. If the Court denies the MTD, the City then would want to understand why the MTD was denied, and that would be when we might revisit the position not to defend. We appreciate what plaintiffs are alleging about "color of law." But the City's MTD takes direct aim at those conclusory color-of-law allegations and points out that plaintiffs' own factual allegations in the complaint plainly show that PO Hooven was <u>not</u> acting under color of law the way case law defines that term, not even for purposes of the MTD where we draw all reasonable inferences in favor of the plaintiffs.

Our understanding is that if any of plaintiffs' claims against PO Hooven survive the close of discovery, he will have an opportunity at that point to have the court look at the duty-to-defend issue. We realize this means PO Hooven has to go out and secure counsel on his own dime with no guarantee of coverage by the City. But the decision to send PO Hooven the letter of non-representation was not taken lightly and is in accordance with the City's wishes. Our client's directive to us at this point requires us to see what the Court does with the MTD.

I know this is not the news you or PO Hooven want to hear and I wish things were different. I'm here for a bit longer today and will be around next week except for Friday.
-S

**From:** Zachary Gottesman <zg@zgottesmanlaw.com>
**Sent:** Friday, May 31, 2024 12:27 PM
**To:** Paul, Shuva <Shuva.Paul@cincinnati-oh.gov>
**Cc:** Hicks, William <William.Hicks@cincinnati-oh.gov>
**Subject:** [External Email] Re: Hooven

**External Email Communication**

Shuva,

Thanks for reaching out. Notwithstanding Mr. Hicks letter of May 7, 2024, the City should be defending Officer Hooven or preferably paying for his defense.  Is the City willing to reconsider its position?

I've read Mr. Hicks' letter so I don't need you to reiterate what's there.  Plaintiffs are alleging "At all times relevant to this Complaint, Officer Hooven acted in his nondiscretionary capacity as a police officer and public official under color of State law". Complaint, ¶72.  There are other similar allegations throughout the Complaint.  Those allegations should control the City's analysis.

Instead of defending Officer Hooven, the City's Law Department has taken an

adverse position to Officer Hooven as evidenced by Mr. Hicks' letter.  Accordingly, It would be a conflict for the City Law Department to defend him in the Taylor proceedings and he should be provided outside/conflict-free counsel at the City's expense. Please let me know if the City is willing to do so.

At present, Officer Hooven has not been served.  If he gets served, he is not in a position financially to hire counsel to defend him. That makes the City's decision not to defend him especially problematic.

Kind regards.

Zachary Gottesman, Esq.
Gottesman & Associates, LLC
9200 Montgomery Road, Bldg. E, Ste. 18B
Cincinnati, Ohio  45242
Tele: 513/651-2121
Fax: 513/586-0655
Mobile: 513/225-8997
zg@zgottesmanlaw.com

The preceding information is from the law firm of Gottesman & Associates, LLC, and may be protected by attorney/client privilege. If you believe it has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error, then delete the message. Do not retain a copy. Thank you.

On May 31, 2024, at 12:03 PM, Paul, Shuva <Shuva.Paul@cincinnati-oh.gov> wrote:

Good afternoon, Zach, I hope you're well. Will mentioned to me that you might want to talk about Jesse Hooven and how the City is not representing him in this Taylor v. Hooven case. We filed an MTD in the case two weeks ago to get the City dismissed, and so you might have already seen our arguments there. But please feel free to get in touch.
Regards,
Shuva



**Shuva J. Paul**
Litigation Division
Office of the City Solicitor
801 Plum Street, Suite 214
Cincinnati, Ohio 45202
513.352.4551 (direct dial)

NOTICE: This email is for the use of the named addressee only and may contain information that is privileged or confidential. It is not meant to be copied or forwarded to any unauthorized persons. If you have received this email in error, please delete it and notify the sender of the error. Thank you.

Exhibit 2

**From:** Paul, Shuva Shuva.Paul@cincinnati-oh.gov
**Subject:** Re: Brandon Taylor, et al., v. Jesse Lee Anthony Hooven, et al., 1:24-cv-204
**Date:** February 18, 2025 at 3:40 PM
**To:** Zachary Gottesman zg@zgottesmanlaw.com
**Cc:** Robb Stokar rss@stokarlaw.com, Baron, Katherine katherine.baron@cincinnati-oh.gov



Dear Zach,

Katey and I appreciate the phone call conversation you had with us recently. We write to follow up with further thoughts in the hope of a resolution that avoids the need for judicial intervention. To recap the City's position: to avoid not only a motion to dismiss but a motion for sanctions, we ask that Officer Hooven withdraw his crossclaim before the City's deadline to respond.

As an initial matter, we recognize that, in the crossclaim, you seek a declaratory judgment not only with regard to a duty to defend, but also with respect to a duty to indemnify. However, for the duty to indemnify question even to arise, there must be a judgment. See R.C. 2744.07(B)(1). Accordingly, it is only your client's duty-to-defend claim that warrants a response at this juncture. Below is some case law in support of the City's position that we believe should help persuade your client to withdraw his crossclaim.

**The pleadings do not provide Officer Hooven with a basis for requiring the City to provide for his defense**

On the phone call with us, you reiterated your belief that the *allegations* in plaintiffs' complaint, determine the duty to defend Officer Hooven under R.C. 2744.07. Based upon what your client alleges and upon what Judge Dlott has ruled, your view fails on several fronts. It ignores the plain language of 2744.07(D) stating the pleadings "shall not be determinative," and further does not take into account the 2003 amendments to R.C. 2744.07. Those amendments, among other things, removed the provision of a defense to an employee for an *alleged* occurrence of an act or omission. A side-by-side comparison of the former law and current law makes that clear and discredits your client's position on this issue.

The pre-2003 law required a political subdivision to provide a defense "if the act or omission occurred or is alleged to have occurred while the employee was acting in good faith and not manifestly outside the scope of his employment or official responsibilities." The 2003 amendments eliminated the allegation prong to simply require a political subdivision to provide a defense "if the act or omission occurred while the employee was acting both in good faith and not manifestly outside the scope of employment or official responsibilities." See Am Sub. S.B. 106 Final Bill Analysis Legislative Service Commission; *see also Cantwell v. Franklin Cnty. Bd. Of Comm'rs*, Franklin Nos. 09CVH-13720, 09CVH-09-14560, *14-20 2011 Ohio Misc. LEXIS 17837 (Sep. 9, 2011) )(reviewing the amendments and ruling that the employee's conduct to be manifestly outside the scope of his employment despite inmates' allegations to the contrary). It bears noting that, in 2018, the legislature further drove home this point by amending R.C. 2744.07 further to clarify that a political subdivision "does not have the duty to provide for the defense" when the act or omission, among other things, "occurred while the employee was acting manifestly outside the scope of the employee's employment or official

responsibilities." Simply put, pointing to the pleadings as a basis upon which to require the City to provide Officer Hooven with a defense not only utterly lacks legal support—but it flies directly in the face of Ohio law that has consistently interpreted the 2003 amendments for two decades in keeping with the City's position here. *See McCormack v. Jefferson Area Local Sch. Dist.*, 2018-Ohio-3744, \*19 (11th Dist.) ("The pleadings themselves no longer provide an alternative basis on which to require a subdivision to provide its employee with a defense.")

**Officer Hooven's crossclaim should be withdrawn because it is also the wrong vehicle to utilize here**
The 2003 amendments also removed the ability for an employee to assert a private right of action—something Officer Hooven's crossclaim on its face fails to recognize. R.C. 2744.07(A)(2) is self-executing and the City may or may not avail itself of the process in R.C. 2744.07(D). Furthermore, any dispute over the non-provision of a defense is to be done via motion practice and not by a separate action. *See, e.g., Wallace v. Montgomery Cty.*, No. 3:17cv183, 2018 U.S. Dist. LEXIS 23858, \*14 (S.D. Ohio Feb. 14, 2018) (declining to hold that an employee has a private right of action to enforce a statutory right to a legal defense). As such, Officer Hooven's crossclaim is improper.

**The Court's ruling further obviates the need for a duty-to-defend hearing**
This is not a case that requires discovery to determine the facts that would trigger a duty to provide a defense. Not only has the Court already found the pleadings insufficient to support a finding that Officer Hooven was acting under color of law—but Officer Hooven has explicitly incorporated in full the City's arguments on that point in his filings, even reiterating this position in the same filing that contains his crossclaim. (ECF No. 79, PageID 705). Thus, this is not a case where any facts on that question have yet to be determined. *See Pippin v. City of Reynoldsburg*, 2:17-cv-598, 2019 U.S. Dist. LEXIS 166351, \*36-37 (S.D.Ohio Sep. 27, 2019). There is thus no need for a hearing pursuant to R.C. 2744.07(D). The plain language of that subsection makes clear that there is no duty to provide for the defense of an employee when the employee "was acting manifestly outside the scope of the employee's employment or official responsibilities." R.C. 2744.07(A)(2)(b). As a matter of law, the Court's previous finding that Officer Hooven was not acting under color of law encompasses the finding that Officer Hooven was not acting within the scope of his employment. *See Miller v. Leesburg*, Nos. 97APE10-1379, 97APE10-1380 1998 Ohio App. LEXIS 5645, \*23-24 (10th Dist. Dec. 1, 1998).

**Withdrawal of the crossclaim to avoid sanctions**
For the reasons contained in this email and in the Motion for Sanctions that was sent on January 30, 2025, the City believes Officer Hooven's duty-to-defend crossclaim invites the imposition of sanctions as it appears to be "obviously without merit." *See King v. Whitmer*, 71 F.4th 511, 528 (6th Cir. 2023). Given Officer Hooven's statements in his other filings, it would appear that the crossclaim is not brought in good faith and is frivolous.

In closing, the City offers to resolve this matter by agreeing not to move for sanctions in exchange for Officer Hooven's withdrawal of his crossclaim against the

sanctions in exchange for Officer Hooven's withdrawal of his crossclaim against the City. The City has until February 28, 2025, to respond to the crossclaim. We ask for an update by February 24 on this matter.

Sincerely,
Shuva



**Shuva J. Paul**
Senior Assistant City Solicitor
Litigation Division
Office of the City Solicitor
801 Plum Street, Suite 214
Cincinnati, Ohio 45202
513.352.4551 (direct dial)

*This email may include privileged attorney-client communications.  If you are not the intended recipient, please delete this email, destroy all copies, and notify the sender.  Thank you.*

---

**From:** Zachary Gottesman <zg@zgottesmanlaw.com>
**Sent:** Monday, February 3, 2025 2:00 PM
**To:** Baron, Katherine <katherine.baron@cincinnati-oh.gov>
**Cc:** Robb Stokar <rss@stokarlaw.com>; Paul, Shuva <Shuva.Paul@cincinnati-oh.gov>
**Subject:** [External Email] Re: Brandon Taylor, et al., v. Jesse Lee Anthony Hooven, et al., 1:24-cv-204

**External Email Communication**

Katey,

I would like to discuss this with you. I sincerely believe you've taken an unjustified position in your Motion for Sanctions. Allow me to explain...

First of all, it is important to note that Officer Hooven is alleging the City has two distinct duties under R.C. 2744.07:

- The duty to defend Officer Hooven in the litigation; and
- The duty to indemnify Officer Hooven for any damages he may be ordered to pay Plaintiffs.

For the moment, I am only focusing on the City's duty to provide him with a defense.

Plaintiffs **alleged** Officer Hooven's actions were taken in his official capacity as Cincinnati Police Officer.  I know Plaintiff's claims are ludicrous.  However, I also believe the statute (RC 2744.07) and case law make clear it is the Plaintiffs'

allegations (not the truth of allegations) that control and gives rise to the City's duty to defend Officer Hooven.  Even though the Judge disposed of Plaintiff's §1983 claims, Plaintiffs are now seeking reconsideration and/or FRCP 54(b) language so they can appeal.  Further, Officer Hooven incurred substantial fees in connection with the Motion to Dismiss and his defense of the matter to date. Given this current procedural posture, I think the City's duty is ongoing, notwithstanding the Court's Jan. 3, 2025, Decision.

I realize the statute was amended in 2018, but I believe the Rogers case and the Gillispie case give guidance that supports Officer Hooven's position.  Furthermore, the City has ignored the procedure set forth in R.C. 2744.07(D). Specifically, discovery has not concluded, the City has not filed a a Motion as required under the statute and the Court has not held the required hearing.

Let me know when you have a moment to discuss it. I think the language of the statute, the state court case law and federal case law support the position that the City's duty is determined by looking to the Plaintiffs' allegations in the Amended Complaint.

Finally, I must add If you do file a Motion for Sanctions against me, I will have no choice but to file a similar Motion against you. I would like to avoid that.

Thanks,

Zachary Gottesman, Esq.
Gottesman & Associates, LLC
9200 Montgomery Road, Bldg. E, Ste. 18B
Cincinnati, Ohio  45242
Tele: 513/651-2121
Fax: 513/586-0655
Mobile: 513/225-8997
zg@zgottesmanlaw.com

The preceding information is from the law firm of Gottesman & Associates, LLC, and may be protected by attorney/client privilege. If you believe it has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error, then delete the message. Do not retain a copy. Thank you.'

> On Jan 30, 2025, at 4:01 PM, Baron, Katherine <katherine.baron@cincinnati-oh.gov> wrote:
>
> Good afternoon-
>
> Attached please find a copy of Third-Party City of Cincinnati's Motion for Sanctions and Attorney's Fees Under Federal Rule of Civil Procedure 11. Pursuant to Rule 11(c)(2), this motion is only being served upon counsel at this time and has not been filed or presented to the Court.

Best,
Katey



**Katherine Baron**
Assistant City Solicitor
Law Department – Civil LItigation
513/352-4705 (o) | 513/352-5217 (fax)
Katherine.Baron@Cincinnati-oh.gov

NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling the City of Cincinnati Law Department at (513) 352-3334, so that our address record can be corrected.