# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **Brendon Taylor, et al.,** | : | Case No. 1:24cv204 |
| Plaintiffs, | : | Judge Susan J. Dlott |
| v. | : | **THIRD-PARTY CITY OF CINCINNATI DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SANCTIONS** |
| **Jesse Lee Anthony Hooven, et al.,** | : | |
| Defendants. | : | |

Third-Party Defendant City of Cincinnati ("City") and Third-Party Defendant Sheryl M. Long ("Long") (collectively, "City Defendants") tender this Reply Memorandum in further support of their Motion for Sanctions. (ECF No. 94).

        Respectfully submitted,

        **EMILY SMART WOERNER (0089349)**
        CITY SOLICITOR

        *s/ Shuva J. Paul*
        Shuva J. Paul (0088484)
        Katherine C. Baron (0092447)
        Assistant City Solicitors
        801 Plum Street, Suite 214
        Cincinnati, Ohio 45202
        (513) 352-4551
        shuva.paul@cincinnati-oh.gov
        katherine.baron@cincinnati-oh.gov
        *Trial Attorneys for City Defendants*

## **REPLY MEMORANDUM**

### I. **INTRODUCTION**

The mere fact that Plaintiffs may now advance to discovery on a question of fact does not change the fact that Officer Hooven's conduct concerns an obvious misuse of his authority to advance that most personal of matters, a bitter child-custody dispute. The conduct Officer Hooven is alleged to have engaged in is clearly not connected to his official duties as a police officer. In fact, had Officer Hooven sought to obtain the information using his own access to law enforcement databases, he himself would have seen that as breaking the law. *See* First Amended Complaint, ECF No. 55, PageID 411. His crossclaim and third-party complaint seeking to compel the City to provide for his defense remains frivolous and unreasonable.

### II. **ARGUMENT**

The Court's Order dated April 15, 2025 ("Reconsideration Order", ECF No. 95)) amending in part its January 3, 2025 Dismissal Order ("Dismissal Order", ECF No. 75) in no way weakens the basis for determining that Defendant Officer Jesse Hooven should be sanctioned under Fed. R. Civ. P. 11. Relevant to the pending motion for sanctions, the Court merely determined that Plaintiffs may proceed to discovery concerning the extent to which Defendant Madison Paul *knew* that Officer Hooven had no legitimate law-enforcement-related reason when he solicited her help in obtaining confidential information to help him in his child-custody dispute with his ex-wife. (ECF No. 95, PageID 875, fn1). If discovery leads to a finding that Ms. Paul did *not* know Officer Hooven's true motivation for his request and instead relied upon his authority as a police officer to disclose the information to him, that set of facts still leaves Officer Hooven in the position of acting manifestly outside the scope of his employment and thus ineligible for a taxpayer-funded defense under R.C. 2744.07. *See Browder v. Ohio Dep't*

*of Rehab. & Corr.*, 2022-Ohio-3088, P7 (Ct. of Claims) ("[A]n employee acts manifestly outside the scope of his or her employment "where the employee deviated or departed from his employer's business to engage upon a matter for his own personal purposes without benefit to the employer."); *see also Caruso v. State*, 737 N.E.2d 563 (10th Dist. 2000) (viewing evidence that an employee acted solely for his or her "own personal benefit" or "to gratify personal resentment" as evidence that the employee was acting manifestly outside the scope of employment).

Yet Officer Hooven continues to argue that the City is obligated to provide for his defense, despite the plain language of R.C. 2744.07 and his own characterization that the claim that he acted in his official capacity is "ludicrous." (Email to City Attorneys attached to Officer Hooven's Opp. Mem. To Motion for Sanctions, ECF No. 96, PageID 898). The City Defendants respectfully submit that if it is ludicrous to believe that Officer Hooven was acting in his official capacity when he sought Ms. Paul's assistance with his child-custody dispute, then it is frivolous and unreasonable for Officer Hooven to seek a taxpayer-funded defense under R.C. 2744.07. The Court should grant the City's motion for sanctions.

### III. CONCLUSION

Because Officer Hooven remains in violation of Fed. R. Civ. P. 11, the Court should grant the City Defendants' motion for sanctions.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

*s/ Shuva J. Paul*
Shuva J. Paul (0088484)
Katherine C. Baron (0092447)
Assistant City Solicitors
801 Plum Street, Suite 214

3

Cincinnati, Ohio 45202
(513) 352-4551
shuva.paul@cincinnati-oh.gov
katherine.baron@cincinnati-oh.gov
*Trial Attorneys for City Defendants*

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed on May  5 , 2025 with the Clerk of Courts via the CM/ECF system. Notice of this filing was sent to all parties by operation of the Court's electronic filing system, and copies were caused to be mailed to all parties not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Shuva J. Paul*
Shuva J. Paul (0088484)

4