IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Brendon Taylor, *et al.*, | : | Case No. 1:24-cv-204 |
| | : | |
| Plaintiffs, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | Order Granting in Part and Denying in |
| | : | Part Motion to Dismiss |
| Jesse Lee Anthony Hooven, *et al.*, | : | And Denying Motion for Sanctions |
| | : | |
| Defendants. | : | |

This lawsuit primarily concerns allegations by Plaintiffs Brendon Taylor and Holly Hooven that Defendant Jesse Hooven, Ms. Hooven's ex-husband and a City of Cincinnati, Ohio police officer, improperly accessed and disseminated confidential records about Mr. Taylor to interfere in Mr. Taylor's intimate relationship with Ms. Hooven.  Plaintiffs also sued the City of Cincinnati, Madison Paul, a former employee of Hamilton County, Ohio who helped Officer Hooven access the confidential records, and Hamilton County.  Regarding the already tortuous procedural history of this case, it suffices to say that on April 15, 2025 the Court dismissed all of Plaintiffs' claims against the City of Cincinnati and certain claims against Officer Hooven in a Reconsidered Dismissal Order.  (Doc. 95 at PageID 883.)

The matters pending before the Court involve the Crossclaim and Third-Party Complaint that Officer Hooven filed against the City of Cincinnati and Sheryl Long, the Cincinnati City Manager.  Ms. Long appears to be sued in her official capacity only, so the Court will refer to both Third-Party Defendants collectively as the City.  (Doc. 79.)  Officer Hooven seeks a declaration that the City has a duty under Ohio Revised Code § 2744.07 to defend him and indemnify him as to Plaintiffs' remaining civil rights claims against him.  (*Id.* at PageID 714–717.)  He also seeks damages alleging that the City has refused to defend him in bad faith.  (*Id.* at

1

PageID 715.)  The City has filed a Motion to Dismiss Officer Hooven's Crossclaim and Third-Party Complaint.  (Doc. 88.)  It also has filed a Motion for Sanctions against Officer Hooven and his attorneys, Zachary Gottesman, Esq. and Robb Stokar, Esq.  (Doc. 94.)  Both Motions are fully briefed and ready for adjudication.  For the following reasons, the Court will **GRANT IN PART AND DENY IN PART** the Motion to Dismiss and **DENY** the Motion for Sanctions.

I. ANALYSIS

A. **Motion to Dismiss**

The City moves to dismiss the Crossclaim and Third-Party Complaint filed by Officer Hooven pursuant to Federal Rule of Civil Procedure 12(b)(6), which allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Officer Hooven asserts four overlapping claims based on Ohio Revised Code § 2744.07 in the Crossclaim and Third-Party Complaint: (1) a claim for declaratory judgment ordering the City to defend him against Plaintiffs' claims under § 2744.07(A) until this Court conducts the hearing required by § 2744.07(D); (2) a claim against the City for damages for refusing to defend him; (3) a claim for declaratory judgment under § 2744.07(A) ordering the City to provide for Officer Hooven's defense or be liable to him for the attorney fees, expenses, and costs he incurs to defend himself; and (4) a claim for indemnification under § 2744.07(B) if Plaintiffs prevail against Officer Hooven.  (Doc. 79 at PageID 714–717.)

Relevant to Officer Hooven's claims, Ohio Revised Code § 2744.07(A) requires a political subdivision to provide for the defense of any employee in a civil action which contains an allegation for damages to a person or property caused by an act or omission of the employee unless the act or omission occurred while the employee (1) "was not acting in good faith" or (2) "was acting manifestly outside the scope of the employee's employment or official

2

responsibilities." Ohio Rev. Code § 2744.07(A)(1), (2)(a)&(b). Similarly, § 2744.07(B) requires a political subdivision to "indemnify and hold harmless" an employee in such a civil action unless at the time of the act or omission the employee (1) "was not acting in good faith" or (2) "was not acting within the scope of the employee's employment or official responsibilities." Ohio Rev. Code § 2744.07(B)(1), (2)(a)&(b). When a political subdivision has refused to provide its employee with a defense, upon a motion by the political subdivision, a district court shall conduct a hearing on the duty to defend. Ohio Rev. Code § 2744.07(D). The political subdivision must file the motion within thirty days of the close of discovery, which is commonly the summary judgment stage. *Id.* Then, "[t]he court shall determine whether the political subdivision has the duty to defend the employee under division (A) of this section." *Id.*; *see also Jackson v. Richard*, No. 2:21-cv-574, 2022 WL 3701560, at *8 (S.D. Ohio Aug. 26, 2022) (stating that the Ohio Revised Code § 2744.07(A) determination is for the court); *but see Gillespie v. City of Miami Twp.*, No. 3:13-cv-416, 2023 WL 11922094, at *3–4 (S.D. Ohio Nov. 8, 2023) (allowing jury to resolve factual issues posed by § 2744.07(A)(2)(a)&(b)). Finally, "[t]he pleadings shall not be determinative of whether the employee acted in good faith or was manifestly outside the scope of employment or official responsibilities." Ohio Rev. Code § 1744.07(D).

In the pending Motion to Dismiss, the City makes both procedural and merits based arguments for dismissal. First, the City suggests that Officer Hooven cannot plead claims under § 2744.07 because § 2744.07(D) gives only political subdivisions the right to move for a determination of the duty to defend. Both Ohio and federal courts, however, have interpreted § 2744.07(D) more broadly to allow a political subdivision employee to file claims for declaratory judgment against the political subdivision regarding the duty to defend and duty to

3

indemnify. That is what Officer Hooven has done here in his third and fourth claims for declaratory judgment. (Doc. 27 at PageID 716–717.)

For example, in an Ohio case, a teacher sued his school district for declaratory judgment to determine the school district's § 2744.07(A) duty to defend the teacher in a separate child sexual abuse lawsuit. *McCormack v. Jefferson Area Loc. Sch. Dist.*, 112 N.E.3d 338, 340, 2018-Ohio-3744 (Ohio App. 11th Dist. Sept. 2018). The court resolved the issue in favor of the school district following a bench trial determined on stipulated facts. *Id.*, 112 N.E.3d at 340–341, 345. In *Anderson v. Sutton*, 717 F. App'x 548 (6th Cir. 2017), a corrections officer defendant filed a crossclaim against her county employer co-defendant seeking enforcement of the duty-to-defend provision in § 2744.07(A). *Id.* at 550–551. The district court denied summary judgment to the county on the duty-to-defend issue, and then granted judgment to the corrections officer following a bench trial. *Id.* at 551. The Sixth Circuit reversed that decision on appeal holding that the county had no duty to defend the corrections officer against the underlying claim brought by the prisoner plaintiff. *Id.* at 552.

*Wallace v. Montgomery County, Ohio*, No. 3:17-cv-183, 2018 WL 878327 (S.D. Ohio Feb. 14, 2018), a case relied upon by the City, is consistent with *McCormack* and *Anderson*. The government employee in *Wallace* asserted several claims against Montgomery County arising under § 2744.07, including (1) a declaratory judgment claim regarding the duty to defend, (2) a declaratory judgment claim for indemnification, and (3) a claim for bad faith breach of the duty to defend. *Id.* at *2. Montgomery County moved to dismiss the third claim, but not the first two claims for declaratory judgment. *Id.* at *3–4. The district court dismissed the third claim holding that § 2744.07 did not create a private right of action for government employees to sue for bad faith breach of the duty to defend. *Id.* at *5–6. It did not determine the merits of whether

4

Montgomery County had a duty to defend its employee until six months later and only after it held a hearing at the summary judgment stage. *Wallace v. Montgomery Cnty., Ohio*, No. 3:17-CV-183, 2018 WL 5792174, at *1 (S.D. Ohio Nov. 5, 2018).[1] The district court held that Montgomery County had no duty to defend its employee under § 2744.07(A) because the employee did not act in good faith. *Id.* at *8.

The Court will follow *McCormack*, *Anderson*, and *Wallace*. It will not dismiss Officer Hooven's third and fourth claims against the City for declaratory judgment regarding the duties to defend and indemnify under § 2744.07(A) & (B) without determining the merits. The merits determination is best made after discovery in accordance with § 2744.07(D).

Officer Hooven's first and second claims are different. In the first claim, Officer Hooven seeks a declaration that the City must provide for its defense under § 2744.07(A) *until* the merits hearing prescribed in § 2744.07(D). (Doc. 79 at PageID 714–715.) This request for a provisional declaration of the duty to defend based solely on Plaintiffs' allegations against Officer Hooven cannot be granted. "[T]his argument fails because R.C. 2744.07[(D)], as amended, specifically disclaims the determinativeness of the pleadings." *McCormack*, 112 N.E.3d at 342. "The pleadings shall not be determinative of whether the employee acted in good faith or was manifestly outside the scope of employment or official responsibilities." Ohio Rev. Code § 2744.07(D). The Court must determine whether the City has a duty to defend Officer Hooven against Plaintiffs' allegations on the merits, not on the basis of the pleadings, under § 2744.07(D). For this reason, the Court will dismiss the first claim.

In the second claim, Officer Hooven seeks damages against the City because the City allegedly has refused to defend him "with malicious purpose, in bad faith, or in wanton and

---

[1] Wallace's indemnification claim was moot by the summary judgment stage. 2018 WL 5792174, at *5.

reckless disregard for Officer Hooven's rights." (Doc. 79 at PageID 715–716.) The *Wallace* court analyzed and dismissed a similar claim finding that § 2744.07 does not create a private cause of action for breach of the duty to defend or bad faith breach. 2018 WL 878327, at *4–5. This Court agrees and will dismiss Officer Hooven's second claim against the City.

The City also moves to dismiss the third and fourth claims for declaratory judgment on the merits arguing that the Court can determine without discovery that Officer Hooven acted outside the scope of his employment or official responsibilities when he committed the alleged wrongful acts against Plaintiffs. The City has no duty to defend Officer Hooven if the § 2744.07(A)(2)(b) exception applies and no duty to indemnify him if the § 2744.07(B)(2)(b) exception applies. The City relies in large part on the January 3, 2025 Dismissal Order wherein the Court first addressed whether Officer Hooven could be held liable as a state actor under 42 U.S.C. § 1983, an issue that appears to overlap with the Ohio Revised Code § 2744.07 determination. The Court originally concluded that Plaintiffs had not sufficiently alleged that Officer Hooven's purported conduct was related in a meaningful way to his status as a police officer or the performance of his duties to hold him liable as a state actor under 42 U.S.C. § 1983. (Doc. 75 at PageID 688.) The Court, however, issued a Reconsidered Dismissal Order on April 15, 2025 holding that Plaintiffs had pleaded plausible claims that Officer Hooven acted under the color of state law when he requested Ms. Paul to query Mr. Taylor in the restricted database and then disseminated the confidential information to Ms. Hooven. (Doc. 95 at PageID 875.)[2]

The Court will be better positioned to determine the merits of both the color-of-state-law

---

[2] The City also argues that Officer Hooven admitted in Second Motion to Dismiss that his conduct was private in nature and not under the color of state law. (Doc. 65 at PageID 586.) Officer Hooven made that statement only in connection to the allegations that he tried to pressure school officials and parents into sharing information about Plaintiffs. (*Id.* at PageID 584–586.) Plaintiffs' claims based on those allegations already have been dismissed.

issue under 42 U.S.C. § 1983 and the Ohio Revised Code § 2744.07 issues following discovery. The Court expects the City to move for a determination of its duty to defend Officer Hooven within thirty days after the close of discovery as set forth in § 2744.07(D).  The Court will not dismiss Officer Hooven's third or fourth claims against the City at this time.

**B.      Motion for Sanctions**

The City also filed a Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure.  (Doc. 94.)  It argues that Officer Hooven and his attorneys engaged in objectively frivolous conduct when they filed the Crossclaim and Third-Party Complaint.  The Court has concluded that it will not dismiss the third or fourth claims in the Crossclaim and Third-Party Complaint.  Both the color-of-state-law issue and the Ohio Revised Code § 2744.07 issues raise complicated, fact-specific legal questions.  Officer Hooven's claims are not frivolous simply because they might be determined after discovery to lack merit.  The Court will not sanction Officer Hooven or his attorneys for frivolous conduct in filing the Crossclaim and Third-Party Complaint.

## II. CONCLUSION

For the reasons above, the Motion to Dismiss Officer Hooven's Crossclaim and Third-Party Complaint (Doc. 88) is **GRANTED IN PART AND DENIED IN PART**. Officer Hooven's first and second claims are dismissed, but his third and fourth claims are not dismissed. The Motion for Sanctions (Doc. 94) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge