IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brendon Taylor, et al
                **Plaintiff(s),**

                                                  Civil Action 1:24-cv-0204
    v.                                          Judge Susan J. Dlott
                                                  Magistrate Judge _____

Jesse Lee Anthony Hooven, et al
                **Defendant(s).**

## RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on **8/4/25** and was attended by:

**Justin M. Whittaker**, counsel for plaintiff(s) Brendon Taylor and Holly Hooven
**Rebecca L. Simpson**, counsel for ~~plaintiff(s)~~ Madison Paul
**Eric Munas**, counsel for defendant(s) Board of County Commissioners for Hamilton County, Ohio, and Hamilton County DJFS,
**Katherine C. Baron**, counsel for defendant(s) City of Cincinnati,

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1.    CONSENT TO MAGISTRATE JUDGE

     Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

     ☐ Yes    ☒ No

2.    INITIAL DISCLOSURES

     Have the parties agreed to make initial disclosures?

     ☒ Yes    ☐ No    ☐ The proceeding is exempt under Rule 26(a)(1)(B).

     If yes, such initial disclosures shall be made by **8/29/25**.

3. <u>VENUE AND JURISDICTION</u>

   Are there any contested issues related to venue or jurisdiction?

   ☐ Yes   ☒ No

   If yes, describe the issue(s) : _____
   _____
   _____
   _____
   _____

   If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by _____ .

4. <u>PARTIES AND PLEADINGS</u>

   a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by **12/18/25** .

   b. If the case is a class action, the parties agree that the motion for class certification shall be filed by _____ .

5. <u>MOTIONS</u>

   a. Are there any pending motions?

   ☐ Yes   ☒ No

   If yes, indicate which party filed the motion(s) and identify the motion(s) by name and docket number: _____ .

   b. Are the parties requesting expedited briefing on the pending motion(s)?

   ☐ Yes   ☒ No

   If yes, identify the proposed briefing schedule:
   _____
   _____
   _____
   _____

   Opposition brief to be filed by _____. Reply brief to be filed by _____.

2

6. <u>ISSUES</u>

Jointly provide a brief description of the case, including causes of action set forth in the Complaint, and indicate whether there is a jury demand: Plaintiffs' claims against Officer Hooven, Ms. Paul, and Hamilton County arise under 42 USC §1983, and the 1st and 14th Amendments. Plaintiffs also allege Ohio tort claims against Officer Hooven for IIED and wrongful intrusion; and against Ms. Paul for wrongful intrusion. Defendants deny Plaintiffs' allegations. Plaintiffs demand a jury trial. Ms. Paul alleges crossclaims against Officer Hooven for defamation and contribution; and against the County for the cost of her defense, declaratory judgment under ORC 2721.01, et seq., indemnity, and contribution. The County denies Ms. Paul's crossclaims. Officer Hooven alleges a crossclaim for declaratory judgment under ORC 2744.07(A) and (B) against the City for the cost of his defense. The City denies Officer Hooven's claim.

7. <u>DISCOVERY PROCEDURES</u>

a. The parties agree that all discovery shall be completed by 6/26/26. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date. If the parties have a discovery dispute, they are directed to attempt to resolve the matter extrajudicially in person or by telephone (not merely by exchanging written communications). If that attempt is unsuccessful, the parties are to contact Judge Dlott's Courtroom Deputy by calling chambers (513-564-7630) or emailing chambers (dlott_chambers@ohsd.uscourts.gov) to request a discovery conference. Discovery dispute motions cannot be filed without leave of the Court.

b. Does discovery need to be bifurcated or conducted in phases?

☐ Yes   ☒ No

If yes, describe the discovery procedures sought: The parties believe that discovery into the facts underlying (a) Plaintiffs' constitutional claims, tort claims, and claims for damages, and Defendants' defenses to the same; (b) Ms. Paul's crossclaims and claims for damages, and the defenses of Officer Hooven and the County to the same; (c) Officer Hooven's qualified immunity defense, and Plaintiffs' objections to the same, (d) Officer Hooven's crossclaims and claims for damages against the City, and the City's objections to the same, should be done concurrently. The parties don't anticipate any other issues, but will promptly advise the Court if they arise.

c. Do the parties anticipate production of ESI?

☒ Yes   ☐ No

If yes, describe the protocol for such production: The parties anticipate that they will produce ESI in various formats, including withtout limitation, .Doc, .PDF, .Exl, .jpg, .tiff, ocr, .eml, .sms, .txt, social media, and other typical formats. The parties agree that they will preserve all such materials and produce them in their native formats, and/or a common format, subject to claims of privilege and other recognized objections. The parties don't currently anticipate any issues with the preservation and production of ESI, but will promptly advise the Court if they arise.

d. Do the parties request any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules?

☐ Yes   ☒ No

3

      If yes, describe the changes requested and identify by which party:

_____
_____
_____
_____

    e.    Do the parties intend to seek a protective order or clawback agreement?

      [X] Yes    [ ] No

If yes, such order or agreement shall be produced to the Court by __10/17/25__. Any protective order must comply with *Shane Group v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). Approved forms for protective order can be found on the website for the Southern District of Ohio at https://www.ohsd.uscourts.gov/ohio-southern-district-forms.

8.    <u>DISPOSITIVE MOTIONS</u>

    a.    Any dispositive motions shall be filed by _____.

    b.    Are the parties requesting expedited briefing on the dispositive motions?

      [ ] Yes    [X] No

If yes, identify the proposed expedited briefing schedule:

Opposition brief to be filed by _____. Reply brief to be filed by _____.

9.    <u>EXPERT TESTIMONY</u>

    a.    Primary expert reports must be produced by __4/17/26__.

    b.    Rebuttal expert reports must be produced by __5/17/26__.

10.    <u>SETTLEMENT</u>

The Court's Standing Order on Civil Procedures requires the parties to engage in settlement discussions prior to the Preliminary Pretrial Conference.

    a.    Did Plaintiff make an initial written settlement demand by no later than the date of the Rule 26(f) discovery conference?

    [X] Yes    [ ] No

b. Did Defendant respond in writing to the settlement demand by no later than the date of the filing of this Rule 26(f) Report.

[X] Yes  [ ] No

c. No later than three (3) business days prior to the Preliminary Pretrial Conference, each party must submit to the Court's email at dlott_chambers@ohsd.uscourts.gov an *ex parte* letter, not to exceed five (5) pages, giving a brief synopsis of the case and explaining the status of settlement negotiations. These letters will be held in confidence by the Court, should not be filed with the Clerk's Office, and may be but do not have to be exchanged with opposing counsel.

11. <u>RULE 16 PRETRIAL CONFERENCE</u>

The Court will hold a Preliminary Pretrial Conference <u>in chambers</u> at a date to be set by the Court.

12. <u>OTHER MATTERS</u>

Indicate any other matters for the Court's consideration:
PLEASE SEE THE ATTACHED

Signatures:

Attorney for Plaintiff(s):

/s/Justin M. Whittaker
Counsel for Plaintiffs

Eric Munas
Counsel for the Hamilton County Defendants

Rebecca L. Simpson and Sephen E. Imm
Counsel for Madison Paul

Attorney for Defendant(s):

Katherine C. Baron
Counsel for City of Cincinnati

Zachary Gottesman and Robb Stokar
Counsel for Officer Hooven

Counsel for

Date: 8/20/25

5

**12. OTHER MATTERS**

(Continued)

Officer Hooven alleges that the City owes him a duty to defend him from Plaintiffs' Section 1983 claims. Ms. Paul alleges similarly re the Hamilton County Defendants. The parties therefore anticipate that the Court will schedule a joint hearing on the same 30 or more days after the close of discovery, and that it may require 30 to 45 days to rule. Therefore, the parties respectfully suggest that the Court should bifurcate a scheduling order and set a dispositive motions deadline based on the timing of the duty-to-defend hearings. To that end, the parties respectfully suggest that it may be helpful to the Court to instruct the parties to file a joint status report 45 to 60 days before the close of discovery to apprise it of any potential setbacks or issues that could delay the duty to defend hearings, and/or any other deadlines. Once the Court sets a deadline for dispositive motions, given the volume of overlapping claims, crossclaims, third-party claims, and defenses (including qualified immunity defenses), the parties request that the Court extend the deadline for responses from 21 days to 35 days; the deadline for replies from 14 days to 21 days; and the page length limitation from 20 pages to 30 pages without requiring leave.