IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Brendon Taylor, *et al.*, | : | |
| | : | Case No. 1:24-cv-204 |
| Plaintiffs, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion for TRO and |
| Jesse Lee Anthony Hooven, *et al.*, | : | Preliminary Injunction |
| | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiff Holly Hooven's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure. (Doc. 109.) Holly Hooven asks this Court to issue a TRO and injunctive relief staying the enforcement of an October 29, 2025 decision issued by Judge Betsy Sundermann in the domestic relations lawsuit between Plaintiff Holly Hooven and Defendant Jesse Hooven, *Hooven v. Hooven*, No. DR1801899 POST (Hamilton Cnty, Ohio C.P.). (Doc. 108 at PageID 964–988.) For the following reasons, the Court will **DENY** the Motion for TRO without further briefing.

I.

In the October 29, 2025 decision, Judge Sundermann terminated a shared custody agreement between the Hoovens, designated Jesse Hooven as the residential parent and custodian of the Hooven children, and found Holly Hooven to be in contempt of court on several matters. (Doc. 108 at 980–984.) Holly Hooven moves the Court to issue a TRO and injunctive relief enjoining the decision to the extent that Judge Sundermann found her to be in contempt for violating an order to not disclose Jesse Hooven's residential address. (Doc. 109 at PageID 989, 1009; Doc. 108 at PageID 971–972, 979.) Judge Sundermann found that Holly Hooven violated

1

that order when her legal counsel, Justin Whittaker, disclosed Jesse Hooven's residential address in this federal lawsuit on July 15, 2024.  (Doc. 108 at PageID 971–972, 979.)  Attorney Whittaker disclosed the address in a filing asking the Clerk of Court to issue a service of summons to Jesse Hooven at his new residence.  (Doc. 29.)

Holly Hooven filed a notice of appeal in state court challenging Judge Sundermann's decision on November 26, 2025.  (Doc. 109 at PageID 995.)  She then filed the pending Motion for TRO in this federal suit on December 1, 2025.

## II.

Holly Hooven argues in the pending Motion for TRO that the Court should enjoin Judge Sundermann's decision because finding her in contempt for attempting to serve a civil summons upon Jesse Hooven at his residential address violated her First Amendment rights.  The Court need not address the substantive merits of that argument because the Court will abstain from interfering in the on-going domestic relations litigation in state court for prudential reasons.

Holly Hooven argues that the Anti-Injunction Act, 28 U.S.C. § 2283, does not preclude the Court from enjoining Judge Sundermann's decision.  The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  "[T]he Anti-Injunction Act creates an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions."  *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004) (internal quotation and citation omitted).  42 U.S.C. § 1983, by which Holly Hooven seeks to enforce her First Amendment rights, is "an Act of Congress that falls within the 'expressly authorized' exception" of the Anti-Injunction Act.  *Mitchum v. Foster*,

2

407 U.S. 225, 242 (1972). So Holly Hooven is correct that the Anti-Injunction Act does not prohibit the Court from deciding the Motion for TRO on the merits.

However, the Supreme Court instructed in *Mitchum* that even if the Anti-Injunction Act does not apply, a district court must consider "the principles of equity, comity, and federalism" when deciding whether to enjoin a state court proceeding. *Id.* at 243. "There is a general presumption that state courts are competent to protect federal rights." *Fazel v. Morgantown Bank & Tr. Co.*, No. CIV.A. 1:98-CV-142-R, 1998 WL 34077295, at *2 (W.D. Ky. Dec. 14, 1998) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982)). The abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), is relevant here. The Sixth Circuit has explained *Younger* abstention as follows:

> *Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. We look to three factors to determine whether a court should abstain from hearing a case under the *Younger* doctrine: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges."

*O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citations omitted). "If these conditions are satisfied, the court should abstain unless there is a showing of bad faith, harassment, or another extraordinary circumstance that makes abstention inappropriate." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013).

Holly Hooven did not address *Younger* abstention in her Motion for TRO. The Court readily concludes that *Younger* abstention applies here. All three criteria for *Younger* abstention are satisfied. First, there is a pending state court domestic relations case. Holly Hooven has filed a notice of appeal of Judge Sundermann's decision. (Doc. 109 at 995.) Second, "a domestic relations question involves an important state interest under . . . *Younger*." *Mackenzie v. Green*, No. 99-5955, 2000 WL 922110, at *2 (6th Cir. June 27, 2000) (citing *Kelm v. Hyatt*, 444 F.3d

3

415, 420 (6th Cir. 1995)).  Third, Holly Hooven has not rebutted the presumption that she can challenge the merits and constitutionality of the contempt finding in the pending state court appeal.  Accordingly, the Court will abstain under *Younger* from issuing a TRO or injunctive order that would interfere with the pending domestic relations lawsuit between the Hoovens.

## III.

For the reasons above, Plaintiff Holly Hooven's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 109) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge