IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Brendon Taylor, *et al.*, | : | |
| | : | Case No. 1:24-cv-204 |
| Plaintiffs, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Discovery Order |
| Jesse Lee Anthony Hooven, *et al.*, | : | |
| | : | |
| Defendants. | : | |

The Court held a discovery conference in this matter on May 5, 2026. All parties were represented by counsel. Prior to the conference, the Court received agendas prepared by counsel and submitted in letter form. During the discovery conference, the Court gave all parties the opportunity to identify contested discovery issues and to be heard on each issue. The Court hereby **ORDERS** as follows:

1. Justin Whittaker, counsel for Plaintiff, having failed to timely appear for the properly noticed deposition of Plaintiff Brendon Taylor, shall pay one hour of attorney's fees each, at the appropriate hourly rate, to the following: Katherine Baron, Shuva Paul, Mickey McClanahan, Zachary Gottesman, Dmitriy Bikmayev, Amanda Bent, and Eric Munas. Payment shall be made within thirty (30) calendar days of this Entry.

2. Within thirty (30) calendar days of this Entry, Justin Whittaker shall separately pay to Zachary Gottesman the amount of $300 for the court reporter fees associated with Mr. Whittaker's failure to timely appear at Plaintiff Brendon Taylor's properly noticed deposition.

3. On or before 11:59pm on May 8, 2026, Justin Whittaker shall provide to all defense

1

counsel executed HIPAA-compliant releases for Plaintiff Brendon Taylor, without alteration or amendment of the releases as they were delivered to Justin Whittaker.

4. On or before 11:59pm on May 8, 2026, Justin Whittaker shall provide fully executed verification pages to all written discovery directed to plaintiffs which have not yet been verified.

5. Plaintiff Brendon Taylor shall fully answer and verify his answer to Officer Hooven's Fourth Set of Interrogatories directed at Plaintiff Taylor within the time proscribed by the Federal Rules of Civil Procedure.

6. Plaintiff Holly Hooven shall personally appear immediately after the June 22, 2026 deposition of Brendon Taylor.  At the conclusion of Plaintiff Taylor's deposition, Holly Hooven's deposition shall be re-opened for the purposes of questioning how she was introduced to and retained Justin Whittaker as her legal counsel in this matter.  In answering deposition questions, Holly Hooven shall not be required to divulge information that is protected by the attorney-client privilege or the work-product doctrine.

7. If Brendon Taylor is asked at his deposition how he was introduced to and retained Justin Whittaker as his legal counsel in this matter, he shall fully and completely answer all questions related to same.  But Brendon Taylor shall not be required to divulge information that is protected by the attorney-client privilege or the work-product doctrine.

8. Justin Whittaker is prohibited from sending a subpoena to Barry Spaeth, Esq., unless Plaintiff secures leave of Court to do so.

9. Justin Whittaker shall provide Civ. R. 30(b)(6) Notices of Deposition to the City of Cincinnati and Hamilton County defendants on or before 11:59pm on May 15, 2026.

10. Justin Whittaker shall not be permitted to depose Teresa Theetge, former Chief of the

2

Cincinnati Police Department.

11. Depositions of the individuals below shall be held as of the date and time specified below.  All depositions shall begin at 10:00am.  All depositions shall be held at The Finney Law Firm 635 Main Street Cincinnati, Ohio.  This Entry shall constitute proper notice of the depositions below:

   a. Tara Resendiz-Trejo, June 8, 2026, Justin Whittaker shall arrange for the attendance of a Court Reporter

   b. Officer Jesse Hooven, June 10, 2026, Justin Whittaker shall arrange for the attendance of a Court Reporter

   c. Madison Paul, June 12, 2026, Justin Whittaker shall arrange for the attendance of a Court Reporter

   d. Brendon Taylor, June 22, 2026, Zachary Gottesman shall arrange for the attendance of a Court Reporter.  Holly Hooven's deposition shall be reopened at the conclusion thereof as directed in Paragraph 6, above.

12. All parties to this matter shall make certain at least one attorney representing such party is available starting at 10am and continuing thereafter on both June 24 and June 26, 2026, for the purposes of conducing the Civ. R. 30(b)(6) depositions of the representatives from Hamilton County and the City of Cincinnati.  The depositions shall occur at The Finney Law Firm, 635 Main Street, Cincinnati, Ohio.

13. Any issues raised in the joint discovery conference agendas submitted by Justin Whittaker and Zachary Gottesman on April 29, 2026, that are not specifically addressed in this Agreed Entry are hereby deemed to have been voluntarily withdrawn and thus waived.

3

14. Plaintiff's objections to the subpoena served upon ODJFS (Doc. 119) are overruled and Defendants may serve a substantially similar subpoena upon the Ohio Department of Children & Youth as the custodian of records for the SACWIS database.

15. The Scheduling Order is amended as follows:

   a.  Plaintiff's expert reports must be exchanged on or before July 17, 2026.

   b.  Rebuttal expert reports must be exchanged on or before August 14, 2026.

   c.  The discovery cutoff date is September 18, 2026, including expert depositions.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott

Susan J. Dlott
United States District Judge