DEFENDANT'S EXHIBIT 1 MKS 4-6-26

PENGAD 800-631-6989

**COURT OF COMMON PLEAS**
**DIVISION OF DOMESTIC RELATIONS**
**HAMILTON COUNTY, OHIO**

| | | |
|---|---|---|
| **HOLLY PRATT HOOVEN** | : | **Case No.** DR 1 8 0 1 8 9 9 |
| **Petitioner** | : | **JUDGE:** ____________ |
| | : | **MAGISTRATE:** ____________ |
| **and** | : | |
| **JESSE LEE ANTHONY HOOVEN** | : | **SEPARATION AND PROPERTY SETTLEMENT AGREEMENT** |
| **Petitioner** | : | |

**THIS AGREEMENT** is made by and between **Holly Pratt Hooven** (hereafter referred to as "Wife"), and **Jesse Lee Anthony Hooven,** (hereafter referred to as "Husband"); Wife and Husband are sometimes hereafter referred to individually as "Party" and collectively as "Parties".

**WHEREAS,** the Parties hereto were married in Cincinnati, Ohio, and two (2) children were born of the Parties and herein consider the issue of the marriage being; Willow Kingsley Hooven, age two (2) D.O.B. 8/22/2016 and Aiden Lee Anthony Hooven, an infant, D.O.B. 9/4/2018. Wife is not now pregnant.

**WHEREAS,** irreconcilable differences have arisen between the Parties and in consequence thereof, they have separated and are now living separate and apart;

**WHEREAS,** the Parties express and confirm their intention to terminate their marriage; and,

**WHEREAS,** the Parties desire to completely settle and determine (a) past, present and future spousal support of each Party; (b) custody, visitation and support of the minor child; (c) the right of any and all property, real and personal whether separate property or marital property; and

(c) all of the benefits and privileges conferred and all obligations imposed on each by virtue of their marriage relationship or otherwise.

**NOW THEREFORE,** in consideration of the foregoing premises and mutual promises and undertakings hereinafter specified, the Husband and Wife agree as follows:

1. **SEPARATION.** The Parties shall continue to live separate and apart from each other. Each of them releases the other from all duties of cohabitation and fidelity. Each Party agrees not to molest, annoy, interfere with or harass the other in any manner whatsoever.

2. **EFFECT OF RECONCILIATION.** If the Parties reconcile after the date of the execution of this Agreement, this Agreement shall nevertheless continue in full force until it is modified or abrogated by another written instrument to that effect signed by each of the Parties.

3. **DISCLOSURE.** Each Party acknowledges and attests as follows:

A. That prior to the execution of this Agreement, he or she has fully and completely disclosed to the other Party, the identification and location of any and all assets in which that Party has an interest (whether said asset is separate or marital, titled in his or her individual name, jointly, or any other manner);

B. That prior to the execution of this Agreement, he or she has fully and completely disclosed to the other Party, all debts and obligations incurred by that Party, whether solely, jointly, contingently, or in any other manner;

C. That each Party's full disclosure is a material consideration of this Agreement; and,

D. That in reliance upon this full disclosure, each of the Parties knowingly and voluntarily waives his or her right to discovery available in a divorce action.

4. **SPOUSAL SUPPORT.** Neither Party shall pay spousal support to the other now or in the future.

5. **ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES.** It is agreed that Wife and Husband shall have joint custody for the care of the minor children of the Parties, being; Willow Kingsley Hooven, age two (2) and Aiden Lee Anthony Hooven, an infant, in that the Parties shall have custody as set forth in the Shared Parenting Plan. The Parties specifically acknowledge the Court's jurisdiction to resolve any issues of child support and/or time allocation that may occur in the future.

6. **DIVISION OF PROPERTY.** All property, personal and real, and wherever situated, which the Parties own separately or jointly or in common with each other, or in which either Party has any interest or control, shall be divided as follows:

A. **REAL PROPERTY.** The parties own marital real estate located at 5562 Fawn Wood Ln. Cincinnati, Ohio 45247 which is encumbered by a mortgage in both parties' names. Husband is currently residing in the home. During the time he is residing there, Husband shall be responsible for all expenses for the home, including but not limited to, all living expenses, utilities, mortgage payments, property taxes, and repairs. The parties agree that this residence shall be sold and placed for sale with an agreed upon certified realtor by November 1, 2018. The parties shall mutually agree upon a sale price that reflects the value of the residence. The parties shall agree upon any necessary repairs that are essential to sell the home. When the home is ultimately sold the parties shall evenly divided the expenses, fees, commissions, and/or equity or liability associated with the sale of the home. There is no other marital real estate.

B. **MOTOR VEHICLES.** Each Party shall retain any motor vehicle currently in

their possession. Both Parties shall be solely responsible for any debt or liability for any motor vehicle currently in their own possession and shall hold the other Party harmless therefrom. Each Party shall provide their own car insurance and be responsible for all costs and expenses associated with his or her own respective vehicle.

C. **HOUSEHOLD GOODS, FURNISHINGS & PERSONAL PROPERTY.** All personal property shall be divided and exchanged between the Parties to their satisfaction. If they are unable to agree upon distribution of any item, they shall prepare a master list of items in dispute and shall flip a coin for each item or use alternate selection in order to divide the items.

7. **FINANCIAL ACCOUNTS.**

The Wife shall retain, free and clear of any claim by Husband, all right, title and interest in all checking, savings, or investment accounts in her individual name and Husband shall retain, free and clear of any claim by Wife, all right, title and interest in all checking, savings, or investment accounts in his individual name.

8. **DEBTS AND OBLIGATIONS.** Each party shall be solely responsible for any credit card debts opened primarily in his or her own name and all other debt primarily in his or her own name, except for any specific debts mentioned otherwise herein.

The Parties agree that each respective party shall be exclusively responsible for any debt or liability incurred in his or her name after the signing of this Agreement. The Parties agree to indemnify and hold each other harmless from any debt or liability incurred in his or her name after the signing of this Agreement. Further, neither Wife nor Husband shall incur any debts or obligations upon the credit of the other after the signing of this Agreement, and each shall indemnify and save the other absolutely harmless from any debt or obligation so charged or otherwise incurred.

The Parties represent there are no other marital debts.

9. **EQUALIZATION OF PROPERTY**

The Parties did not obtain valuations or examine tracing issues for the assets. The Parties have taken into consideration the equity in the real estate and the outstanding marital debt and have determined this amount is an equalization of such responsibilities.

10. **RETIREMENT ACCOUNTS/EMPLOYMENT BENEFITS**. The Wife shall retain, free and clear of any claim by Husband, all right, title and interest in any retirement account or pension in her individual name and Husband shall retain, free and clear of any claim by Wife, all right, title and interest in any retirement account or pension in his individual name.

11. **COURT COSTS AND ATTORNEY FEES**. Wife shall be responsible for initial court costs and her own attorney's fees. Both Parties were encouraged to seek legal review of this agreement.

12. **TAXES.** The parties agree that Wife shall claim the minor children as tax exemptions every year. Husband agrees to sign all forms required by the IRS regulations in order to effectuate these provisions. The parties shall file separate tax returns for 2018 and all years thereafter.

13. **MUTUAL RELEASES**. Except as hereinbefore otherwise provided, each Party hereby releases and discharges completely and forever the other from any and all rights of past, present and future support, division of property, right of dower, right to act as administrator or executor in the estate of the other, right of distributive share in the other's estate, right of exemption in the estate of the other, or any other property and other rights, benefits or privileges accruing to either Party by virtue of said marriage relationship, and any business relationship between the Parties whether the same arises out of tort, contract, statutory law, the common law of Ohio, or any

other state of the United States. It is the understanding between the Parties that this Agreement, except as otherwise provided herein, forever and completely terminates, any and all rights, claims, privileges and benefits that each now has, or each may have reason to believe each has against the other, arising out of said marriage relationship, any business relationship between the Parties and otherwise whether the same arises out of tort, contract, the laws of the State of Ohio, or any other state, or of the United States, and which are now, or which may hereafter be, in force and effect.

14. **SEVERABILITY**. If any provision or clause of this Agreement or application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of this Agreement that can be given effect without the invalid provisions or application, and to this end the provisions of this Agreement are declared to be severable.

15. **MODIFICATION OF AGREEMENT**. This Agreement shall not be altered, changed or modified, except that it be done in writing, signed by both Parties and no oral or parole evidence shall be considered by a Court of competent jurisdiction in construction of the Agreement.

16. **ENTIRE AGREEMENT**. Each Party fully understands all of the terms herein set forth, and that all of said terms represent and constitute the entire understanding between them, and that each has thoroughly read this Agreement and finds the same to be in accordance with his or her understanding; each Party does voluntarily execute this Agreement and affix his or her signature hereto in the presence of the witnesses indicated below.

17. **LAW APPLICABLE**. All of the provisions of this Agreement shall be construed and enforced in accordance with the applicable laws of the State of Ohio.

18. **ADVICE OF COUNSEL**. Both Husband and Wife acknowledge that they had the right and opportunity to seek advice of legal counsel of their own choosing free of any interference from the other. Wife is represented by M. Erin Wilkins and Husband has chosen to proceed without

counsel.

19. **NON-USE OF OTHER'S CREDIT.** Neither Husband nor the Wife shall hereafter incur any debt or obligation upon the credit of the other and each shall indemnify and save the other absolutely harmless from any debt or obligation incurred.

20. **RIGHT TO CURE BREACH.** In the event either Party assumes the debt of the other and agrees to hold the other harmless for that debt, but fails to do so, the non-breaching Party, may at his/her option, elect to cure the breach in any reasonable manner that he/she chooses. Such cure of the breach shall in no way limit the obligation of the breaching Party to his/her obligations assumed in this Agreement, and cure by the non-breaching Party shall not be a defense to any action, contempt or otherwise, maintained against the breaching Party.

21. **PERFORMANCE OF NECESSARY ACTS.** Each Party shall execute any and all deeds, mortgages, promissory notes, titles, bills of sale, endorsements, forms, conveyance or other documents, and perform any act that may be required or necessary to carry out and effectuate any and all of the purposes and provisions herein set forth. Upon the failure of either Party to execute and deliver any such deed, mortgage, promissory note, title, bill of sale, endorsement, form, conveyance or other document to the other Party when due, this Agreement shall constitute and operate as such properly executed document.

The County Auditor, County Recorder and any and all other public and private officials are authorized and directed to accept this Agreement or a properly certified copy hereof in lieu of the document regularly required for the conveyance or transfer.

22. **INCORPORATION INTO DECREE.** This Agreement, and all its terms and provisions shall be adopted by said Court and the final decree entered in such proceedings.

23. **BINDING EFFECT.** The Parties agree that if an action for dissolution of the

marriage, divorce, or legal separation is hereafter filed and/or for any reason is withdrawn or dismissed, it is intended by the Parties that this Agreement shall, nonetheless, remain in full force and effect and be binding upon both Parties upon execution hereof, their heirs, executors, administrators, next of kin and assigns.

24. **WAIVER.** The Parties hereby knowingly and voluntarily waive any and all findings of fact required pursuant to Ohio Revised Code 3105.71(B) and (G) pertaining to the evaluation of each item of property for purposes of equitable distribution of same; the Parties further knowingly and voluntarily waive a determination as to whether said property, or any part thereof, is separate or marital property as said terms are defined in Ohio Revised Code 3105.71(A); and, the Parties agree that the distribution of property in this Separation Agreement, while if not precisely equal, is in fact equitable and in accord with their agreement.

25. **DURATION OF THE MARRIAGE.** For all purposes herein, the duration of the marriage is defined from the date of the Parties' marriage, to the effective date of this Separation Agreement.

26. **EFFECTIVE DATE.** The effective date of this Agreement shall be the date that it is executed by both Parties.

**IN WITNESS WHEREOF,** the Parties hereto have affixed their signatures upon the date indicated below.

| | |
|---|---|
| **Holly Pratt Hooven** | **Jesse Lee Anthony Hooven** |

COMMONWEALTH OF ~~KENTUCKY~~ Florida )
) SS.
COUNTY OF ~~CAMPBELL~~ St. Johns )

I hereby swear that Holly Pratt Hooven appeared before my on this 03 day of October, 2018 and swore and subscribed in my presence.

Notary Public

My Commission expires: 2/21/21

CHERRIE DYE
Notary Public - State of Florida
Commission # GG 075356
My Comm. Expires Feb 21, 2021

COMMONWEALTH OF KENTUCKY )
) SS.
COUNTY OF CAMPBELL )

I hereby swear that Jesse Lee Anthony Hooven appeared before me on this 9th day of October, 2018 and swore and subscribed in my presence.

Notary Public

M. Erin Wilkins
Notary Public, ID No ~~[illegible]~~ 578515
State at Large, Kentucky
My Commission Expires on 5/18/21

My Commission expires: 5/18/21

Prepared by:

M. Erin Wilkins (0077988)
*Attorney for Petitioner/Wife*
510 Washington Ave.
Newport, Kentucky 41071
P (859) 491-1100
F (859) 491-5331
erin@ewilkinslaw.com