## SECTION NINE – DISCIPLINARY PROCESS

9.01 The supervisor's portion of the Citizen's Complaint Form shall outline the allegations, identifying principals and witness, and provide information developed as a result of any preliminary investigation.

9.02 A supervisor may initiate a request for disciplinary action or a request for an investigation as a result of personal knowledge or information from another source. In such cases, the request will be routed through the normal chain of command unless such routing would jeopardize the information or investigation. In any such cases, the request may be given directly to any person in the chain of command. Any supervisor can issue a written reprimand subject to review and approval by the affected Office commander.

A. The following table illustrates the authority attendant to each level of supervision and command relative to disciplinary actions.

| | *Corrective Actions* | *Request Written Reprimand* | *Issue Written Reprimand* | *Suspension** | *Demotion** | *Dismissal** | *Withdrawal of Outside Work Privileges* |
|---|---|---|---|---|---|---|---|
| *Sergeant* | X | X | | | | | |
| *Lieutenant* | X | X | | | | | |
| *Captain* | X | X | | | | | |
| *Assistant Chief* | X | X | X | | | | |
| *Chief* | X | N/A | X | X* | X* | X* | X |

*** Pending review by City Manager**

9.03 Any member who is the subject of a formal investigation shall be notified of the investigation by the Internal Investigations Section, unless such notification would jeopardize and/or hinder the investigation.

9.04 In addition to notifying the member who is the subject of the investigation, the Internal Investigations Section will notify the member's commander and the Department Advocate regarding the investigation.

9.05 A copy of the Citizen Complaint Form shall be routed in accordance with current procedures. A notation in the blotter will be placed, advising the receipt of the complaint, denoting the name of the complaining citizen, and who delivered the complaint to the unit responsible for conducting the internal investigations, unless such notation would hinder the complaint investigation.

A. All complaints handled through the Citizen Complaint Resolution Process shall be recorded in accordance with current procedures.



PENGAD 800-631-6989 DEPOSITION EXHIBIT 2 KL 10/1/26 Caton

9.06 At the direction of the Police Chief, a complaint may be investigated either by the Internal Investigations Section or the alleged violator's unit.

A. In any interrogation conducted by the Police Department Internal Investigations Section or similar Police Department unit, an accused member shall have the right to tape record his entire interrogation, including comments prior to and following the actual questioning. The interrogation shall not be unreasonably delayed because of the request for a tape recording.

B. Upon completion of the investigation, the investigating officer will prepare a report detailing his/her findings. The report will include recommendations for the type of closure and action, if any, to be initiated. It will also contain all statements, photographs, and other pertinent materials with a final recommendation to the Police Chief for action and closure.

9.07 The complaint investigation can result in any of the following types of closures:

A. SUSTAINED - Where the allegation is supported by sufficient evidence to determine that the incident occurred, and the actions of the officer were improper.

B. NOT SUSTAINED - Where there are insufficient facts to decide whether the alleged misconduct occurred.

C. EXONERATED - Where a preponderance of the evidence shows that the alleged conduct did occur but did not violate policies, procedures, or training.

D. UNFOUNDED - Where the investigation determined no facts to support that the incident complained of actually occurred.

E. SUSTAINED-OTHER - Sustaining of violation or misconduct other than the allegation of the original complaint.

9.08 The Internal Investigations Section will notify the member and his commander of the disposition of the complaint within five (5) days of the date the complaint is closed.

9.09 The prime objective of a Disciplinary Hearing is to afford administrative justice. It is an administrative process and is governed by administrative law, which dictates that the primary objective of the hearing is the furtherance of the public interest rather than the neutral arbitration of differences, which is the purpose of a court of law. Legal technicalities will not be permitted to defeat the achievement of this objective.

9.10 The Police Chief shall designate Department Hearing Officers. The Hearing Officers will conduct all Disciplinary Hearings held within the Department except when to do so would be in conflict of interest, e.g., close personal friend, officer of equal or superior rank, etc. In such case, the Police Chief will designate a different Hearing Officer or will conduct the hearing himself.

9.11 Under ordinary circumstances, the accused member will be served a copy of Form 36, Charge Sheet, at least five (5) days prior to the hearing date, indicating the charges preferred and a basic statement of the facts causing the charges to be filed.

The location, date, and time of the hearing will be included in the form. The unit responsible for conducting the internal investigations will be responsible for preparing the Form 36 and causing same to be served.

**NOTE**: In the case of Division I employees, the Union President will also be served with a copy of the Form 36, Charge Sheet.

9.12 It is not necessary to prepare formal charges and conduct a formal hearing if the hearing can be dealt with by issuing a written reprimand.

9.13 The subject of an investigation which results in a Disciplinary Hearing, or his designated representative, shall have the right to obtain a copy of any written or recorded statements the subject has given which are to be used in the Disciplinary Hearing, provided he makes a written request for such a copy prior to the hearing. The officer and/or his representative shall be provided a reasonable time after receiving the statement to review the materials prior to the hearing.

9.14 Any member of the Department who is required to appear at any hearing in his own defense may select another member of any rank, with such member's consent, and/or an attorney to accompany and represent him. However, any person who is required to participate in the hearing in any other capacity is prohibited from participating as the representative of a police officer who is the subject of the disciplinary hearing.

9.15 Any member being the subject of any hearing may have witnesses appear in his behalf. Also, any matters of mitigation may be presented to the Hearing Officer.

9.16 If the accused member desires to waive his right to legal representation and/or to present witnesses, he will be requested to sign a form indicating a waiver of those rights.

9.17 Either the Internal Investigations Section Commander or his designate will act as coordinator for hearings.

9.18 A written or taped record of all hearings conducted within the Police Department will be made and kept on file for ten (10) years. The record will be stored at the office of the Internal Investigations Section.

9.19 A prepared statement will be read concerning the authority and purpose of conducting the hearing.

9.20 The Charge Sheet with specifications against the accused will be read into the record.

9.21 The Hearing Officer will be permitted to question any witnesses and to call or recall any witnesses, as he may deem necessary.

9.22 The Hearing Officer will arrive at a decision to sustain or not sustain the charges and will notify the subject of the hearing when that decision is reached.

9.23 The recommendation, exclusive to the Hearing Officer and pending final approval, will not be disclosed to the officer who is being disciplined unless the recommendation is for dismissal. It shall be explained to the officer by the Hearing Officer that the recommendation may be amended in the review process, with final approval by the City Manager. The officer may have a representative or attorney present for this disclosure.

9.24 If the Hearing Officer determines that the charges are not sustained, no further action will be taken subject to review and approval by the Police Chief. This does not preclude counseling and/or training of a non-punitive nature.

9.25 The Hearing Officer will cause a report of the results of the hearing to be made in writing. The report must contain the following:

A. Time and date of the hearing.

B. Location of the hearing.

C. A list of those present at the hearing, including the identity of the person representing the employee.

D. The charges against the employee.

E. If the employee is not represented, a statement from the employee acknowledging his waiver of representation.

F. A statement from the supervisor documenting the charges.

G. A statement from the employee, should he wish to make a statement, concerning the charges.

H. The resolution of the charges and recommendation.

9.26 If the Hearing Officer sustains the charge(s), he will recommend either corrective measures or disciplinary action to the Police Chief. Recommendations may include:

A. Corrective Measures:

1. Referral to Public Employees Assistance Program (PEAP)

2. Oral Reprimand (documented via ESL)

3. Administrative Insight process

4. Training

B. Disciplinary Actions:

1.* Written Reprimand

2. Suspension

3. Demotion

4. Dismissal

5. Withdrawal of outside employment privileges when the outside employment is the subject matter of the disciplinary proceeding or action

**A copy of any written reprimand that is issued to a Division 1 employee must be given to the union steward who represents the employee.*

C. Any combination of Section A., and/or one from Section B.

9.27 The Internal Investigations Section will ensure the execution of the necessary documents and serve them on the member and also, when required, upon the union steward.

9.28 The Internal Investigations Section will ensure that the disciplinary documents are served on the member and will advise the member's unit commander and the Department Advocate of the sanction imposed. The member's unit commander will advise the Internal Investigations Section at the time the stipulated penalty has been completed whereupon the Internal Investigations Section will so notify the Police Chief.

9.29 The Police Chief may suspend an officer, without pay, pending review by the City Manager, based on the severity of the infraction, safety of the public, or potential for jeopardizing the reputation or objectives of the Police Department.

9.30 If the member is suspended, without pay, the City Manager shall review the cause of that suspension within five (5) calendar days of suspension.