**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **Brendon Taylor, et al.,** | : | **Case No. 1:24cv204** |
| | : | |
| **Plaintiffs,** | : | **Judge Susan J. Dlott** |
| | : | |
| **v.** | : | **Third-Party Defendant City of Cincinnati's Memorandum in Opposition to Plaintiff Brendon Taylor's Motion for Leave to Further Amend, or, in the Alternative, for Reconsideration of the Court's September 30, 2025 Corrected Order** |
| | : | |
| **Jesse Lee Anthony Hooven, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

Third-Party Defendant City of Cincinnati ("City") submits this memorandum in opposition to Plaintiff Brendon Taylor's motion (Doc. 141) for leave to further amend his complaint, or, in the alternative, for reconsideration of the Court's September 30, 2025 Corrected Order. For the reasons set forth herein, the Court should deny his motion seeking to reinstate his municipal liability claim against the City.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

*/s Shuva J. Paul*
Shuva J. Paul (0088484)
Katherine C. Baron (0092447)
Senior Assistant City Solicitors
801 Plum Street, Suite 214
Cincinnati, Ohio 45202
(513) 352-4551
shuva.paul@cincinnati-oh.gov
katherine.baron@cincinnati-oh.gov
*Trial Attorneys for Defendant City of Cincinnati*

# MEMORANDUM IN OPPOSITION

## I. SUMMARY

Discovery ended four weeks ago. (Doc. 135). During discovery, facts emerged ending Plaintiffs' chances of surviving summary judgment on their Section 1983 claims, including facts proving that Defendant Madison Paul knew that Defendant Officer Jesse Hooven lacked a legitimate law enforcement basis to investigate Plaintiff Brendon Taylor ("Taylor"). Any disclosures of confidential information were driven by their purely personal motives. Officer Hooven did not purport to be acting under a Memorandum of Understanding between County and City. Paul, fearful of being disciplined, hid her actions from her employer. Instead of acknowledging these facts in his motion, Taylor omits them entirely. The pending duty-to-defend motions summarize the facts that Taylor omits. (Docs. 155, 156).

Taylor's omissions matter because, without a constitutional injury attributable to Officer Hooven, i.e., one in which he acted under color of law, no *Monell* claim against the City may arise. In addition to having to show a constitutional injury, Taylor must show that the City endorsed, ratified, or acquiesced in that unconstitutional conduct. Taylor can satisfy neither requirement for a *Monell* claim. Desperate to remain in federal court, Taylor wants the Court to let him pursue judgment against the City without having to show that Officer Hooven acted unlawfully under color of law. Rather than permit Taylor to drag this litigation out even longer at this late juncture, the Court should do three things: deny leave to further amend; construe Taylor's motion for leave as a Rule 54(b) motion for reconsideration of the Court's September 30, 2026 Corrected Order; and deny Taylor's motion, either forthwith or after the Court rules on a) the two pending duty-to-defend motions (Docs. 155, 156); and b) the dispositive motions that are scheduled to be filed 45 days after that according to the Court's current scheduling order. (Docs. 118, 135).

## II. KEY FACTS

Taylor seeks reinstatement of his Fourteenth Amendment *Monell* claim (Count IV) against the City. The relevant order dismissing that claim is the Court's September 30, 2025 Corrected Order Granting in Part Plaintiffs' Motion for Reconsideration and Amending in Part January 3, 2025 Dismissal Order. ("Corrected Order," Doc. 103). In that order, the Court concluded that it had *correctly dismissed the municipal liability claims* despite concluding that the constitutional claims against Officer Hooven should be permitted to proceed. The Court stated the following about the claims against Officer Hooven:

> The Court concludes upon reconsideration that Plaintiffs pleaded sufficient facts to state plausible claims that Officer Hooven acted under the color of state law when he requested Ms. Paul to query Mr. Taylor in SACWIS and then disseminated the confidential information to Ms. Hooven. The Court erred in dismissing Counts 1 and 3 based on the lack of state action defense as to these allegations.

(Doc. 103, PageID 932-33).

In a footnote, the Court made it clear why, upon reconsideration, it was allowing the constitutional claims against Officer Hooven to proceed. The footnote essentially offered Plaintiffs a blueprint on what needed to be fleshed out to muster support for their claims:

> Plaintiffs specifically incorporated into the First Amended Complaint Ms. Paul's allegation that Officer Hooven served as a police officer when he made the request. The fact that Ms. Paul told the CPD Internal Investigations Service that she knew Officer Hooven lacked a legitimate law enforcement basis to investigate Mr. Taylor *creates a question of fact to be fleshed out during discovery and resolved later*.

(Doc. 103, PageID 932) (emphasis added).

Thus, the expectation was that Plaintiffs would use discovery to flesh out that exact question of fact: Did Paul know that Officer Hooven lacked a legitimate law enforcement basis to investigate Taylor? Or was she led to believe she was assisting with a City investigation? As the Court put it in its earlier holding:

> The Court too tightly conflated Officer's Hooven's alleged motive—to interfere with and retaliate against Plaintiffs for their intimate relationship—with the legal issue of whether he possessed state authority *and purported to act under that authority*.

(Doc. 103, PageID 931) (emphasis added).

Taylor ignores the need to show that Officer Hooven purported to act under state authority. He acts here as if simply alleging that there is no department-wide training on State databases or the MOU is sufficient to restore his *Monell* claim. (Doc. 141, PageID 1969.) This is not how he may advance a *Monell* claim. In that same Corrected Order, the Court reaffirmed its earlier holding dismissing Plaintiffs' *Monell* claims, reasoning as follows:

> Plaintiffs failed to plead facts to plausibly allege that the City endorsed, ratified, or acquiesced in Officer Hooven's alleged wrongdoing, had a policy or practice of supporting similar wrongdoing, or failed to train on the proper procedure under the Memorandum of Understanding.

Doc. 103, PageID 939).

This passage did not relieve Taylor from also, as a prerequisite for any *Monell* claim, having to prove a *constitutional* injury. Given the developed record, he cannot do so. In his pending motion, Taylor claims he has found the evidence he needs to not only proceed against Officer Hooven but also against the City. But what he does not share with the Court is what discovery revealed about the most important question of fact he was tasked with exploring: whether Paul knew Officer Hooven lacked a legitimate law enforcement basis to investigate Mr. Taylor. (Doc. 141, PageID 1967-68).

What discovery revealed about that question was this: during the time Paul was disclosing that protected information concerning Taylor to her paramour Officer Hooven, *she was hiding her actions from her employer*. She did so because she knew Officer Hooven was not acting pursuant to any City investigation. Were her employer to find out, she was afraid she would be disciplined

or terminated. She memorialized her fears during that time with texts to Officer Hooven such as "I told you nothing by the way lol," and "[i]f I'm asked I don't even know who you are." (Doc. 140, PageID 1948). The Memorandum of Understanding ("MOU") between the County and the City that Plaintiffs contend facilitated Paul and Hooven's illicit actions *never even entered the picture*. The record as now developed is summarized in the two pending duty-to-defend motions filed by the City and the County. (Docs. 155, 156). The Court has also directed that any dispositive motions are to be filed within 45 days of its ruling on those duty-to-defend motions. (Docs. 118, 135). Taylor will have an opportunity at that juncture to dispute any facts he wishes to dispute.

## III. ARGUMENT

At this late juncture, well after the close of discovery and more than two and a half years after commencing his action, Taylor now seeks to amend his complaint for a second time. He has filed over a hundred pages of attachments and exhibits to his motion. (Docs. 141, 142, 143, 136, 136-1 through 136-6). Taylor contends his motion for leave to amend does not require a showing of good cause because he is not seeking to alter the scheduling order and because the Court never set a deadline by which he had to amend. (Doc. 141, PageID 1964).

Taylor mischaracterizes where things stand at present. Pending are two timely filed duty-to-defend motions, one by the City, one by the County. (Docs. 155, 156). Dispositive motions are due to be filed 45 days from the date the Court issues decisions on the duty-to-defend motions. (Doc. 118). The scheduling order is necessarily and adversely impacted by Taylor's motion. Therefore, good cause is required here.

But Taylor cannot show good cause as his motion is really a Rule 54(b) motion for reconsideration. His stated objective is for the Court to reconsider its dismissal of his *Monell* claim. He states he does not want to conduct further discovery. (Doc. 141, PageID 1966). The Corrected

Order that reaffirmed that dismissal is an interlocutory order, not a final order. (Doc. 103.) The Court viewed it as such, and so did the Sixth Circuit in rejecting Plaintiffs' appeal. (Sixth Circuit Decision, Doc. 131, PageID 1284-86; see also Doc. 103, PageID 939-40). Because the Corrected Order is not a final order, it "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FRCP 54(b). Taylor's motion should be construed therefore, as a Rule 54(b) motion for reconsideration—a meritless one at that—but not as a motion for leave to amend.

Ultimately, Taylor's motion is meritless because he cannot satisfy the standard for reconsideration. Courts can reconsider interlocutory orders on the basis of "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F.App'x 949, 959 (6th Cir. 2004). Taylor claims new evidence, but all he has done here is offer irrelevant facts about the City's training practices and disciplinary procedures—without addressing the key question he was tasked with: whether Paul knew Officer Hooven lacked a legitimate law enforcement basis to investigate Mr. Taylor. (Doc. 141, PageID 1967-68).

As set forth in the two pending duty-to-defend motions, Paul knew there was absolutely no legitimate law enforcement reason behind Hooven's desire for confidential information about Taylor. This is why she memorialized her fears during that time with texts to Officer Hooven such as "I told you nothing by the way lol," and "[i]f I'm asked I don't even know you are." (Doc. 140, PageID 1948). Paul also told CPD's Internal Investigation Section that she understood that Officer Hooven's request to look up Taylor in SACWIS was not within his police duty. (Doc. 140, PageID 1909). Instead of acknowledging this evidence, Taylor opts for "smoke and mirrors." If Officer Hooven did *not* purport to use his authority under the MOU—and Paul's testimony now adds

further proof that he did not—then Plaintiffs cannot satisfy the color-of-law requirement for state action, as the Court clearly explained in its Corrected Order. (Doc. 103, PageID 929-31). Taylor's motion is a transparent attempt to circumvent both established law and the law of the case.

## IV. CONCLUSION

Taylor's omission of the key evidence central to this case from his motion illuminates the meritless nature of his motion, which should be denied.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

*/s Shuva J. Paul*
Shuva J. Paul (0088484)
Katherine C. Baron (0092447)
Senior Assistant City Solicitors
801 Plum Street, Suite 214
Cincinnati, Ohio 45202
(513) 352-4551
shuva.paul@cincinnati-oh.gov
katherine.baron@cincinnati-oh.gov
*Trial Attorneys for Defendant City of Cincinnati*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed on November 12, 2026 with the Clerk of Courts via the CM/ECF system. Notice of this filing was sent to all parties by operation of the Court's electronic filing system, and copies were caused to be mailed to all parties not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s Shuva J. Paul*
Shuva J. Paul (0088484)